# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF INDIANA

ORLANDO CORDIA HALL,        )
           )
        Petitioner,      )  Case No. 17CV 176
           )
    v.         )
           )
CHARLES DANIELS, WARDEN, UNITED  )
STATES PENITENTIARY, TERRE HAUTE,  )
           )
        Respondent.     )
           )

## PETITION FOR WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. § 2241

## THIS IS A CAPITAL CASE

## TABLE OF CONTENTS

I.      **INTRODUCTION** ...................................................................................................1

II.     **PROCEDURAL HISTORY** ...............................................................................2

      A.    **Mr. Hall's Conviction, Death Sentence, And Review Prior To** *Johnson* .........2

      B.    *Johnson v. United States* **Changes The Law** ......................................................3

      C.    **The Fifth Circuit Rejects Mr. Hall's Request for Authorization to File a Successive Motion Under 28 U.S.C. § 2255** .....................................................4

III.    **ARGUMENT** .......................................................................................................5

      A.    **In Light of** *Johnson*, *Welch*, *Jenkins*, **and** *Cardena*, **Mr. Hall's § 924(c) Conviction Is Void Because the Predicate Crime Cannot Qualify as a "Crime of Violence"** ........................................................................................................5

      B.    **Because Mr. Hall's § 924(c) Conviction Cannot Stand, He Must Be Resentenced On All Remaining Counts** ...........................................................6

      C.    **Section 2241 Is the Appropriate Mechanism For Mr. Hall To Challenge The Legality Of His Death Sentence** ..........................................................................9

           1.    **Mr. Hall's petition is cognizable under** *Webster v. Daniels* ................10

                  **a. As interpreted by the Fifth Circuit, § 2255 denies Mr. Hall equal access to a decision on the merits of his Johnson claim**………………………………………………………… 11

                  **b. Section 2255 is inadequate to keep Mr. Hall from being executed based on an invalid conviction**……………………..12

           2.    **Mr. Hall's petition meets the requirements set forth in** *Montana v. Cross* **to bring a petition under Section 2241** ......................................12

           3.    **The Suspension Clause requires the Court to consider Mr. Hall's § 2241 petition** ........................................................................................14

IV.    **CONCLUSION** ..................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Berry v. United States*,
  No. 16-71332 (9th Cir. June 2, 2016) ............................................................ 4, 11

*Brecht v. Abrahamson*,
  507 U.S. 619 (1993) ............................................................................................ 9

*In re Chapman*,
  No. 16-246 (4th Cir. May 3, 2016) ............................................................ 4, 9, 11

*Chapman v. California*,
  386 U.S. 18 (1967) ........................................................................................... 8, 9

*Collins v. Holinka*,
  510 F.3d 666 (7th Cir. 2007) ............................................................................... 9

*Dean v. United States*,
  2017 WL 1199461 (U.S. Apr. 3, 2017) ................................................................ 8

*Felker v. Turpin*,
  518 U.S. 651 (1996) ........................................................................................... 11

*In re Fields*,
  826 F.3d 785 (5th Cir. 2016) ............................................................................... 5

*Garza v. Lappin*,
  253 F.3d 918 (7th Cir. 2001) ............................................................................... 9

*In re Hall*,
  No. 16-10670 (5th Cir. June 20, 2016) ....................................................... 5, 9, 14

*Hall v. United States*,
  No. 4:00-cv-422-Y, 2004 WL 1908242 (N.D. Tex. Aug. 24, 2004) ...................... 3

*James v. United States*,
  550 U.S. 192 (2007) ........................................................................................ 3, 13

*Jerkins v. United States*,
  530 F.2d 1203 (5th Cir. 1976) ............................................................................. 8

*Johnson v. Mississippi*,
  486 U.S. 578 (1988) ...................................................................................... 2, 6, 7

*Johnson v. United States,*
   135 S. Ct. 2551 (2015) .......................................................................................*passim*

*Lockett v. Ohio,*
   438 U.S. 586 (1978) .......................................................................................................12

*Lynch v. Dimaya,*
   137 S. Ct. 31 (2016) .........................................................................................................6

*Montana v. Cross,*
   829 F.3d 775 (7th Cir. 2016) ............................................................ 2, 10, 12, 13

*In re Pinder,*
   824 F.3d 977 (11th Cir. June 1, 2016)..........................................................4, 11

*Potts v. United States,*
   210 F.3d 770 (7th Cir. 2000) ......................................................................................11

*Ruiz v. United States,*
   No. 16-1193 (7th Cir. Feb. 19, 2016) .........................................................4, 11

*Schlup v. Delo,*
   513 U.S. 298 (1995) .......................................................................................................12

*Sykes v. United States,*
   131 S. Ct. 2267 (2011) ...........................................................................................3, 13

*Teague v. Lane,*
   489 U.S. 288 (1989) ...............................................................................................11, 13

*Turner v. United States,*
   No. 16-1145 (1st Cir. May 4, 2016)..........................................................................4

*United States v. Cardena,*
   842 F.3d 959 (7th Cir. 2016) ............................................................... 1, 5, 6, 13

*United States v. Easterling,*
   157 F.3d 1220 (10th Cir. 1998)..................................................................................8

*United States v. Hall,*
   152 F. 3d 381 (5th Cir. 1998), *cert denied,* 526 U.S. 1117 (1999)........................................3

*United States v. Hall,*
   455 F.3d 508 (5th Cir. 2006), *cert. denied,* 549 U.S. 1343 (2007).........................................3

*United States v. Hill,*
   832 F.3d 135 (2d Cir. 2016) ......................................................................................6

*United States v. Jenkins,*
    849 F.3d 390 (7th Cir. 2017) ........................................................................ 1, 5, 13

*United States v. Miller,*
    594 F.3d 172 (3rd Cir. 2010) ........................................................................ 7

*United States v. Prickett,*
    839 F.3d 697 (8th Cir. 2016) ........................................................................ 6

*United States v. Taylor,*
    814 F.3d 340 (6th Cir. 2016) ........................................................................ 6

*United States v. White,*
    406 F.3d 827 (7th Cir. 2005) ........................................................................ 8

*Webster v. Daniel,*
    784 F.3d 1123 (7th Cir. 2015) ...................................................................... *passim*

*Welch v. United States,*
    136 S. Ct. 1257 (2016) .................................................................................. *passim*

*Woodson v. North Carolina,*
    428 U.S. 280 (1976) ...................................................................................... 14

**Statutes**

18 U.S.C. § 16(b) .................................................................................................. 6

18 U.S.C. § 924(c) ................................................................................................ *passim*

18 U.S.C. § 924(e) ................................................................................................ 4

18 U.S.C. § 1201 .................................................................................................. 12

28 U.S.C. § 2241 .................................................................................................. *passim*

28 U.S.C. § 2255 .................................................................................................. *passim*

**Other Authorities**

Eighth Amendment .............................................................................................. 6, 7, 14

U.S. Const. art. 1, § 9 .......................................................................................... 14

<u>**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**</u>

**I.    INTRODUCTION**

Petitioner Orlando Cordia Hall is a federal prisoner sentenced to death by the United States District Court for the Northern District of Texas.  Mr. Hall is incarcerated at the United States Penitentiary in Terre Haute, Indiana.  Respondent Charles Daniels is the official responsible for Mr. Hall's custody.  Mr. Hall files this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court because only this Court can provide Mr. Hall the relief from his death sentence to which current law entitles him.  Mr. Hall's right to the writ rests on three assertions.

*First*, Mr. Hall was convicted by a jury in the Northern District of Texas on four counts: kidnapping in which a death occurred (Count 1), conspiracy to commit kidnapping (Count 2), traveling in interstate commerce to promote possession of marijuana with intent to distribute (Count 3), and using and carrying a firearm during and in relation to the crime of violence alleged in Count 1, in violation of 18 U.S.C. § 924(c) (Count 6). Mr. Hall's conviction for violating § 924(c) must rest either on that statute's "residual clause" or upon its "force clause."  The residual clause of § 924(c) is materially indistinguishable from the residual clause of the Armed Career Criminal Act ("ACCA") that the Supreme Court invalidated as unconstitutionally vague in *Johnson v. United States*, 135 S. Ct. 2551 (2015), a ruling since made retroactive in *Welch v. United States*, 136 S. Ct. 1257 (2016).  Applying *Johnson*, the Seventh Circuit has declared the residual clause in § 924(c) unconstitutionally vague, and has also ruled that a conviction for kidnapping under § 1201(a) does not constitute a crime of violence under § 924(c)'s force clause. *United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016); *United States v. Jenkins*, 849 F.3d 390, 394 (7th Cir. 2017).   In light of *Johnson*, *Welch*, *Cardena*, and *Jenkins*, Mr. Hall's conviction under § 924(c) is invalid.

*Second*, a death sentence cannot stand when one of the counts of conviction the jury took into consideration when imposing the death sentence is invalid. *See Johnson v. Mississippi*, 486 U.S. 578 (1988). That is precisely what happened to Mr. Hall. When the jury deliberated over whether to impose the death sentence on Mr. Hall, it believed Mr. Hall had committed a crime of violence while using or carrying a firearm in violation of § 924(c).  In fact, Mr. Hall had not; indeed, he should never have been charged with that crime. The heightened need for reliability in the imposition of the death sentence requires that a jury resentences him after being properly informed of the crimes Mr. Hall committed.

*Third*, Mr. Hall has attempted to seek relief under 28 U.S.C. § 2255 from the Northern District of Texas. That avenue has been foreclosed because the Fifth Circuit refuses to acknowledge that § 924(c)'s residual clause is unconstitutionally vague. The Seventh Circuit has made clear that relief under § 2241 is available when relief by motion under § 2255 is "inadequate or ineffective to test the legality of [a prisoner's] detention." *See* 28 U.S.C. § 2255(e); *Webster v. Daniel*, 784 F.3d 1123, 1135, 1144-45 (7th Cir. 2015); *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016) (petition for certiorari filed Dec. 16, 2016; distributed for conference April 5, 2017 (No. 16-775)). Like the petitioners in other cases where the Seventh Circuit has granted relief under § 2241, Mr. Hall faces a grave situation: absent review by this Court, Mr. Hall will be executed without any court having heard his claim that a new rule of constitutional law made retroactive by the Supreme Court prohibits his punishment.

## II.     PROCEDURAL HISTORY

### A.     Mr. Hall's Conviction, Death Sentence, And Review Prior To *Johnson*

On November 22, 1994, a federal grand jury in the Northern District of Texas indicted Mr. Hall on six counts: (1) kidnapping, (2) conspiracy to commit kidnapping, (3) possession of

marijuana with intent to distribute, (4) extortion, (5) racketeering, and (6) using or carrying a firearm in relation to the crime of violence. The indictment specifically charged Count 6 as using and carrying "firearms, during and in relation to a crime of violence, namely kidnapping in violation of Title 18, United States Code, Section 1201(a)(1) and conspiracy to commit kidnapping, in violation [of] Title 18, United States Code, Section 1201(c)." On October 31, 1995, a jury in the Northern District of Texas convicted Mr. Hall of Counts 1, 2, 3, and 6. Mr. Hall was sentenced to death on Count 1, life in prison on Count 2, and 60 months in prison on each of Counts 3 and 6.[1]

Mr. Hall timely appealed. The Fifth Circuit affirmed, and the Supreme Court denied review. *United States v. Hall*, 152 F. 3d 381 (5th Cir. 1998), *cert denied*, 526 U.S. 1117 (1999).

Following the denial of his petition for certiorari, Mr. Hall timely moved for collateral relief under 28 U.S.C. § 2255. The United States District Court for the Northern District of Texas denied relief and refused a certificate of appealability. *Hall v. United States*, No. 4:00-cv-422-Y, 2004 WL 1908242 (N.D. Tex. Aug. 24, 2004). The Fifth Circuit refused leave to appeal (denying a certificate of appealability), and the Supreme Court denied review. *United States v. Hall*, 455 F.3d 508 (5th Cir. 2006), *cert. denied*, 549 U.S. 1343 (2007).

**B.**     ***Johnson v. United States* Changes The Law**

On June 26, 2015, the Supreme Court ruled that the residual clause of the ACCA is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. This overruled prior Supreme Court precedent. *See, e.g.*, *Sykes v. United States*, 131 S. Ct. 2267 (2011); *James v. United States*, 550 U.S. 192 (2007).

---

[1] The jury charge with respect to Count 6 named only kidnapping, and not conspiracy to commit kidnapping, as a predicate offense. (*See* Ex. B, Hall Guilt-Phase Jury Charge, Oct. 31, 1995, at 16.)

The ACCA enhances the sentence of a felon who unlawfully possesses a firearm after three prior convictions "for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). The ACCA defines a "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another* . . . .

§ 924(e)(2)(A)-(B). The italicized portion is the so-called "residual clause." Finding the residual clause both too indeterminate to provide fair notice to defendants and susceptible to arbitrary enforcement by judges, the Supreme Court held that due process prohibits increasing a sentence under the ACCA on that basis. *Johnson*, 135 S. Ct. at 2563. The Court later made clear that its ruling in *Johnson* applies retroactively to cases on collateral review. *Welch*, 136 S. Ct. at 1265.

### C.   The Fifth Circuit Rejects Mr. Hall's Request for Authorization to File a Successive Motion Under 28 U.S.C. § 2255

In light of *Johnson* and *Welch*, Mr. Hall moved the Fifth Circuit for authorization to file a successive motion pursuant to 28 U.S.C. § 2255(h)(2). That provision authorizes second or successive motions when a new rule made retroactive on collateral review was previously unavailable. The Fifth Circuit denied Mr. Hall's motion for authorization, concluding – contrary to the view of this Circuit, as well as those of the Fourth, Ninth, and Eleventh Circuits[2] – that Mr.

---

[2] Four circuits – including this one – have already granted permission to file a § 2255 successor application based on the argument that *Johnson* applies to § 924(c)(3)(B). *See Berry v. United States*, No. 16-71332 (9th Cir. June 2, 2016) (per curiam) (granting permission to file a successive motion) (Ex. C); *In re Pinder*, 824 F.3d 977, 978–79 (11th Cir. June 1, 2016) (per curiam) (same); *In re Chapman*, No. 16-246 (4th Cir. May 3, 2016) (per curiam) (same) (Ex. D); *Ruiz v. United States*, No. 16-1193 (7th Cir. Feb. 19, 2016) (per curiam) (same) (Ex. E). *But see Turner v. United*

Hall's claim was not cognizable under § 2255(h)(2). The Fifth Circuit reasoned that *Johnson* did not apply to § 924(c) "or any similarly worded provision" because *Johnson* did not address those provisions. *In re Hall*, No. 16-10670, at 2 (5th Cir. June 20, 2016) (Ex. G).

## III. ARGUMENT

### A. In Light of *Johnson*, *Welch*, *Jenkins*, and *Cardena*, Mr. Hall's § 924(c) Conviction Is Void Because the Predicate Crime Cannot Qualify as a "Crime of Violence"

After *Johnson* and *Welch*, Mr. Hall's conviction for using or carrying a firearm during and in relation to a "crime of violence" is void because the predicate offense of kidnapping cannot, as a matter of law, qualify as a "crime of violence" for purposes of § 924(c). Section 924(c) defines "crime of violence" in two ways:

> [T]he term "crime of violence" means an offense that is a felony and –
>
> > (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> >
> > (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The first clause, § 924(c)(3)(A), is known as the force clause. The second, § 924(c)(3)(B), is the residual clause.

The Seventh Circuit has expressly held that kidnapping under § 1201(a)(1) "is not a crime of violence under [§ 924(c)(3)'s] Force Clause." *Jenkins*, 849 F.3d at 394. The Seventh Circuit has also held that, in light of *Johnson*, the residual clause in § 924(c)(3)(B) is unconstitutionally

---

*States*, No. 16-1145 (1st Cir. May 4, 2016) (per curiam) (denying permission to file a successive motion) (Ex. F); *In re Fields*, 826 F.3d 785, 786–87 (5th Cir. 2016) (same).

vague. *Cardena*, 842 F.3d at 996.[3]  Mr. Hall's conviction for kidnapping is not a crime of violence under either the force clause or the residual clause of § 924(c), and therefore his conviction under § 924(c) should be invalidated.

**B.      Because Mr. Hall's § 924(c) Conviction Cannot Stand, He Must Be Resentenced On All Remaining Counts**

The jury returned a death sentence against Mr. Hall on Count One, the kidnapping count of the indictment.  While *Johnson* does not affect Mr. Hall's conviction on Count One, his death sentence on that count nevertheless must fall as a consequence of invalidating his conviction on Count Six, the § 924(c) violation.  Given the unparalleled need for reliability in capital sentencing, the Eighth Amendment cannot tolerate the risk that Mr. Hall's invalid § 924(c) conviction contributed to his death sentence.  Accordingly, that sentence must be vacated.  *See Johnson v. Mississippi*, 486 U.S. 578 (1988).

In *Johnson v. Mississippi*, the Court struck down a death sentence that rested in part on a conviction invalidated after the death sentence was imposed, and did so even though other valid aggravating factors supported the death penalty.  *See id.*  As the Court explained, "[t]he fundamental respect for humanity underlying the Eighth Amendment's prohibition against cruel and unusual punishment gives rise to a special need for reliability in the determination that death is the appropriate punishment in any capital case."  *Id.* at 584 (citations and internal quotations omitted).  Because the petitioner's prior conviction in *Johnson v. Mississippi* was invalid, and that

---

[3] The Seventh Circuit's ruling creates a circuit split, but it is still the governing law of this Court. *See United States v. Hill*, 832 F.3d 135 (2d Cir. 2016) (finding that § 924(c)'s residual clause is not unconstitutionally vague); *United States v. Prickett*, 839 F.3d 697 (8th Cir. 2016) (same) (petition for certiorari filed December 28, 2016 (No. 16-7373)); *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016) (same) (petition for certiorari filed, Oct. 6, 2016 (No. 16-6392)).  Additionally, the United States Supreme Court recently heard argument on whether *Johnson* affects the similarly worded provision in 18 U.S.C. § 16(b). *See Lynch v. Dimaya*, 137 S. Ct. 31 (2016).

conviction had formed a part of the basis for his death sentence, the Court concluded that the "death sentence imposed on petitioner" must be reversed. *Id.* at 586.

In reaching its conclusion, the Court emphasized the risk "that the use of that [invalid] conviction in the sentencing hearing was prejudicial." *Id.* As the Court explained, "[e]ven without that express argument, there would be a possibility that the jury's belief that petitioner had been convicted of a prior felony would be 'decisive' in the 'choice between a life sentence and a death sentence.'" *Id.* (quoting *Gardner v. Florida*, 430 U.S. 349, 359 (1977)).

The same principles apply here. There is a constitutionally-unacceptable risk in this case that the void § 924(c) conviction influenced one or more jurors to choose the death penalty over a life sentence. Similarly, it cannot be determined with the certitude required by the Eighth Amendment that the jury's consideration of the invalid conviction did not affect its conclusion that Mr. Hall would present a continuing threat of future violent criminal conduct, as the government alleged in support of the death sentence. There is also a constitutionally-intolerable risk that the jury's deliberation in connection with the invalid conviction influenced its consideration of statutory aggravating factors or distorted its consideration of mitigating evidence that might otherwise have been found to warrant a sentence less than death.

The reason for vacating Mr. Hall's death sentence is particularly compelling. Mr. Hall's § 924(c) conviction was characterized as "in relation" to his kidnapping conviction. Courts have recognized that some counts of conviction are so interdependent that invalidating a conviction on one count requires resentencing on the other count(s). That is because "interdependent offenses result in an aggregate sentence, not sentences which may be treated discretely." *United States v. Miller*, 594 F.3d 172, 180 (3rd Cir. 2010) (describing how judges consider "sentencing packages") (citations omitted). Courts have also concluded that § 924(c) convictions and the related crime are

"interdependent" even if "technically separate." *United States v. Easterling*, 157 F.3d 1220, 1223 (10th Cir. 1998).  For example, in *United States v. White*, this Circuit explained that when one count in a multi-count sentence is vacated, the package is unbundled, and the district judge should adjust the entire package to achieve an appropriate sentence in light of the remaining convictions. *See* 406 F.3d 827, 832 (7th Cir. 2005) (citing *United States v. Martenson*, 178 F.3d 457, 465 (7th Cir. 1999)).  *See also Dean v. United States*, 2017 WL 1199461, at *5 (U.S. Apr. 3, 2017) (describing the sentencing package doctrine and explaining that in cases "including ones where § 924(c) convictions are invalidated – the Government routinely argues that an appellate court should vacate the entire sentence . . . . As we understand it, the Government's theory in those cases is that the district court may have relied on the now-vacated conviction when imposing sentences for the other counts").

Here, the district court, in fact, instructed jurors at the culpability phase that they should convict Mr. Hall on the § 924(c) charge only if they were "convinced that the government ha[d] proven . . . [t]hat the defendant committed the crime of interstate kidnapping as alleged in Count 1 of the indictment." (Ex. B, Hall Guilt-Phase Jury Charge, at 16.)  That is, the charge made the connection between the kidnapping conviction and the § 924(c) conviction explicit and essential. Without resentencing, there would be an unacceptable risk that the jury's consideration of Count Six affected the sentence it imposed for Count One. A court should vacate a sentence when "it can [not] be ascertained from the record, as it now stands" that a "sentence on a valid conviction was not affected by a subsequently invalidated conviction on another count of the indictment." *Jerkins v. United States*, 530 F.2d 1203, 1204 (5th Cir. 1976).  That standard is easily met here, regardless of what harmless error standard might apply. Under either *Chapman v. California*, 386 U.S. 18 (1967) (constitutional error requires reversal unless the prosecution proves it harmless beyond a

reasonable doubt) or *Brecht v. Abrahamson*, 507 U.S. 619 (1993) (error requires relief when the record makes plain that the error had a substantial and injurious effect on the verdict),[4] the death sentence is sufficiently tainted that it cannot be left standing given the invalidity of Mr. Hall's § 924(c) conviction.

### C.   Section 2241 Is the Appropriate Mechanism For Mr. Hall To Challenge The Legality Of His Death Sentence

In May 2016, Mr. Hall moved the Fifth Circuit for authorization to file a successive motion to vacate his conviction and death sentence under 28 U.S.C. § 2255(h).  Despite the fact that four other circuits have found that the exact question presented by Mr. Hall meets the criteria for consideration set out in § 2255(h), the Fifth Circuit refused leave to file. *In re Hall*, No. 16-10670 (5th Cir. June 20, 2016) (Ex. G).  Therefore, under § 2255(e), the remedy by motion under § 2255 has proved inadequate or ineffective to test the legality of Mr. Hall's detention.

Where the § 2255(h) remedy is "inadequate or ineffective to test the legality of [a prisoner's] detention," the district court in the jurisdiction in which that federal prisoner is held may hear an application for a writ of habeas corpus under § 2241. *See* 28 U.S.C. § 2255(e) (the savings clause); *Webster*, 784 F.3d at 1135, 1144-45; *Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007); *Garza v. Lappin*, 253 F.3d 918, 921 (7th Cir. 2001).  Pursuant to 28 U.S.C. § 2241, a writ of habeas corpus may be granted by a district court when a federal prisoner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(a), (c)(3).  The Seventh Circuit has previously agreed that this Court may properly hear a § 2241 petition

---

[4] The implication of holding *Johnson* fully retroactive is that the relevant portions of 18 U.S.C. § 924(c) have always been void for vagueness. Thus, this constitutional flaw, though not yet recognized, in fact existed at the time of Mr. Hall's direct appeal. Because Mr. Hall had no opportunity to raise the claim at that time – when it would have been reviewed under the standard of *Chapman v. California*, 386 U.S. 18 (1967) (constitutional error requires reversal unless the prosecution proves it harmless beyond a reasonable doubt) – the error should be reviewed under *Chapman* here.

brought by a death-sentenced prisoner whose request for leave to file a successive petition under § 2255(h) was denied by the Fifth Circuit. *See Webster*, 784 F.3d at 1145.  Furthermore, Mr. Hall's petition meets the requirements for a § 2241 petition as set forth in *Montana v. Cross*, 829 F.3d 775 (7th Cir. 2016).

As applied to Mr. Hall, § 2255(h) has proven inadequate and ineffective to test the legality of his § 924(c) conviction and death sentence.  Absent merits review by this Court, Mr. Hall's access to the writ of habeas corpus will be suspended, in violation of his rights under the federal constitution.  Therefore, this petition under § 2241 is properly before this Court.

### 1.    Mr. Hall's petition is cognizable under *Webster v. Daniels*

In Mr. Hall's case, § 2255 is "inadequate or ineffective" to test the legality of his conviction for violating § 924(c) under *Johnson* and *Welch*.  When § 2255 deprives a prisoner of a "reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence," § 2241 becomes available. *Webster*, 784 F.3d at 1136.  That is, when there are "structural problems" with proceeding under § 2255, a petitioner may avail himself of review under § 2241. *Id.*  Here, there is no question that § 2255 deprived Mr. Hall of a "reasonable opportunity" to secure a "reliable judicial determination" of his claim in light of *Johnson*.  *First*, § 2255 has prevented Mr. Hall from obtaining a merits ruling on his claim while providing such an opportunity to other, similarly-situated federal convicts.  *Second*, similar to the situation that the Seventh Circuit faced in *Webster*, in Mr. Hall's case § 2255 foreclosed post-conviction review of his constitutional challenge to his § 924(c) conviction notwithstanding the heightened reliability required in the capital context.

a.    As interpreted by the Fifth Circuit, § 2255 denies Mr. Hall
equal access to a decision on the merits of his *Johnson* claim

Mr. Hall was denied the opportunity to obtain merits review of his claim under *Johnson* while other, similarly-situated federal prisoners – who happened to be convicted in other jurisdictions – received just such an opportunity. Arbitrary and inequitable access to merits consideration renders the remedy by motion under § 2255 "inadequate or ineffective" such that review under § 2241 becomes available. *See Felker v. Turpin*, 518 U.S. 651, 667 (1996) (Souter, J., concurring) ("[t]he question [of the validity of § 2244(b)'s gatekeeping provisions] could arise if the courts of appeals adopted divergent interpretations of the gatekeeper standard."). "The essential point" of post-conviction proceedings is that a prisoner is "entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770, 770 (7th Cir. 2000). Some persons convicted under § 924(c) have received that opportunity following *Johnson* and *Welch*. Mr. Hall has not and *cannot* obtain merits consideration of his *Johnson* claim through § 2255.

Indeed, had Mr. Hall been sentenced in a district court within this circuit, or the Fourth, Ninth or Eleventh Circuits, his successive motion under § 2255(h) would have been heard on the merits. *See Ruiz v. United States*, No 16-1193 (7th Cir. Feb. 19, 2016) (per curiam) (Ex. E); *Berry v. United States*, No. 16-71332 (9th Cir. June 2, 2016) (per curiam) (Ex. C); *In re Pinder*, 824 F.3d 977 (11th Cir. June 1, 2016) (per curiam); *In re Chapman*, No. 16-246 (4th Cir. May 3, 2016) (per curiam) (Ex. D). This arbitrary and inconsistent distribution of merits consideration is a fundamental structural problem: "the harm caused by the failure to treat similarly situated defendants alike cannot be exaggerated: such inequitable treatment hardly comports with the ideal of administration of justice with an even hand." *Teague v. Lane*, 489 U.S. 288, 315 (1989) (internal quotation marks omitted). Because § 2255 has failed to afford Mr. Hall of a reasonable opportunity

11

to obtain a reliable judicial determination on the merits of his *Johnson* claim while allowing merits review to similarly situated federal prisoners, § 2255 is an inadequate and ineffective remedy under the circumstances of this case.

> **b.      Section 2255 is inadequate to keep Mr. Hall from being executed based on an invalid conviction**

Capital sentences and convictions demand heightened reliability. *Lockett v. Ohio*, 438 U.S. 586, 604–05 (1978). For this reason, even assuming *arguendo* that the structural problems identified above do not render § 2255 inadequate or ineffective in other contexts, they undoubtedly do so in this capital case. In considering the availability of review under § 2241, courts must "take into account the fact that a core purpose of habeas corpus is to prevent a custodian from inflicting an unconstitutional sentence." *Webster*, 784 F.3d at 1139.

Mr. Hall is actually innocent of his conviction under § 924(c). The predicate offense for which Mr. Hall was convicted, kidnapping under 18 U.S.C. § 1201, fails to qualify as a crime of violence under either § 924(c)'s force clause or the residual clause. *See* Section III.A, *supra*. Mr. Hall's conviction under § 924(c) is therefore void, and he must be resentenced on all counts. *See* Section III.B. Under these circumstances, it would be "constitutionally intolerable" to execute Mr. Hall on the basis of a judgment that may rest in part on a void conviction. *Schlup v. Delo*, 513 U.S. 298, 314 (1995).

> **2.      Mr. Hall's petition meets the requirements set forth in *Montana v. Cross* to bring a petition under Section 2241**

In *Montana v. Cross*, the Seventh Circuit set out a three-part test for determining whether § 2255 is inadequate or ineffective such that a petitioner may avail himself of § 2241. *Montana v. Cross*, 829 F.3d at 783. Specifically, § 2241 is available where (1) the issue presented "is one of statutory interpretation"; (2) the claim relies on retroactive legal rules and was previously unavailable; and (3) the error is "'grave enough . . . to be deemed a miscarriage of justice. . . .'"

*Id.* at 783 (quoting *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)).  Mr. Hall's petition easily satisfies this standard.

*First*, Mr. Hall's claim that his conviction for violating § 924(c) does not survive *Johnson* involves questions of statutory interpretation – ones recently resolved by the Seventh Circuit in his favor.  The Seventh Circuit has found that kidnapping under § 1201(a) does not constitute a crime of violence under either the force clause or the residual clause of § 924(c).  *Jenkins*, 849 F.3d at 394; *Cardena*, 842 F.3d at 996.

*Second*, the legal rule set forth in *Johnson* and applicable to Mr. Hall's petition is substantive and, thus, must be retroactively applied.  *See Welch*, 136 S. Ct. at 1265 ("the rule announced in *Johnson* is substantive" and therefore "has retroactive effect under *Teague* in cases on collateral review."); *Montana*, 829 F.3d at 784 ("the requirements for criminal liability under § 924(c), is a substantive rule.").

Similarly, this rule is new; accordingly, it was unavailable to Mr. Hall prior to the *Johnson* decision.  *See Welch*, 136 S. Ct. at 1264 ("It is undisputed that *Johnson* announced a new rule.").  Indeed, prior to *Johnson*, the validity of the § 924(c) residual clause was not in doubt because it and meaningfully identical provisions had been repeatedly upheld by the Supreme Court.  *See, e.g.*, *Sykes*, 564 U.S. 1, 15-16 (the ACCA residual clause and similar statutory provisions are "within congressional power to enact"); *James*, 550 U.S. at 210 n.6 ("[W]e are not persuaded by Justice Scalia's suggestion . . . that the residual provision is unconstitutionally vague.").

*Lastly*, in light of *Johnson*, Mr. Hall's case presents a miscarriage of justice.  Mr. Hall faces execution in part because the jury considered him guilty of violating § 924(c), when he is actually innocent of that offense. In large part, § 2241 exists as a safety valve designed "to prevent a custodian from inflicting an unconstitutional sentence."  *Webster*, 784 F.3d at 1139.

There is no greater miscarriage of justice than a wrongful execution, particularly one that rests in substantial part on an invalid conviction. *See id.* Moreover, the heightened reliability required by the Eighth Amendment in the capital context demands that Mr. Hall have the opportunity to challenge the applicability of *Johnson* to his conviction and death sentence. *See Woodson v. North Carolina*, 428 U.S. 280, 305 (1976) (because "[d]eath, in its finality, differs more from life imprisonment than a 100-year prison term differs from one of only a year or two," the Eighth Amendment imposes "a corresponding difference in the need for reliability in the determination that death is the appropriate punishment in a specific case").

### 3.   The Suspension Clause requires the Court to consider Mr. Hall's § 2241 petition

Section 2255 imposes a gate-keeping restriction on second or successive motions. Before filing such a motion, the petitioner must obtain permission to do so from the appropriate circuit court of appeals. *See* 28 U.S.C. § 2255(h). Because the the Fifth Circuit does not recognize *Johnson*'s application to § 924(c) "or any similarly worded provision," *In re Hall*, No. 16-10670 (5th Cir. June 20, 2016) (Ex. G), § 2255's gate-keeping restriction has closed the courthouse doors to Mr. Hall, unfairly preventing him from "obtain[ing] a reliable judicial determination of the fundamental legality of his conviction." *Webster*, 784 F.3d at 1136. Because § 2255 is inadequate and ineffective to test the legality of Mr. Hall's conviction for violating § 924(c), § 2241 must be available to give substance to Mr. Hall's constitutional right to petition for a writ of habeas corpus. *See* U.S. Const. art. 1, § 9; *see also Webster*, 784 F.3d at 1139 n.7 (interpreting § 2255(e)'s savings clause so as to avoid constitutional Suspension Clause problems). Absent such consideration, Mr. Hall's access to the writ of habeas corpus will be suspended in contravention of the constitution.

## IV.    CONCLUSION

The Fifth Circuit has held that 28 U.S.C. § 2255(h) precludes it from considering whether Mr. Hall's conviction for violating 18 U.S.C. § 924(c) is invalid under *Johnson*.  Our courts cannot sanction the execution of a prisoner whose conviction contradicts a rule of law determined by the Supreme Court and whose sentence rests in substantial part on that invalid conviction.  Section 2241 exists in part precisely to prevent such intolerable results.  Mr. Hall respectfully urges this Court to exercise appropriate jurisdiction and prevent this result from taking place.

*        *        *        *        *

For the foregoing reasons, Mr. Hall requests a writ of habeas corpus from this Court that vacates his conviction under 18 U.S.C. § 924(c) and orders that he be resentenced on all remaining counts.  Alternatively, Mr. Hall requests that this Court set a briefing schedule on this petition.

Dated:   April 18, 2017                            SIDLEY AUSTIN LLP

                                               By:  s/ Liv Kiser

                                                    Liv Kiser
                                                    Robert Hochman (*pro hac vice* to be filed)
                                                    Jillian Dent (*pro hac vice* to be filed)
                                                    One South Dearborn Street
                                                    Chicago, Illinois 60603
                                                    Tel.: (312) 853-7000
                                                    Fax: (312) 853-7036
                                                    lkiser@sidley.com
                                                    rhochman@sidley.com
                                                    jdent@sidley.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 18, 2017, copies of this Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 were served via first class mail and the Court's electronic filing system to:

United States Attorney's Office
10 W Market St, Suite 2100
Indianapolis, IN 46204


_____s/ Liv Kiser_____