# Exhibit B

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

OCT 31 1995

NANCY DOHERTY, CLERK

By _____
            Deputy

| UNITED STATES OF AMERICA | § |
| | § |
| VS. | § |  CRIMINAL NO. 4:94-CR-121-Y |
| | § |
| ORLANDO CORDIA HALL (2) | § |

## CHARGE OF THE COURT

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

### Duty to Follow Instructions

You, as jurors, are the judges of the facts. But in determining what actually happened--that is, in reaching your decision as to the facts--it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to

CHARGE OF THE COURT - Page 1
chr - m:\user\raper\94cr121\hallorl\jury.chg

any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

### Instructions Regarding the Burden of Proof

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all and no inference whatever may be drawn from the election of a defendant not to testify. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.

While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proven beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evi-

CHARGE OF THE COURT - Page 2
chr - m:\user\raper\94cr121\hallorl\jury.chg

dence in the case.  Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.  If you are convinced that the accused has been proven guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.

### Instructions Concerning Consideration of the Evidence

As I told you earlier, it is your duty to determine the facts.  In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits.  Remember that any statements, objections, or arguments made by the lawyers are not evidence.  The function of the lawyers is to point out those things that are most significant or most helpful to their respective sides of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice.  In the final analysis, however, it is your own recollection and interpretation of the evidence that control in the case.  What the lawyers say is not binding upon you.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case.  Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony

CHARGE OF THE COURT - Page 3
chr - m:\user\raper\94cr121\hallorl\jury.chg

and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

You should not be concerned about whether the evidence is direct or circumstantial.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that something is or is not a fact. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

I remind you that it is your job to decide whether the government has proven the guilt of the defendant beyond a reasonable doubt.  In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony.  An important part of your job will be making judgments about the testimony of the witnesses.  You should decide whether you believe what each person had to say, and how important that testimony was.  In making that decision I suggest that you ask yourself a few questions:  Did the person impress you as honest?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness have any relationship with

CHARGE OF THE COURT - Page 4
chr - m:\user\raper\94cr121\hallorl\jury.chg

either the government or the defense?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?  Did the witness's testimony differ from the testimony of other witnesses?  These are a few of the considerations that will help you determine the accuracy of what each witness said.

In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other.  Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.  Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say.

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may consider the earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that

CHARGE OF THE COURT - Page 5
chr - m:\user\raper\94cr121\hallorl\jury.chg

witness whatever weight you think it deserves.

The testimony of someone who is shown to have used addictive drugs during the period of time about which the witness testified must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

You have been told that certain witnesses have been convicted of felony offenses or crimes involving dishonesty or false statements. Such convictions are a factor you may consider in deciding whether to believe that witness, but it does not necessarily destroy the witness's credibility. It has been brought to your attention only because you may wish to consider it when you decide whether you believe the witness's testimony.

In this case the government called as several of its witnesses alleged accomplices, some named as a co-defendants in the indictment, with whom the government has entered into a plea agreement providing for immunity, the dismissal of some charges and/or a lesser sentence than the co-defendants would otherwise be exposed to for the offense to which the co-defendants pleaded guilty. Such plea bargaining, as it is called, has been approved as lawful and proper, and is expressly provided for in the rules of this court.

An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from

CHARGE OF THE COURT - Page 6
chr - m:\user\raper\94cr121\hallorl\jury.chg

testifying.  On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty. You should keep in mind that such testimony is always to be received with caution and weighed with great care.  You should never convict a defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt.  The fact that an accomplice has entered a plea of guilty to the offense charged is not evidence, in and of itself, of the guilt of any other person.

In determining whether any statement, claimed to have been made by a defendant outside of court and after an alleged crime has been committed, was knowingly and voluntarily made, you should consider the evidence concerning such a statement with caution and great care, and should give such weight to the statement as you feel it deserves under all the circumstances.

You may consider in that regard such factors as the age, sex, training, education, occupation, and physical and mental condition of the defendant, his treatment while under interrogation, and all the other circumstances in evidence surrounding the making of the statement.

In any criminal case the government must prove not only the essential elements of the offense or offenses charged, as hereafter defined, but must also prove, of course, the identity of the defendant as the perpetrator of the alleged offense or offenses.

In evaluating the identification testimony of a witness you

CHARGE OF THE COURT - Page 7
chr - m:\user\raper\94cr121\hallorl\jury.chg

should consider all of the factors already mentioned concerning your assessment of the credibility of any witness in general, and should also consider, in particular, whether the witness had an adequate opportunity to observe the person in question at the time or times about which the witness testified. You may consider, in that regard, such matters as the length of time the witness had to observe the person in question, the prevailing conditions at that time in terms of visibility or distance and the like, and whether the witness had known or observed the person at earlier times.

You may also consider the circumstances surrounding the identification itself including, for example, the manner in which the defendant was presented to the witness for identification, and the length of time that elapsed between the incident in question and the next opportunity the witness had to observe the defendant.

If, after examining all of the testimony and evidence in the case, you have a reasonable doubt as to the identity of the defendant as the perpetrator of the offense charged, you must find the defendant not guilty.

During the trial you heard the testimony of witnesses who were described to us as experts.

If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify

and state an opinion concerning such matters.

Merely because an expert witness has expressed an opinion does not mean, however, that you must accept this opinion. The same as with any other witness, it is up to you to decide whether you believe this testimony and choose to rely upon it. Part of that decision will depend on your judgment about whether the witness's background or training and experience is sufficient for the witness to give the expert opinion that you heard. You must also decide whether the witness's opinions were based on sound reasons, judgment, and information.

Government's Exhibit 1B has been identified as a typewritten transcript of the oral conversations which can be heard on the tape recording received in evidence as Government's Exhibit 1A. The transcript also purports to identify the speakers engaged in such conversation.

I have admitted the transcript for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the tape recording, and also to aid you in identifying the speakers.

However, you are specifically instructed that whether the transcript correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcript, and from your own examination of the transcript in relation to your hearing of the tape recording itself as the primary evidence of

its own contents; and, if you should determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

### Count One - Interstate Kidnapping Resulting in Death Charge

Count One of the Indictment charges the defendant, **ORLANDO CORDIA HALL**, and others, with violating 18 U.S.C. § 1201(a), which makes unlawful a kidnapping resulting in death.

Title 18, United States Code, Section 1201(a)(1), makes it a felony crime for anyone to kidnap another person and then transport that person in interstate commerce and the death of any person results from that kidnapping.

For you to find the defendant guilty of this crime, you must be convinced that the government has proven each of the following beyond a reasonable doubt:

First:    That the defendant, knowingly acting contrary to law, kidnapped, seized, confined, or inveigled the person described in the indictment, Lisa Rene, as charged;

Second:   That the defendant held such person for ransom, reward, or some other benefit that the defendant intended to derive from the kidnapping;

Third:    That the defendant intentionally transported such person in interstate commerce while so kidnapped, confined, or inveigled; and

Fourth:   That the death of Lisa Rene resulted.

To "kidnap" a person means to forcibly and unlawfully hold, keep, detain, and confine the person against that person's will. Involuntariness or coercion in connection with the victim's detention is an essential part of the offense.

CHARGE OF THE COURT - Page 10
chr - m:\user\raper\94cr121\hallorl\jury.chg

To "inveigle" a person means to lure, or entice, or lead the person astray by false representations or promises, or other deceitful means.

The term "ransom, reward, or some other benefit" includes motives of personal monetary gain as well as motives which do not involve financial gain, since a benefit is any legal or illegal object of the kidnapping which a perpetrator might consider of sufficient motive to induce him to undertake the kidnapping.  The government has the burden of proving whatever benefit alleged by proof beyond a reasonable doubt.

The term "interstate commerce" means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia.  "Commerce" includes travel, trade, transportation and communication.

The government need not prove, however, that a kidnapper knows he is crossing state lines.  So long as the kidnapper crosses state lines while intentionally transporting the victim, the kidnapper has traveled in interstate commerce.  Moreover, a kidnapper need not personally transport a victim in interstate commerce to be guilty of the offense of kidnapping as long as the defendant kidnapped, seized, confined or inveigled the person described in the indictment prior to the willful transport of the person in interstate commerce.

### Count 2 - The Conspiracy Charge

Count Two of the Indictment alleges that the defendant,

CHARGE OF THE COURT - Page 11
chr - m:\user\raper\94cr121\hallorl\jury.chg

**ORLANDO CORDIA HALL**, and others, engaged in a conspiracy to commit the offense of kidnapping, in violation of Title 18, United States Code, Section 1201(c).

Title 18, United States Code, Section 1201(c), makes it a crime for anyone to conspire to commit the offense of kidnapping in violation of Title 18, United States Code, Section 1201(a).

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find a defendant guilty of this crime, you must be convinced that the government has proven each of the following beyond a reasonable doubt:

First:   That two or more persons made an agreement to commit at least one of the crimes as charged in the indictment;

Second:  That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

Third:   That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that

CHARGE OF THE COURT - Page 12
chr - m:\user\raper\94cr121\hallorl\jury.chg

is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

<u>**Count Three - Interstate Travel in Aid of a Racketeering Charge**</u>

Count Three of the Indictment charges the defendant, **ORLANDO CORDIA HALL**, with travelling in interstate commerce with intent to carry on an unlawful activity, in violation of Title 18, United States Code, Section 1952(a)(3).

Title 18, United States Code, Section 1952(a)(3), makes it a crime for anyone to travel between states for the purpose of carrying on certain unlawful activities.

For you to find the defendant guilty of this crime, you must be convinced that the government has proven each of the following beyond a reasonable doubt:

First:  That the defendant traveled in interstate commerce on or about the time, and between the places, charged in the indictment;

Second:  That the defendant engaged in such travel with the intent to promote, manage, establish, or carry on an "unlawful activity," as hereafter defined; and

Third:  That the defendant thereafter knowingly committed an act to promote, manage, establish, or carry on such "unlawful activity."

While the government must prove that the defendant traveled in interstate commerce with the specific intent to promote, manage, establish or carry on an "unlawful activity," it need not prove that such purpose was the only reason or motive prompting the travel.

The term "unlawful activity" includes a business enterprise involving the violations of the federal drug trafficking laws, namely, possession of a controlled substance with intent to distribute.  You are instructed that there are three elements to the offense of possession of a controlled substance with intent to distribute:

First:  That the person knowingly possesses a controlled substance;

Second:  That the substance was, in fact, the controlled substance as alleged; and

CHARGE OF THE COURT - Page 14
chr - m:\user\raper\94cr121\hallorl\jury.chg

Third:    That the person who possessed the substance did so with the intent to distribute it.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

A Schedule I Controlled Substance is defined to include the substance Marihuana.

The government need not prove that the defendant actually possessed marihuana, but only that he traveled in interstate commerce with the specific intent to promote, manage, establish or carry on a business enterprise involving violations of the federal drug trafficking laws, namely, possession of marihuana with intent to distribute.

To constitute a "business enterprise" it is not necessary that the alleged illegal activity be engaged in for any particular length of time, nor must it be proven that such activity constituted the primary pursuit or occupation of the accused or that it actually returned a profit.  What must be proven beyond a reasonable doubt is that the defendant engaged in a continuous course of conduct or series of transactions for profit rather than casual, sporadic or isolated activity.

The indictment charges that the defendant traveled in interstate commerce with the intent to promote, manage, establish and carry on an unlawful activity.  If you find beyond a reasonable doubt that any one method or mode of violating the law

CHARGE OF THE COURT - Page 15
chr - m:\user\raper\94cr121\hallorl\jury.chg

occurred, that is sufficient so long as you agree unanimously upon the particular mode or method involved.

### Count Six - Using or Carrying a Firearm During and in Relation to a Crime of Violence Charge

Count Six of the Indictment charges the defendant, **ORLANDO CORDIA HALL**, and others, with violating 18 U.S.C. § 924(c)(1).

Title 18, United States Code, Section 924(c)(1) makes it a crime for anyone to use or carry a firearm during and in relation to the commission of a crime of violence.

For you to find the defendant guilty of Title 18, United States Code, Section 924(c)(1), you must be convinced that the government has proven each of the following beyond a reasonable doubt:

First:    That the defendant committed the crime of interstate kidnapping as alleged in Count One of the Indictment; and

Second:   That the defendant knowingly used or carried a firearm during and in relation to the defendant's commission of the crime of interstate kidnapping.

The government is not required to prove that the defendant actually fired the weapon or brandished it at someone in order to prove "use," as that term is used in this instruction. However, you must be convinced beyond a reasonable doubt that the firearm played a role in or facilitated the commission of a crime of violence. In other words, you must find that the firearm was an integral part of the crime of violence charged.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by

CHARGE OF THE COURT - Page 16
chr - m:\user\raper\94cr121\hall0i1\jury.chg

the action of an explosive.  The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device.

The term "crime of violence" means an offense that is a felony and - (A) has as an element the use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

### Guilt as an Aider or Abettor

The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged.  The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by that person through direction of another person as his or her agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.

So, if another person is acting under the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Notice, however, that before any defendant may be held criminally responsible for the acts of others it is necessary

that the accused deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.

Of course, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

## Guilt as a Co-Conspirator

A conspirator is responsible for offenses committed by another conspirator if the conspirator was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of, or as a foreseeable consequence of, the conspiracy.

Therefore, if you have first found a defendant guilty of the conspiracy charged in Count Two of the Indictment and if you find beyond a reasonable doubt that during the time that defendant was a member of that conspiracy, another conspirator committed the offenses in Counts 1, 3, 4, TR and 6 in furtherance of or as a foreseeable consequence of that conspiracy, then you may find the defendant guilty of Counts 1, 3, 4, TR and 6, even though the defendant may not have participated in any of the acts which constitute the offense described in Counts 1, 3, 4, TR and 6.

## Instructions Regarding Deliberations

You are here to decide whether the government has proven beyond a reasonable doubt that the defendant is guilty of the

CHARGE OF THE COURT - Page 18
chr - m:\user\raper\94cr121\hallorl\jury.chg

crime charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment.

A separate crime is charged in each count of the indictment. Each count and the evidence pertaining to it should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other.

You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

You will note that the indictment charges that the offense was committed on or about a specified date. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the dates as stated in the indictment.

To reach a verdict, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. You must individually decide the case for yourselves, but only after an impartial consideration of the evidence with your fellow jurors.

CHARGE OF THE COURT - Page 19
chr - m:\user\raper\94cr121\hallorl\jury.chg

During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges--judges of the facts. Your sole interest is to seek the truth from the evidence in the case, to decide whether the government has proven the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your presiding juror, who will help to guide your deliberations and will speak for you here in the courtroom.

A form of verdict has been prepared for your convenience.

The presiding juror will write the unanimous answer of the jury in the space provided for in each count of the indictment, either guilty or not guilty.  At the conclusion of your deliberations, the presiding juror should date and sign the verdict.

If you need to communicate with me during your delibera-tions, the presiding juror should write the message on the forms provided in the jury room, sign and date the form, and give it to the marshal.  I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise,

CHARGE OF THE COURT - Page 20
chr - m:\user\raper\94cr121\hallorl\jury.chg

on any count of the indictment, until after you have reached a unanimous verdict.

SIGNED October 31, 1995.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE