IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

ORLANDO CORDIA HALL,

                Petitioner,

v.

                No.    2:17-CV-176-LJM-DKL

CHARLES DANIELS, Warden,
  United States Penitentiary, Terre Haute,
             Respondent.

## GOVERNMENT'S RESPONSE TO HALL'S SECTION 2241 PETITION

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

*/s/ Timothy W. Funnell*
TIMOTHY W. FUNNELL
Assistant United States Attorney
Wisconsin State Bar No. 1022716
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102-6897
Phone: (817) 252-5252
Tim.Funnell@usdoj.gov

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES.................................................................................................iii

GOVERNMENT'S RESPONSE TO HALL'S 2241 PETITION ....................................... 1

STATEMENT OF THE CASE ........................................................................................... 2

ARGUMENT AND AUTHORITIES ................................................................................. 6

    1.     Hall concedes, as he must, that the Seventh Circuit utilizes a three-condition test to determine if he is permitted to resort to Section 2241 ....... 6

           A.     Hall cannot satisfy the *Davenport* test's first condition .................... 7

           B.     Denial of authorization to file a successive Section 2255 motion does not render such relief inadequate or ineffective because it was based on Hall's inability to demonstrate remedial constitutional error .......................................................................... 10

           C.     Hall fails to show that the alleged defect in the Section 924(c) conviction caused an injustice when the jury recommended the death penalty for the separate conviction of kidnapping resulting in death ...................................................................................... 15

CONCLUSION .................................................................................................................. 18

CERTIFICATE OF SERVICE .......................................................................................... 18

# TABLE OF AUTHORITIES

**Federal Cases**                                                                                                                        **Page**

*Alleyne v. United States*, 133 S. Ct. 2151 (2013) ........................................................ 12, 13

*Atkins v. Virginia*, 536 U.S. 304 (2002) ............................................................................ 11

*Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013) ........................................................... 6, 7

*Hall v. Florida*, 134 S. Ct. 1986 (2014) ........................................................................... 11

*In re Davenport*, 147 F.3d 605 (7th Cir. 1998) ................................................................... 6

*In re Fields*, 826 F.3d 785 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1326 (2017) ............... 5

*Johnson v. Mississippi*, 486 U.S. 578 (1988) ................................................................ 15, 16

*Johnson v. United States*, 135 S. Ct. 2551 (2015) ........................................................... 4, 7

*Montana v. Cross*, 829 F.3d 775 (7th Cir. 2016) ................................................................ 6

*Ovalles v. United States*, 861 F.3d 1257 (11th Cir. 2017) ................................................ 14

*Poe v. LaRiva*, 834 F.3d 770 (7th Cir. 2016) ............................................................*passim*

*Poe v. United States*, 468 F.3d 473 (7th Cir. 2006) .......................................................... 11

*Richardson v. United States*, 526 U.S. 813 (1999) ............................................................ 11

*Taylor v. Gilkey*, 314 F.3d 832 (7th Cir. 2002) ................................................................... 6

*United States v. Cardena*, 842 F.3d 959 (7th Cir. 2016) .................................................... 8

*United States v. Hall*, 152 F.3d 381 (5th Cir. 1998) ........................................................... 4

*United States v. Hall*, 455 F.3d 508 (5th Cir. 2006) .................................................... 2, 3, 4

*United States v. Hill*, 832 F.3d 135 (2d Cir. 2016) ........................................................... 14

*United States v. Jenkins*, 849 F.3d 390 (7th Cir. 2017) ....................................................... 8

**Federal Cases (continued)**                                                                    **Page(s)**

*United States v. Prickett*, 839 F.3d 697 (8th Cir. 2016) ...................................................... 14

*United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016) ....................................................... 14

*Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015)......................................................*passim*

*Welch v. United States*, 136 S. Ct. 1257 (2016) .........................................................4, 5, 7

**Federal Statutes**

8 U.S.C. 1101 ........................................................................................................... 15

28 U.S.C. § 2255(a) .................................................................................................... 6

iv

**GOVERNMENT'S RESPONSE TO HALL'S
SECTION 2241 PETITION**

This Court should deny Hall's petition because he cannot satisfy the Seventh Circuit's well-settled, three-condition test to pursue habeas relief under Section 2241. He cannot even meet the first condition because his petition undeniably hinges on the Supreme Court's constitutional holding in *Johnson*, and Section 2241 relief is limited to statutory-interpretation issues, not constitution-based claims. Instead, constitutional claims—like the void-for-vagueness challenge Hall brings here against his Section 924(c) conviction—must be brought under Section 2255.

Although Hall was twice denied Section 2255 relief in the Fifth Circuit, including that court's recent rejection of his *Johnson*-based challenge to the Section 924(c) conviction, adverse rulings do not demonstrate that Section 2255 was structurally inadequate or ineffective. The Fifth Circuit's determination—that *Johnson* did not recognize a new and retroactive rule of constitutional law applicable to Hall's Section 924(c) conviction—does not signify "structural error" under Section 2255, which is required to invoke Section 2241. Adjudicating constitutional issues is precisely within the purview of Section 2255, and that is what occurred when the Fifth Circuit rejected Hall's contention that a constitutional violation allowed him to file a successive Section 2255 motion. Nonetheless, Hall inaptly tries to relitigate the Fifth Circuit's holding here, essentially requesting this Court—and presumably, the Seventh Circuit, if this Court rules against him—to reverse the Fifth Circuit's decision on constitutional grounds. That supervisory role, however, is reserved to the Supreme Court, and Hall cannot circumvent

that court's authority and settled principles of post-conviction relief by proceeding under Section 2241.

Moreover, Hall cannot show that the Section 924(c) conviction—even if it is held invalid—impacted the jury's recommendation to impose the death penalty on the separate conviction of kidnapping resulting in death. Hall's death-penalty eligibility did not depend, factually or legally, upon his *conviction* under Section 924(c), and the jury made its recommendation after a dedicated proceeding that was independent of the guilt phase. During the penalty phase, the jury presumably considered Hall's use or carrying of a firearm during the brutal kidnapping and murder of Lisa Rene, but it had already found that those *facts* were proven beyond a reasonable doubt. Hall's conduct was relevant; his conviction under Section 924(c) was of no consequence. The sole remaining issue confronting the jury was whether to recommend the death penalty, considering Hall's conduct and relevant aggravating and mitigating circumstances. In deciding that issue, the jury knew that Hall's conduct in kidnapping and murdering Lisa Rene was violent, regardless of whether he was charged and convicted under Section 924(c). As a result, there is no miscarriage of justice to remedy under Section 2241.

## STATEMENT OF THE CASE

Hall and several others ran a marijuana-trafficking enterprise in Pine Bluff, Arkansas, using drugs that they bought from sources in the Dallas/Fort Worth area of north Texas, including Neil Rene and Stanfield Vitalis. *United States v. Hall*, 455 F.3d 508, 510-11 (5th Cir. 2006). In September 1994, Hall and his fellow drug traffickers traveled to Texas and paid Rene and Vitalis $4,700 to procure marijuana. *Id.* Rene and

Vitalis subsequently phoned Hall, claiming that they could not deliver the marijuana because they had been robbed of the buy money. *Id.* Hall's group performed surveillance and concluded that Rene and Vitalis had lied about the robbery. *Id.*

On September 24, 1994, convinced that they had been ripped off, Hall and three co-conspirators—Bruce Webster, Steven Beckley, and Demetrius Hall—went to Rene's apartment. *Id.* They were armed with handguns, a baseball bat, duct tape, and a jug of gasoline. *Id.* Rene's 16-year old sister, Lisa, was alone in the apartment and refused them entry. *Id.* Hall's group smashed through the glass patio door, kidnapped Lisa, and drove her from Texas to Arkansas, raping her repeatedly. *Id*. at 510-12. They rented a motel room, and on September 25, after Hall took Lisa into the bathroom for 20 minutes, he emerged and announced that "She know[s] too much." *Id.* at 511. Hall and Webster went to a park and dug a grave, but when they took Lisa there later that night, they could not find the grave site in the dark. *Id.* They returned to the motel room, and early the next morning, moved Lisa to a different motel room to escape the suspicion of a security guard at the first motel. *Id.*

Later that morning, Hall, Webster, and Beckley drove Lisa to the grave site. *Id.* Hall put a sheet over her head and hit her in the head with a shovel. *Id.* Lisa tried to run away but the men grabbed her, and Hall and Beckley took turns beating her with the shovel. *Id.* Webster then gagged Lisa, dragged her to the grave, and covered her with gasoline and dirt. *Id.* Lisa was alive but unconscious when Webster buried her, and although she may have regained consciousness in the grave before her death, she

ultimately succumbed to the combined effects of asphyxia and multiple blunt-force injuries. *Id.*

In October 1995, a jury in the Northern District of Texas convicted Hall of kidnapping in which a death occurred, conspiracy to commit kidnapping, traveling in interstate commerce to promote possession of marijuana with intent to distribute, and, as relevant here, using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). *Id.* at 512. After a separate sentencing hearing, the jury unanimously recommended the death penalty for the kidnapping conviction. *Id.* The district court imposed that penalty, along with life imprisonment for the conspiracy conviction, 60 months for the drug conviction, and 60 months for the Section 924(c) conviction. *Id.* at 512 & n.1.

The Fifth Circuit affirmed Hall's conviction and sentence. *United States v. Hall*, 152 F.3d 381, 389-90 (5th Cir. 1998). In May 2000, Hall filed his first motion[1] to vacate his conviction under 28 U.S.C. § 2255. *Hall*, 455 F.3d at 512. The district court denied the motion on the merits, and, in a published decision after briefing by both parties, the Fifth Circuit denied his application for a certificate of appealability. *Id.* at 513, 524.

In May 2016, Hall—seeking to challenge for the first time his Section 924(c) conviction based on the Supreme Court's decisions in *Johnson* and *Welch*[2]—moved the

---

[1] Hall's first Section 2255 motion raised nine challenges under the Fifth, Sixth, and Eighth Amendments, *see id.* at 512 & n.2, but none of them were akin to the due-process challenge that he asserted in his successive Section 2255 motion and raises again here under Section 2241.

[2] *Johnson v. United States*, 135 S. Ct. 2551, 2555-57, 2563 (2015) (holding that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague); *Welch v. United States*, 136 S. Ct. 1257, 1264-65 (2016) (holding that *Johnson* announced a new rule of constitutional law

Fifth Circuit for authorization to file a successive motion under Section 2255.  On June 20, 2016, the Fifth Circuit denied Hall's motion.  (*See* Govt.'s App'x at 1-3.)  It reasoned:

> *Johnson* did not address § 924(c)(3)(B) or any similarly worded provision. Noting that undeniable fact, this court has now denied a motion for authorization to file a successive § 2255 motion, holding, in a binding, published opinion involving a similarly situated federal death-row prisoner, that "the Supreme Court has not taken a position on whether *Johnson* applies to section 924(c)(3)(B)," thus denying a motion for authorization to file a successive § 2255 motion.

(*Id.* (citing *In re Fields*, 826 F.3d 785, 787 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1326 (2017)).)  And, as it had previously held in *Fields*, the Fifth Circuit further determined that "even if *Johnson* does apply to [Section 924(c)(3)(B)], the Supreme Court has not addressed whether this arguably new rule of criminal procedure applies retroactively to cases on collateral review."  (*Id.* (quoting *Fields*, 826 F.3d at 787).)

Now, in the instant petition under Section 2241, Hall contends that this Court is authorized to vacate his Section 924(c) conviction and order a complete resentencing on the remaining counts because (i) his Section 924(c) conviction purportedly suffers from both statutory and constitutional defects, and (ii) the conviction's alleged defects render the death penalty unreliable, even though the jury reached its unanimous recommendation in a proceeding that was separate from its findings of guilt, and the death sentence was imposed solely for the conviction of kidnapping resulting in death.  (Doc. 1 at 5-14.)

Hall's petition must be denied because he cannot satisfy the three-condition test employed by the Seventh Circuit to seek relief under Section 2241.

---

that has been made retroactive by the Supreme Court to cases on collateral review).

## ARGUMENT AND AUTHORITIES

**1.      Hall concedes, as he must, that the Seventh Circuit utilizes a three-condition test to determine if he is permitted to resort to Section 2241.**

"Federal prisoners who seek to bring collateral attacks on their conviction or sentences must ordinarily bring an action under 28 U.S.C. § 2255." *Poe v. LaRiva*, 834 F.3d 770, 772 (7th Cir. 2016) (quoting *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013)).  In particular, Section 2255(a) provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).

"A federal prisoner, however, may file a petition under § 2241, if the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'"  *Poe*, 834 F.3d at 772 (quoting the "savings clause" in 28 U.S.C. § 2255(e)).  "This generally requires 'a structural problem in § 2255 [that] forecloses even one round of effective collateral review,' unrelated to the petitioner's own mistakes."  *Id.* (quoting *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)).

Under the circumstances presented in Hall's petition, Seventh Circuit precedent requires him to satisfy a longstanding, three-condition test to determine if he is "permitted to resort to § 2241."  *Id.*  The test was established in *In re Davenport*, 147 F.3d 605, 610-12 (7th Cir. 1998), and has been repeated in several cases since then, including *Poe* and *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016), which Hall cites

in his petition. (*See* Doc. 1 at 12-13.) As stated in *Poe*, the test requires Hall to demonstrate each of the following:

> First, . . . that he relies on a statutory-interpretation case, rather than a constitutional case. Second, . . . that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion. The third condition is that [the] sentence enhancement . . . have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding.

834 F.3d at 773 (quoting *Caraway*, 719 F.3d at 586)).

### A.    Hall cannot satisfy the *Davenport* test's first condition.

Hall says that he "easily satisfies" each of the conditions, (Doc. 1 at 13), but, by the indisputable and self-described nature of his *Johnson*-based challenge, he cannot even overcome the first requirement of showing that he "relies on a statutory-interpretation case, rather than a constitutional case," *Poe*, 834 F.3d at 773.

In *Johnson*, the Supreme Court considered the constitutionality of the residual clause in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(b)(ii). The Court "h[e]ld that imposing an increased sentence under the residual clause of [ACCA] violates the Constitution's guarantee of due process" because the provision is unconstitutionally vague. 135 S. Ct. at 2563. Subsequently, in *Welch v. United States*, the Court held that *Johnson*'s invalidation of the residual clause is "a substantive decision and so has retroactive effect . . . in cases on collateral review." 136 S. Ct. 1257, 1265 (2016).

Hall's petition repeatedly invokes *Johnson*'s constitutional holding to support his instant claim. In fact, he acknowledges that "his right to the writ rests on three

assertions," including the Seventh Circuit's decision in *Cardena*, which held that *Johnson* can be extended outside of ACCA to invalidate the residual clause in Section 924(c) as "unconstitutionally vague." (*See* Doc. 1 at 1, 3, 5 (citing *United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016) (holding, on direct appeal, that although *Johnson*'s due-process holding was based on the residual clause in ACCA, *Johnson*'s reasoning also invalidates the residual clause in Section 924(c)(3)(B) because the provisions are virtually indistinguishable)).)

Despite Hall's self-professed reliance on the constitutional holdings in *Johnson* and *Cardena*, he inexplicably purports to meet the Section 2241 test's first benchmark because his claim "involves questions of statutory interpretation." (*Id.* at 13.) In reaching this unsupportable conclusion, Hall invokes *United States v. Jenkins*, 849 F.3d 390, 394 (7th Cir. 2017), which held that a conviction for kidnapping under 18 U.S.C. § 1201(a) does not constitute a crime of violence under Section 924(c)'s use-of-force clause. While that is certainly *Jenkins*'s holding, it is not decisive here because it does not invalidate Hall's conviction under Section 924(c)'s residual clause. Hall recognizes *Jenkins*'s limited impact, as evidenced by his acknowledgement that "his right to the writ" cannot succeed without the constitutional holdings in *Johnson* and *Cardena*. (*See* Doc. 1 at 1.) Thus, by Hall's own reckoning, he cannot successfully challenge the Section 924(c) conviction based solely on *Jenkins* because only *Cardena*—by extending *Johnson*'s constitutional holding beyond ACCA—held Section 924(c)'s residual clause to be unconstitutionally vague. This Court, therefore, (i) need not consider *Jenkins*, because its holding is one of statutory interpretation under Section 924(c)'s use-of-force

clause, which cannot help Hall avoid liability under Section 924(c)'s residual clause, and (ii) need only recognize that *Cardena*'s holding is constitutional, which thereby precludes Hall from meeting the first criterion of the Seventh Circuit's three-condition test to proceed under Section 2241.

Indeed, the Seventh Circuit has rejected a Section 2241 petitioner's misguided attempt to do what Hall attempts here—namely, to claim that a Section 2241 petition is viable by "shoehorning" a statutory-interpretation holding into the proceeding based on its immaterial "nexus" with a constitutional holding. *Poe*, 834 F.3d at 774 (rejecting Section 2241 petition for failing to satisfy the first condition of the *Davenport* test because "[a] petitioner may not 'cherry-pick' aspects of legally unrelated Supreme Court cases in order to overcome AEDPA's procedural requirements"). Although *Jenkins* and *Cardena* are related to the extent that they both involve Section 924(c)(3), that relationship is of no moment in this action because they involve different analyses (statutory-construction versus constitutional) of different clauses (use-of-force versus residual). And again, Hall's petition can only succeed if the Court considers *Cardena*'s constitutional holding; *Jenkins*'s statutory-interpretation holding does not suffice.

In sum, because Hall's petition hinges on a constitutional holding that, under controlling Seventh Circuit precedent, does not permit him to proceed under Section 2241, his petition must be denied.

   **B.    Denial of authorization to file a successive Section 2255 motion does not render such relief inadequate or ineffective because it was based on Hall's inability to demonstrate remedial constitutional error.**

Despite Hall's failure to meet the first condition of the *Davenport* test, he nonetheless maintains that based on *Cardena* and *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015) (en banc), he is entitled to proceed under Section 2241 because Section 2255 has proven "inadequate or ineffective" under the savings clause in Section 2255(e). (Doc. 1 at 5-6, 9-10.)  Neither case supports Hall's incorrect reading of the savings clause.

*Cardena* was decided on direct appeal and therefore offered no interpretation of Sections 2241 and 2255.  And, as argued above, because Hall's claim relies on *Cardena*'s constitutional holding, he cannot rely on *Cardena* to sanction his Section 2241 petition, which, in this context, is reserved for rulings of statutory interpretation.  *Poe*, 834 F.3d at 773.

Regarding Hall's reliance on *Webster*, the Seventh Circuit in *Poe* rejected the broad reading of *Webster* that Hall urges here by expressly limiting *Webster*'s holding to claims involving "newly discovered evidence" under Section 2255(h)(1), which is a separate basis for relief than Hall's reliance on "a new rule of constitutional law" under Section 2255(h)(2).  Webster was Hall's co-defendant who was also sentenced to death for the kidnapping and murder of Lisa Rene.  *Webster*, 784 F.3d at 1124-25.  The Fifth Circuit denied Webster's first Section 2255 motion and his subsequent application for an order authorizing a successive Section 2255 motion.  *Id.*   He later filed for Section 2241 relief in the Seventh Circuit (his place of confinement) based on "newly discovered

evidence [of intellectual disability] that would demonstrate that he is categorically and constitutionally ineligible for the death penalty." *Id.* (citing *Hall v. Florida*, 134 S. Ct. 1986 (2014), and *Atkins v. Virginia*, 536 U.S. 304 (2002)). The en banc court agreed and authorized the district court to conduct Section 2241 proceedings. *Id.* at 1125.

In *Poe*, the Seventh Circuit expressly limited the scope of its decision in *Webster* to claims of newly discovered evidence. In 1996, Poe was found guilty by a federal jury of several drug offenses, including engaging in a continuing criminal enterprise ("CCE"). *Poe*, 834 F.3d at 771-72. In 1999, the Supreme Court issued its decision in *Richardson*, which effectively rendered Poe's CCE conviction invalid because the jury had not been properly instructed on the elements. *Id.* (citing *Richardson v. United States*, 526 U.S. 813, 824 (1999)). Poe initially sought *Richardson*-based relief under Section 2241, but the district court denied it as procedurally improper and advised Poe to proceed under Section 2255, which he did. *Id.* It then denied Poe's Section 2255 motion as untimely. *Id.* The Seventh Circuit affirmed, concluding that Poe was not entitled to have his Section 2241 petition construed as a timely Section 2255 motion, and it also held that even if his Section 2255 motion had been timely, the *Richardson* error was harmless because the jury unanimously convicted him of at least two other separate drug offenses along with the CCE offense. *Id.* (citing *Poe v. United States*, 468 F.3d 473, 476-78 & n.8 (7th Cir. 2006).)

In 2014, Poe filed another Section 2241 petition. This time he relied on the Supreme Court's decision in *Alleyne*, which held that any fact that increases the mandatory minimum of a sentence is an element of the crime that must be submitted to

Page **11** of **18**

the jury. *Id.* at 772 (citing *Alleyne v. United States*, 133 S. Ct. 2151, 2162-63 (2013)).

The district court summarily denied the petition, explaining that a federal prisoner may

only use Section 2241 if Section 2255 is "inadequate or ineffective," which, in turn,

requires reliance on a new case of statutory interpretation rather than a constitutional

decision like *Alleyne*. *Id.*. The Seventh Circuit granted Poe's request for a certificate of

appealability, directed the parties to address the potential impact of *Webster* and other

specified cases, and ultimately agreed with the district court that Poe could not proceed

under Section 2241. *Id.* at 772-73.

Citing the three-condition test established in *Davenport* and reiterated in *Caraway*,

the appellate court first determined that "Poe's § 2241 petition fails the first *Davenport*

condition because *Alleyne* is a constitutional case, not a statutory-interpretation case." *Id.*

at 773. In reaching this conclusion, the court rejected Poe's argument—reprised here by

Hall—that the express reservation of Section 2241 relief for statutory-interpretation cases

could nonetheless be side-stepped when the challenge hinges on important constitutional

issues, stating:

> Poe contends that *Caraway* misreads *Davenport*, asserting that *Davenport*
> does not actually preclude use of § 2241 for a constitutional case. This
> contention is meritless. The *Davenport* conditions for § 2241 were based on
> an assessment of the essential functions of habeas corpus and limitations of
> the remedy under § 2255.

*Id.*

The Seventh Circuit similarly rejected Poe's assertion—also urged here by Hall—

that Section 2255 is shown to be inadequate or ineffective when a prisoner cannot

Page **12** of **18**

demonstrate a new rule of constitutional law that the Supreme Court has declared retroactive on collateral review. The *Poe* court reasoned:

> Because § 2255(h) already provides a remedy for new constitutional cases, these types of cases would not fall under the Savings Clause, which is available only if the remedy under § 2255 is "inadequate or ineffective." Where *Davenport* recognized a structural problem in § 2255(h) is in the fact that it did not permit a successive petition for new rules of *statutory* law made retroactive by the Supreme Court.

*Id.* (emphasis in *Poe*). Stated another way, only when Section 2255 precludes the prisoner from raising a definitive statutory-interpretation challenge does Section 2241 become necessary to remedy the structural defect under Section 2255.

Lastly, the circuit court rejected Poe's assertion—again, reprised here by Hall—that *Webster* can be interpreted broadly to permit Section 2241 relief by somehow modifying the governing standards. Poe had contended that "*Webster* stands for the proposition that the savings clause of § 2255(e) permits a federal prisoner to resort to a petition under § 2241 because the United States Supreme Court established that the Constitution itself forbade the sentence imposed." *Id.* at 774 (internal citation and quotation marks omitted). The circuit court disagreed, saying that Poe's "reading of *Webster* is too broad." *Id.* *Webster*'s holding, the *Poe* court emphasized, "was narrow in scope," did not apply "outside the context of new evidence," and merely "held that 'there is no categorical bar against resort to section 2241 in cases where new evidence would reveal that the Constitution categorically prohibits a certain penalty.'" *Id.* (quoting *Webster*, 784 F.3d at 1139). Thus, "*Webster* [was] inapplicable . . . because Poe's § 2241 petition [did not] not involve a claim of new evidence—instead, he raise[d] a claim under

*Alleyne* that the jury did not find him guilty of an element of CCE." *Id.* So too here. Because *Webster*'s holding is limited to claims involving newly discovered evidence, it cannot support Hall's due-process claim under *Johnson*.[3]

Nor can Hall demonstrate a structural error under Section 2255 simply because the Fifth Circuit declined to grant his request for authorization to file a successive motion under Section 2255(h). The Fifth Circuit denied the request based on its determination that *Johnson* does not apply to Section 924(c)'s residual clause. (Govt's App. at 1-3.) Although Hall is correct that other circuits have granted authorization to file successive motions under Section 2255(h), (Doc. 1 at 11), such authorization is based on a prima facie showing and does not foretell a particular result. Moreover, Hall agrees that *Cardena* created a circuit split on the issue, (*id.* at 6 & n.3),[4] making it the outlier because the majority of circuits have held that Section 924(c)'s residual clause is not unconstitutionally vague. *See Ovalles v. United States*, 861 F.3d 1257, 1265 (11th Cir. 2017); *United States v. Prickett*, 839 F.3d 697, 699-700 (8th Cir. 2016) (per curiam), *petition for cert. pending*, No. 16-7373 (filed Dec. 28, 2016); *United States v. Hill*, 832 F.3d 135, 145-149 (2d Cir. 2016); *United States v. Taylor*, 814 F.3d 340, 375-379 (6th Cir. 2016), *petition for cert. pending*, No. 16-6392 (filed Oct. 6, 2016).

---

[3] *Webster*'s wholesale inapplicability to Hall's Section 2241 petition also defeats his argument that, under *Webster*, Section 2255(e)'s savings clause must be interpreted to avoid conflict with the Constitution's suspension clause. (Doc. 1 at 14.)

[4] The government has petitioned for certiorari in *Cardena*, No. 17-5321 (filed July 25, 2017).

Thus, until the Supreme Court decides the issue, perhaps in *Sessions v. Dimaya*,[5] lower courts may reach opposite conclusions on *Johnson*'s extension to Section 924(c)'s residual clause without evincing a structural problem in Section 2255.  As the Seventh Circuit has emphasized, the structural problem that renders Section 2255(h) inadequate or ineffective occurs when it "[does] not permit a successive petition for new rules of *statutory* law made retroactive by the Supreme Court."  *Poe*, 834 F.3d at 773 (emphasis in *Poe*).  Hall therefore mischaracterizes the denial of authorization under Section 2255(h) as evincing a remedial structural problem under Section 2241 regarding his *constitutional* claim.

> **C.      Hall fails to show that the alleged defect in the Section 924(c) conviction caused an injustice when the jury recommended the death penalty for the separate conviction of kidnapping resulting in death.**

Even if Hall were to meet the first two conditions of the Seventh Circuit's gate-keeping test under Section 2241, he must also show that he suffered "a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding."  *Id.*  He fails to do so.

To that end, Hall cites *Johnson v. Mississippi*, 486 U.S. 578 (1988), to support his request for a complete resentencing.  He contends that based on the "unparalleled need for reliability in capital sentencing, the Eighth Amendment cannot tolerate the risk that [his] invalid § 924(c) conviction contributed to his death sentence."  (Doc. 1 at 6-7.)

---

[5] No. 15-1498 (calendared for argument Oct. 2, 2017) (presenting the question whether the definition of "crime of violence" contained in Section 16(b), as incorporated into the provisions of the Immigration and Nationality Act, 8 U.S.C. 1101 et seq., governing an alien's removal from the United States, is unconstitutionally vague.

Hall's reliance on *Johnson v. Mississippi*[6] is misplaced.  In that case, the jury found Johnson guilty of murder and recommended the death penalty after it "found three aggravating circumstances, any one of which, as a matter of Mississippi law, would have been sufficient to support a capital sentence."  486 U.S. at 580-81.  One of the qualifying aggravators was that he previously had been convicted in New York of felony assault. *Id.*  Johnson later succeeded in having the New York Court of Appeals reverse the assault conviction, and the Supreme Court, citing the possibility that the invalid conviction played a decisive role as one of the requisite aggravating factors under Mississippi law, remanded the case for further proceedings.  *Id.* at 586, 589.  The Supreme Court observed that a harmless-error analysis was not justified under the facts of the case because the prosecutor had "vigorously argued" to the jury that the prior conviction supported the death penalty.  *Id.* at 590 & n.8.  It also stated that "more importantly, the error here extended beyond the mere invalidation of an aggravating circumstance supported by evidence that was otherwise admissible.  Here the jury was allowed to consider evidence that has been revealed to be materially inaccurate."  *Id.* at 590.

    For two reasons, the circumstances of Hall's sentencing and post-conviction challenge do not remotely resemble those in *Johnson v. Mississippi.*  First, Hall's petition attacks the validity of his Section 924(c) *conviction*, but none of the *facts* underlying it. As demonstrated by the guilty verdict for the 924(c) offense, Hall's jury had already found beyond a reasonable doubt that he used or carried a firearm during the kidnapping

---

[6] The government uses "*Johnson v. Mississippi*" to avoid confusion with the Supreme Court's decision in *Johnson* regarding ACCA.

and murder of Lisa Rene.  Second, the Section 924(c) conviction was not an aggravating factor that Hall's jury was required to find to recommend the death penalty for the conviction of kidnapping resulting in death.  Thus, unlike in *Johnson*, (i) Hall's eligibility for the death penalty did not depend upon his conviction under Section 924(c), whether valid or not; (ii) Hall cannot point to any portion of the record where the government argued—vigorously or otherwise—for the death penalty on that basis; and (iii) to the extent that the jury considered Hall's conduct underlying the Section 924(c) offense, those facts were admissible and materially accurate.

Simply stated, Hall's Section 924(c) conviction and its "crime of violence" definition were no longer pertinent in fact or law during the separate death-penalty proceeding.  The sole remaining issue confronting the jury was whether to recommend the death penalty based on Hall's conduct and relevant aggravating and mitigating circumstances.  The jury listened to the evidence at trial and sentencing, and it had already found that Hall fully participated in the brutal kidnapping and murder of Lisa Rene, so it was painfully aware that his conduct was violent and involved a firearm regardless of whether he was charged and convicted under Section 924(c).  As a result, even if his Section 924(c) conviction is held invalid, it caused no miscarriage of justice regarding his conviction or sentence for kidnapping resulting in death.  There is, therefore, no injustice to remedy under Section 2241.

## CONCLUSION

Hall's Section 2241 petition should be denied.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

*/s/ Timothy W. Funnell*
TIMOTHY W. FUNNELL
Assistant United States Attorney
Wisconsin State Bar No. 1022716
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102-6897
Phone: (817) 252-5252
Tim.Funnell@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on September 26, 2017, this response was filed electronically.  Notice

of this filing will be sent to all ECF-registered counsel of record via email generated by

the Court's ECF system.

*/s/ Timothy W. Funnell*
TIMOTHY W. FUNNELL
Assistant United States Attorney