**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION**

| | |
|---|---|
| ORLANDO CORDIA HALL, | ) |
| | ) |
| Petitioner, | )   Case No. 2:17-cv-00176-WTL-MJD |
| | ) |
| v. | ) |
| | ) |
| CHARLES DANIELS, WARDEN, UNITED | ) |
| STATES PENITENTIARY, TERRE HAUTE, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**REPLY IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241**

Respectfully submitted,

SIDLEY AUSTIN LLP

By:     s/ Jillian Dent

Liv Kiser
Robert Hochman (*pro hac vice*)
Jillian Dent (*pro hac vice*)
One South Dearborn Street
Chicago, Illinois 60603
Tel.: (312) 853-7000
Fax: (312) 853-7036
lkiser@sidley.com
rhochman@sidley.com
jdent@sidley.com

**TABLE OF CONTENTS**

I.      INTRODUCTION.................................................................................................1

II.     ARGUMENT......................................................................................................2

      A.      Mr. Hall's Petition Under § 2241 Is Cognizable Because He Had "No Reasonable Opportunity To Obtain" Reliable Relief Under § 2255.................2

            1.      The Seventh Circuit does not solely utilize a three-condition test in determining the applicability of § 2241...................................................2

            2.      The Fifth Circuit's denial of Mr. Hall's request for authorization to file a successive motion under § 2255 created a structural problem that makes review under § 2241 available to him under *Webster*.........3

            3.      *Poe v. LaRiva* does not limit *Webster* such that Mr. Hall cannot obtain relief under § 2241. ..................................................................................5

            4.      In addition to being cognizable under *Webster*, Mr. Hall's claim is cognizable under *Montana v. Cross*'s three-condition test....................5

      B.      Because Mr. Hall's § 924(c) Conviction Cannot Stand, He Must Be Resentenced On All Remaining Counts............................................................7

III.    CONCLUSION ...................................................................................................9

## TABLE OF AUTHORITIES

**Cases**                                                                                  **Page(s)**

*Alleyne v. United States,*
   570 U.S. 99 (2013) ...................................................................................................6

*Cain v. Markley,*
   347 F.2d 408 (7th Cir. 1965) ..................................................................................4

*Cox v. Krueger,*
   No. 17-1099, 2017 WL 4706898 (C.D. Ill. Oct. 19, 2017)....................................3, 4

*In re Davenport*,
   147 F.3d 605 (7th Cir. 1998) ............................................................................2, 4, 5

*Gardner v. Florida,*
   430 U.S. 349 (1977) ...................................................................................................8

*Grey-Bey v. United States,*
   209 F.3d 986 (7th Cir. 2000) ..................................................................................4

*Haynes v. United States*,
   873 F.3d 954 (7th Cir. 2017) .....................................................................................8

*Johnson v. Mississippi,*
   486 U.S. 578 (1988) ...................................................................................................8

*Johnson v. United States*,
   135 S. Ct. 2551 (2015)...........................................................................................1, 6

*Montana v. Cross*,
   829 F.3d 775 (7th Cir. 2016) ...............................................................................1, 6, 7

*Poe v. LaRiva*,
   834 F.3d 770 (7th Cir. 2016) ............................................................................. *passim*

*United States v. Binford*,
   108 F.3d 723 (7th Cir. 1997) ....................................................................................8

*United States v. Cardena*,
   842 F.3d 959 (7th Cir. 2016) ................................................................................1, 6

*United States v. Jenkins*,
   849 F.3d 390 (7th Cir. 2017) ................................................................................1, 6

*United States v. White*,
   406 F.3d 827 (7th Cir. 2005) ....................................................................................8

*Webster v. Daniels*,
   784 F.3d 1123 (7th Cir. 2015) ........................................................................................2, 3, 4

*Welch v. United States*,
   136 S. Ct. 1257 (2016)........................................................................................................1, 6

**Statutes**

18 U.S.C. § 924(c) ……………………………………………………………………….*passim*

28 U.S.C. § 2255 ……………………………..……………………………………………….*passim*

28 U.S.C. § 2241 ……………………………..……………………………………………….*passim*

## REPLY IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

### I.    INTRODUCTION

In his capital trial, petitioner Orlando Cordia Hall was convicted of violating 18 U.S.C. § 924(c), and jurors weighed that conviction as part of deciding to sentence him to death.   Recent decisions dictate that Mr. Hall's § 924(c) conviction is void.[1]   *Johnson* and *Cardena* hold the residual clause of § 924(c) invalid under the Constitution, and *Jenkins* holds the force clause of § 924(c) inapplicable to kidnapping, the predicate crime for which Mr. Hall was convicted.  In light of these decisions and the fact that Mr. Hall is not, and has never been, guilty of one of the crimes for which he was convicted, it is imperative that a court review the integrity of Mr. Hall's death sentence.[2]

But the United States Court of Appeals for the Fifth Circuit has denied Mr. Hall even *authorization* pursuant to 28 U.S.C. § 2255(h)(2) to challenge his void conviction for violating § 924(c).  Because of this denial, only *this* Court can provide Mr. Hall the relief to which current law entitles him.  In the Seventh Circuit, 28 U.S.C. § 2241 is available when a structural problem

---

[1] *See* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition" or "Pet.") at 1, 5-6, *discussing Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding the residual clause of the Armed Career Criminal Act unconstitutionally vague); *Welch v. United States*, 136 S. Ct. 1257 (2016) (holding the decision in *Johnson* is retroactive); *United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016) (holding that, in light of *Johnson*, the residual clause in § 924(c)(3)(B) is unconstitutionally vague), *cert. denied*, No. 17-5321, 2017 WL 3184728, *1 (Oct. 2, 2017); *United States v. Jenkins*, 849 F.3d 390, 394 (7th Cir. 2017) (holding that kidnapping under § 1201(a)(1) "is not a crime of violence under [§ 924(c)(3)'s] Force Clause"), petition for certiorari docketed July 19, 2017.

[2] In a footnote, the Government states that the challenge raised in this Petition was not raised in Mr. Hall's first Section 2255 motion.  (Resp. 4 n.2.)  The Government makes no argument that Mr. Hall's claim is, for that reason, barred. A new, retroactive rule need not have been invoked in a petitioner's first § 2255 motion if it "'would have been futile' to raise [the] claim . . . as the law was squarely against him." *Montana v. Cross*, 829 F.3d 775, 784 (7th Cir. 2016).  That is certainly the case here.

with § 2255 has foreclosed "'even one round of effective collateral review,' unrelated to the petitioner's own mistakes." *Poe v. LaRiva*, 834 F.3d 770, 772 (7th Cir. 2016). Mr. Hall has been denied effective collateral review, and absent review by this Court, Mr. Hall will be executed without any court having heard his claim that a new rule of constitutional law made retroactive by the Supreme Court undermines the validity of his punishment. The Government's arguments that § 2241 is unavailable in Mr. Hall's case are unavailing. Section 2241 is the appropriate – indeed only – avenue for Mr. Hall to challenge the legality of his death sentence, and he must be resentenced on all remaining counts.

## II.    ARGUMENT

### A.    Mr. Hall's Petition Under § 2241 Is Cognizable Because He Had "No Reasonable Opportunity To Obtain" Reliable Relief Under § 2255

Mr. Hall satisfies the requirements set forth by the Seventh Circuit to seek relief under § 2241. The Seventh Circuit does not mandate that petitions under § 2241 meet the three-condition test in *In re Davenport*, 147 F.3d 605 (7th Cir. 1998) – though Mr. Hall's Petition does, in fact, meet the test – but rather provides that § 2241 is available when § 2255 deprives a prisoner of a "reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence." *See Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015). Mr. Hall has been deprived of any opportunity for a reliable judicial determination of his claim under § 2255, making § 2241 the appropriate avenue for relief.

#### 1.    The Seventh Circuit does not solely utilize a three-condition test in determining the applicability of § 2241.

Contrary to the Government's assertion, Mr. Hall does not concede that the three-condition test set forth in *Davenport*, 147 F.3d. at 610-12, is the only avenue to § 2241 relief. The Seventh Circuit itself in *Poe* called the "three-condition test" simply "*[o]ne circumstance* under which this court has permitted resort to § 2241." 834 F.3d at 772-73 (emphasis added). Likewise, in *Webster*,

2

the court explained that the line of § 2241 cases following *Davenport* address different circumstances; what "[a]ll of these decisions" have in common is that "there must be some kind of structural problem with section 2255 before section 2241 becomes available." *Webster*, 784 F.3d at 1136.

Mr. Hall's request for relief is cognizable under *Webster v. Daniels* and Seventh Circuit law because the Fifth Circuit improperly denied him access to § 2255, creating a structural problem. (Pet. 10, quoting *Webster*, 784 F.3d at 1136.)  As described *infra* in Section A.2, Mr. Hall has been deprived of the required reasonable opportunity to obtain reliable judicial relief due to a "structural problem in § 2255 [that] forecloses even one round of effective collateral review." *See Poe*, 834 F.3d at 772.  Section 2241 is therefore the appropriate avenue for relief for Mr. Hall.

**2.      The Fifth Circuit's denial of Mr. Hall's request for authorization to file a successive motion under § 2255 created a structural problem that makes review under § 2241 available to him under *Webster*.**

Citing no authority, the Government argues that Mr. Hall cannot "demonstrate a structural error under Section 2255 simply because the Fifth Circuit declined to grant his request for authorization to file a successive motion." (Resp. at 14-15.)    In a recent decision, however, a court in this Circuit rejected that view.

In *Cox v. Krueger*, the Central District of Illinois recently confronted the exact issue before this Court: namely, when the Court of Appeals in the jurisdiction where a prisoner was sentenced refuses to authorize a second or successive petition, does that create a structural problem with § 2255 such that review via § 2241 becomes available?  No. 17-1099, 2017 WL 4706898, at *4 (C.D. Ill. Oct. 19, 2017). In *Cox*, the petitioner invoked *Johnson* in an attempt "to obtain permission from the Eighth Circuit to file a second or successive § 2255 motion." *Id.* at *4. However, the "Eighth Circuit denied [the petitioner] authorization to file a second or successive motion," precluding review. *Id.*   The district court found that the Eighth Circuit's denial of

3

authorization created a "structural problem with § 2255," and therefore review was available under § 2241. The district court reasoned that the fact that a "denial of authorization to file a second or successive § 2255 motion is not reviewable . . . further supports this Court's finding that § 2255 was inadequate or ineffective to test the legality of [petitioner's] detention." *Id.* at *4 n.1, *citing Gray-Bey v. United States*, 209 F.3d 986, 990 (7th Cir. 2000) ("[A] district court presented with a petition for a writ of habeas corpus under § 2241 should analyze that petition on its own terms, without assuming that whatever cannot proceed under § 2255 also cannot proceed under § 2241.").[3]

The same is true for Mr. Hall. When the Fifth Circuit denied Mr. Hall's motion for authorization, it created a structural problem by foreclosing "even one round of effective collateral review" for Mr. Hall. *See Webster*, 784 F.3d at 1136; *see also Poe*, 834 F.3d at 772. In doing so, the Fifth Circuit denied Mr. Hall a ruling on his claim, even though other federal courts have provided the opportunity to other, similarly-situated federal prisoners.[4]

---

[3] *Dicta* in *Davenport* suggests that a "'change in law' is not to be equated to a difference between the law in the circuit in which the prisoner was sentenced and the law in the circuit in which he is incarcerated." 147 F.3d at 612. *Davenport* relied on *Cain v. Markley*, 347 F.2d 408, 410 (7th Cir. 1965), for this point. In *Cain*, the petitioner's § 2255 motion was denied on the merits by the district court where he was sentenced. The petitioner subsequently filed a § 2241 motion in the district court where he was held. So *Davenport*'s point is merely that § 2241 should not be used to obtain a *second* merits evaluation of arguments already considered and rejected on the merits in a prior § 2255 motion. Mr. Hall is not seeking a second evaluation of his claim on the merits. His effort to obtain review of his claim on the merits pursuant to § 2255 was denied by the Fifth Circuit. So that makes Mr. Hall's claim precisely like the petitioner in *Cox*, and so Mr. Hall's § 2241 claim likewise should be heard, just like the petitioner in *Cox*.

[4] As set forth in Mr. Hall's Petition, four circuits – including this one – have already granted permission to file § 2255 successor applications based on the argument that *Johnson* applies to § 924(c)(3)(B). (*See* Pet. 4 n.2.)

### 3. *Poe v. LaRiva* does not limit *Webster* such that Mr. Hall cannot obtain relief under § 2241.

The Government argues that Mr. Hall cannot rely on *Webster* because *Poe* limited *Webster*'s holding to claims involving "newly discovered evidence." (Resp. 14.)  That is not so. The Seventh Circuit held in *Poe* that: "Unlike *Webster*, [petitioner's] case involves *neither a structural problem with § 2255, nor new evidence*." *Poe*, 834 F.3d at 774 (emphasis added).  The claim in *Poe* is fundamentally distinct from Mr. Hall's claim.  *Poe* involved no structural problem that precluded review under § 2255.  Rather Poe "was unable to bring his [] claim because he filed the wrong petition under § 2241 and his subsequent petition under § 2255 was untimely." *Id.* (emphasis omitted).

Here, Mr. Hall *does* allege a structural defect – that the Fifth Circuit refused to authorize a new proceeding under § 2255 irrespective of its merit and despite the retroactive applicability of *Johnson*.  And *Poe* reaffirms that § 2241 is available in situations like Mr. Hall's – where a structural defect precludes even one round of effective collateral review to test the legality of detention.  *See, e.g., Poe*, 834 F.3d at 772 (Section 2241 is available when the remedy under "§ 2255 is 'inadequate or ineffective to test the legality of his detention," which generally requires a "structural problem in § 2255" that "forecloses even one round of effective collateral review").

### 4. In addition to being cognizable under *Webster*, Mr. Hall's claim is cognizable under *Montana v. Cross*'s three-condition test.

The Seventh Circuit developed the three-condition test, first introduced in *In re Davenport*, because it recognized that some retroactive changes of law "elude[] the permission in section 2255 for successive motions." 147 F.3d at 611.  At bottom, § 2241 is available when § 2255 proves "inadequate or ineffective to test the legality" of a prisoner's detention.  Here, Mr. Hall cannot proceed under § 2255 in the Fifth Circuit, and so the only avenue available to him is through use of § 2241 in the Seventh Circuit, where he is detained.

In addition to *Webster*, a petitioner may proceed under § 2241 by meeting the following three conditions:

> (1) that he relies on "not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255 motion," (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding, and (3) that the error is "grave enough ... to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding," such as one resulting in "a conviction for a crime of which he was innocent."

*Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016), *cert. denied sub nom. Montana v. Werlich*, 137 S. Ct. 1813 (2017).

It is true that in Mr. Hall's case that he relies on *both* a constitutional case and a statutory-interpretation case. As explained in Mr. Hall's petition, he relies on the retroactive, constitutional holding of *Johnson* that the residual clause of the Armed Career Criminal Act is unconstitutionally vague – a holding which the Seventh Circuit has extended to § 924(c)(3)'s residual clause. *See Johnson*, 135 S. Ct. at 2558; *Welch*, 136 S. Ct. at 1265; *Cardena*, 842 F.3d at 996. However, Mr. Hall can rely on *Johnson* and *Cardena* only because the Seventh Circuit held – in a statutory-interpretation case – that Mr. Hall's predicate offense of kidnapping under § 1201(a)(1) "is not a crime of violence under [§ 924(c)(3)'s] Force Clause." *Jenkins*, 849 F.3d at 394. Therefore, Mr. Hall's petition necessarily relies on a statutory-interpretation case, and Mr. Hall could not have brought a § 2255 petition in this Court.

The one case the Government cites in support of its position is inapposite. (Resp. 9, *citing Poe*, 834 F.3d at 774.) In *Poe*, the petitioner's claim did not involve statutory interpretation, nor did it address a situation where constitutional and statutory decisions interwove to invalidate the conviction. Rather, the petitioner's claim in *Poe* relied on *Alleyne v. United States*, 570 U.S. 99 (2013), which the Seventh Circuit had held was "a constitutional case, not a statutory-interpretation

6

case." *Poe*, 834 F.3d at 773.  The court in *Poe* explained that the petitioner's attempts to "shoehorn his [formerly-rejected and statutory] *Richardson* claim into his § 2241 petition, which relied on *Alleyne*" were improper because the supposed "nexus" between the two cases "makes no sense." *Id.* at 774.  However, the nexus between *Johnson*, *Welch*, *Cardena*, and *Jenkins* is obvious in Mr. Hall's case: his conviction under § 924(c) is invalid on collateral review due to the interaction of these four decisions.

Because a structural defect renders § 2255 "inadequate or ineffective to test the legality" of his detention, § 2241 is available to Mr. Hall – indeed, it is the only possible route for him to obtain review.  And, as discussed further *infra* in Section B, Mr. Hall has suffered an error "grave enough . . . to be deemed a miscarriage of justice":  he was sentenced to death by a jury that weighed in its deliberations the fact that he had been convicted of a crime of which we now know him to be innocent.  *See Montana*, 829 F.3d at 783 (an error "grave enough . . . to be deemed a miscarriage of justice" includes "a conviction for a crime of which [a petitioner] was innocent").

**B.      Because Mr. Hall's § 924(c) Conviction Cannot Stand, He Must Be Resentenced On All Remaining Counts**

The Government does not necessarily disagree that Mr. Hall's conviction under § 924(c) is void under Seventh Circuit law, and even admits that "the jury presumably considered Hall's use or carrying of a firearm" during sentencing when it considered whether to recommend the death penalty. (Resp. 2.)  Despite these two facts, however, the Government insists that there is no injustice to remedy under § 2241 because Mr. Hall's § 924(c) conviction was "no longer pertinent in fact or law during the separate death-penalty proceeding." (Resp. 17.)  This characterization is insupportable.

Mr. Hall's conviction under § 924(c) is and was relevant both in fact and in law in relation to Mr. Hall's death sentence.  In its Guilt-Phase Jury Charge, cited in the Petition, the district court

*expressly connected* Mr. Hall's § 924(c) charge to the kidnapping. The court instructed the jurors that they should convict Mr. Hall under § 924(c) only if they were "convinced that the government ha[d] proven . . . [t]hat the defendant committed the crime of interstate kidnapping as alleged in Count 1 of the indictment." (Pet. 8, *citing* Ex. B, Hall Guilt-Phase Jury Charge, at 16.)  The same jurors who found Mr. Hall guilty also recommended his death sentence.  It is of no moment whether Mr. Hall's petition attacks the conviction itself or the facts underlying the conviction, as posited by the Government. (Resp. 16.)  Mr. Hall is innocent of a crime under § 924(c), and his conviction under § 924(c) should be vacated.

Moreover, when one count in a multi-count sentence is vacated, the district court should adjust the entire sentence to achieve an appropriate sentence in light of the remaining convictions. *See United States v. White*, 406 F.3d 827, 832 (7th Cir. 2005); *see also United States v. Binford*, 108 F.3d 723, 729 (7th Cir. 1997) (holding the "sentencing package concept is just as applicable in the collateral attack context as it is in the direct appeal context").  "[T]he norm is to resentence on all counts when any conviction is vacated or needs a new sentence." *Haynes v. United States*, 873 F.3d 954, 955 (7th Cir. 2017) (explaining in the collateral attack context that the resentencing ordered on some counts "may well affect the sentence" on the other convictions).  The Government cites no authority holding otherwise.  Instead, the Government speculates broadly about what it supposes the jury did or did not consider when recommending the death penalty in the first place. Such guesswork is no basis for disregarding this Circuit's precedents. In addition, as Mr. Hall's Petition explains, the Eighth Amendment demand for unparalleled reliability in capital sentencing cannot be satisfied where there is a risk that an invalid conviction contributed to a death sentence. *See* Pet. 6-7 (citing, *inter alia*, *Johnson v. Mississippi*, 486 U.S. 578, 584, 586 (1988), and *Gardner v. Florida*, 430 U.S. 349, 359 (1977)).  Weighing the invalid conviction likely affected the jurors'

consideration of whether Mr. Hall would present a continuing threat of future violence, as the Government alleged in urging a death sentence. The invalid conviction likely also influenced the jury's consideration of statutory aggravating factors and distorted its consideration of mitigating evidence that might otherwise have been found to warrant mercy.

For all these reasons, there can be no doubt that re-sentencing is required.

## III.   CONCLUSION

The Fifth Circuit has held that 28 U.S.C. § 2255(h) precludes it from even *considering* whether Mr. Hall's conviction for violating 18 U.S.C. § 924(c) is invalid under *Johnson*.  Section 2255 has thus proven inadequate and ineffective to test the legality of Mr. Hall's conviction, and so Mr. Hall – unless this Court acts – faces a death sentence that rests on a conviction which contradicts a rule of law determined by the Supreme Court.  Mr. Hall respectfully urges this Court to exercise appropriate jurisdiction and prevent an unjust execution from taking place.

Dated:   December 11, 2017                    SIDLEY AUSTIN LLP

By: s/ Jillian Dent

Liv Kiser
Robert Hochman (*pro hac vice*)
Jillian Dent (*pro hac vice*)
One South Dearborn Street
Chicago, Illinois 60603
Tel.: (312) 853-7000
Fax: (312) 853-7036
lkiser@sidley.com
rhochman@sidley.com
jdent@sidley.com

9

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 11, 2017, a copy of the foregoing was

filed electronically. Notice of this filing will be sent to all ECF-registered counsel of record via

email generated by the Court's ECF system.


_____s/ Jillian Dent_____