IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

ORLANDO CORDIA HALL,
               Petitioner,

v.

CHARLES DANIELS,
               Respondent.

No.    2:17-CV-00176-JPH-MJD

## GOVERNMENT'S OPPOSED MOTION TO DISMISS OR, IN THE ALTERNATIVE, UNOPPOSED MOTION TO HOLD THIS § 2241 PETITION IN ABEYANCE

After Orlando Hall filed this 28 U.S.C. § 2241 petition, he filed in the Fifth Circuit an application for authorization to file a successive 28 U.S.C. § 2255 motion.   Hall's application—which seeks authorization to proceed under Section 2255 with the same claim that he raises here—is still pending before the Fifth Circuit.   Indeed, the Fifth Circuit recently ordered Hall and the United States to file letter briefs explaining the impact of *United States v. Davis*, 139 S. Ct. 2319 (2019), on his request to challenge his conviction and death sentence under Section 2255.   Because Hall has sought to proceed under Section 2255, and because his effort remains pending at the Fifth Circuit, he cannot show that Section 2255's remedy is inadequate or ineffective such that he must resort to Section 2241.   For these reasons, explained fully below, this Court should dismiss this Section 2241 action.   Should this Court disagree, it should stay these proceedings until the Fifth Circuit rules on Hall's application for successive authorization.

1

## STATEMENT OF THE CASE

Hall kidnapped, raped, and helped murder a high-school student—he hit her in the head with a shovel and aided his coconspirator, Webster, who poured gasoline on her and buried her alive. *See United States v. Hall*, 152 F.3d 381, 389-90 (5th Cir. 1998).[1] A jury convicted Hall of kidnapping in which a death occurred, conspiracy to commit kidnapping, traveling in interstate commerce with the intent to promote possession of marijuana with the intent to distribute, and, as relevant here, using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). *See id.* at 390. After finding him guilty of those crimes, the jury returned a recommendation that Hall be sentenced to death for the kidnapping in which a death occurred. *Id.* The district court adopted that recommendation and sentenced Hall to death. *Id.* On the other counts, the district court imposed a life sentence and a term of months. *Id.*

Hall's conviction and sentence became final in 1999. *See United States v. Hall*, 455 F.3d 508, 512 (5th Cir. 2006). Hall's first Section 2255 motion was denied with prejudice, *see id.*, and Hall unsuccessfully sought authorization to file a successive Section 2255 motion, *see In re: Hall*, No. 16-10670 (5th Cir. June 20, 2016). His proposed motion sought to extend the rule that the Supreme Court announced in *Johnson v. United States*, 135 S. Ct. 2551 (2015)—and made retroactive in *Welch v. United States*, 136 S. Ct. 1257 (2016)—to invalidate Section 924(c)'s residual clause. *See Hall*, No.

---

1 The government described the facts of Hall's crimes in its initial response and will not repeat that discussion here. For more information on Hall's indisputably "horrible crime," see *Webster v. Daniels*, 784 F.3d 1123, 1125-26 (7th Cir. 2015) (en banc).

16-10670; *see also* (CV No. 1 at 4-5 (explaining the basis for Hall's authorization motion).)[2]

After the Fifth Circuit denied his request for authorization, Hall filed this Section 2241 petition.   (*See* CV No. 1.)   Hall argues here that his Section 924(c) conviction must be set aside under *Johnson* and *Welch* because Section 924(c)'s residual clause is unconstitutionally void for vagueness and kidnapping resulting in death is not otherwise a crime of violence.   (*See* CV No. 1 at 5; *see also* CV No. 21 (recognizing that whether Section 924(c)'s residual cause is unconstitutional is "[o]ne of the central legal questions in this case").)   In an effort to proceed under Section 2241, Hall argues that he cannot obtain relief under Section 2255 because "the Fifth Circuit refuses to acknowledge that § 924(c)'s residual clause is unconstitutionally vague" and "the Fifth Circuit refused leave to file" a successive Section 2255 motion.   (CV No. 1 at 2, 9.)

Yet, while this Section 2241 petition remained pending before this Court, Hall filed with the Fifth Circuit a new application for authorization to file a successive Section 2255 motion.   *See In re: Hall*, No. 19-10345 (Mar. 28, 2019); (*see generally* Gov't.'s App. (Hall's application for successive authorization).)   He also filed his proposed Section 2255 motion in the Northern District of Texas.   *See Hall v. United States*, 4:19-cv-258-Y, Dkt. No. 1 (N.D. Tex. Mar. 28, 2019).[3]   Although Hall's new Section 2255

---

2 "CV No. __" refers to the docket numbers in this Section 2241 action.
3 The Northern District of Texas transferred Hall's unauthorized, successive Section 2255 motion to the Fifth Circuit, which docketed his motion with his application for successive authorization.   *See Hall v. United States*, 4:19-cv-258-Y, Dkt. Nos. 15 & 16 (N.D. Tex. Mar. 28, 2019).

motion and his application for successive authorization cite *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) in addition to *Johnson* and *Welch*, his motions present exactly the same legal theory that Hall seeks to advance here: Section 924(c)(3)(B) is void for vagueness, meaning his "conviction for violating § 924(c) cannot stand" and he is entitled to a full resentencing. *See In re: Hall*, No. 19-10345; (*see also* Gov't.'s App. at 3.)   Hall filed his application for authorization 134 days ago, and it remains pending before the Fifth Circuit.

On July 9, 2019, the Fifth Circuit directed counsel for the United States and Hall to file a letter brief that addresses the impact of *Davis* on Hall's application for successive authorization.   (*See* Gov't.'s App. at 16.)   Meanwhile, this Court has ordered the parties to addresses the impact of *Davis* on Hall's Section 2241 petition.   (*See* CV No. 28.)

## ARGUMENT AND AUTHORITIES

**1.      Because Hall is attempting to proceed under Section 2255, he cannot show a structural defect that renders that Section's remedy inadequate or ineffective.   Thus, this petition should be dismissed.**

This Court should dismiss Hall's Section 2241 petition because he has not shown—as he must—that Section 2255 is "inadequate or ineffective" such that he needs to resort to Section 2241.   "'Federal prisoners who seek to bring collateral attacks on their convictions or sentences must ordinarily bring an action'" under Section 2255.   *Poe v. LaRiva*, 834 F.3d 770, 772 (7th Cir. 2016) (quoting *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).   In rare circumstances, however, a prisoner may proceed under Section 2241, but only "if the remedy under [Section] 2255 is 'inadequate or ineffective

4

to test the legality of his detention.'"  *Poe*, 834 F.3d at 772 (quoting *Caraway*, 719 F.3d at 586).   To proceed under Section 2241, the prisoner must show "'a structural problem in Section 2255 [that] forecloses even one round of effective collateral review,' unrelated to the petitioner's own mistakes."  *Poe*, 834 F.3d at 772 (quoting *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)).   If he cannot make that showing, his Section 2241 petition must be dismissed.  *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) (en banc) (holding that a district court "must dismiss[]" a Section 2241 petition that fails to show a structural defect in Section 2255); *see also id.* at 1136 ("All of these decisions hold, nevertheless, that there must be some kind of structural problem with section 2255 before section 2241 becomes available.").

Because Hall is currently seeking relief in the Fifth Circuit to proceed under Section 2255, he cannot show a structural problem in that Section that prevents his claim from even one round of review.   Thus, "his case must be dismissed at the threshold." *Webster*, 784 F.3d at 1124.   Hall has not informed this Court of his most-recent attempt to seek Section 2255 relief, *see In re: Hall*, No. 19-10345, let alone offered to explain why he must resort to Section 2241 while he also attempts to proceed under Section 2255.   And the reason he cannot do so is manifest: if the Fifth Circuit grants his request to file a successive Section 2255 motion,[4] then he will have no argument that Section 2255 is inadequate or ineffective.   Because Hall cannot now show that his claim is

---

4 To be sure, the government does not concede that Hall has satisfied 28 U.S.C. § 2244's requirements for successive authorization.

5

barred from review by a structural defect in Section 2255, the Court should dismiss this Section 2241 action.   *See Poe*, 834 F.3d at 772; *see also Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019); *see also, e.g.*, *Johnson v. Krueger*, No. 2:17-cv-245-WTL-DLP, 2018 WL 1858200, at *3-4 (S.D. Ind. Apr. 18, 2018) (explaining the petitioner's burden to proceed under Section 2241).

> **2.      Should the Court decline to dismiss this action, the Court should stay it pending the Fifth Circuit's decision on successive authorization.**

The government acknowledges the possibility that the Fifth Circuit will deny Hall successive authorization.   If, because of that possibility, this Court determines that dismissing Hall's action is not yet appropriate, it should stay these proceedings pending the Fifth Circuit's ruling.   This Court enjoys inherent authority to enter stays in habeas cases.   *See Rhines v. Weber*, 544 U.S. 269, 276 (2005) (explaining that "[d]istrict courts do ordinarily have authority to issue stays" in habeas litigation and the decision to stay a habeas action is vested in the sound discretion of the district courts).   The government has consulted with Hall's counsel, who does not oppose a stay pending the Fifth Circuit's ruling on his application for authorization.

Moreover, staying this case will prevent any unnecessary litigation in the event that the Fifth Circuit grants Hall's request.   *See, e.g.*, *In re: Hammoud*, No. 19-12458-G, ___ F.3d ___, 2019 WL 3296800 (11th Cir. July 23, 2019) (holding that Davis announced a new, retroactively-applicable rule of constitutional law and so granting movant's request to file a successive Section 2255 motion raising a *Davis* challenge to a

6

Section 924(c) convition).   If the Fifth Circuit denies Hall's motion to file a successive Section 2255 motion, this Court could lift its stay and resume briefing on the impact of *Davis* on Hall's Section 2241 petition.

## CONCLUSION

This Court should dismiss Hall's Section 2241 motion or stay these proceedings. Alternatively, if the Court denies this motion, the government requests 60 days from the date of such denial within which to file a supplemental response that addresses the impact of *Davis* on Hall's Section 2241 petition.

Respectfully submitted,

Josh J. Minkler
United States Attorney

*s/ Jonathan Bradshaw*
Jonathan Bradshaw
Special Assistant United States Attorney
Colorado Bar No. 43838
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: (214) 659-8600
E-mail: jonathan.bradshaw@usdoj.gov

7

**CERTIFICATE OF CONFERENCE**

I certify that on August 7, 2019, I Conferred with counsel for Hall.   Hall opposes the government's motion to dismiss.   However, Hall does not oppose the government's alternative motion to stay these proceedings pending the Fifth Circuit's ruling on his motion for successive authorization.   Finally, Hall does not oppose the government's alternative request for a 60-day extension of time.

*s/ Jonathan Bradshaw*
Jonathan Bradshaw
Special Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I certify that on August 9, 2019, this response was filed electronically.   Notice of this filing will be sent to all ECF-registered counsel of record via email generated by the Court's ECF system.

*s/ Jonathan Bradshaw*
Jonathan Bradshaw
Special Assistant United States Attorney