# Exhibit 1

**SIDLEY**

SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN STREET
CHICAGO, IL 60603
+1 312 853 7000
+1 312 853 7036 FAX

+1 312  853 2936
RHOCHMAN@SIDLEY.COM

AMERICA • ASIA PACIFIC • EUROPE

August 15, 2019

**Via ECF**

Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA 70130-3408

Re:    *In re: Orlando Cordia Hall*, No. 19-10345

Dear Mr. Cayce:

Please accept this letter in response to the Court's July 9 request for briefing on the effect of *United States v. Davis*, 139 S. Ct. 2319 (2019).  *Davis* invalidates Mr. Hall's conviction under 18 U.S.C. § 924(c).  Therefore, Mr. Hall respectfully requests that this Court authorize him to proceed with a successive motion to vacate under 28 U.S.C. § 2255.

Mr. Hall seeks to vacate his conviction for violating 18 U.S.C. § 924(c), which forbids using or carrying a firearm during and in relation to a crime of violence.  The validity of Mr. Hall's § 924(c) conviction turns on whether kidnapping under 18 U.S.C. § 1201(a) qualifies as a crime of violence under either the "force clause" or the "residual clause" of § 924(c).

*Davis* declared § 924(c)'s residual clause unconstitutional.  *Davis*, 139 S. Ct. at 2336.  The Court styled *Davis* as the natural and inevitable result of its decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018): "Those decisions teach that the imposition of criminal punishment can't be made to depend on a judge's estimation of the degree of risk posed by a crime's imagined 'ordinary case.'" *Davis*, 139 S. Ct. at 2326.  The Court also rejected the government's request that it adopt a case-specific approach to residual clause questions, finding that such an inquiry lacked support in the statute's text,

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

*In re: Orlando Cordia Hall, No. 19-10345*
Page 2

context, and history.  *Id*. at 2327-32.   Thus, the categorical approach remains operative. *Id*.

Under *Davis*'s straightforward application of *Johnson* and *Dimaya*, Mr. Hall is entitled to pursue his successive § 2255 motion.  As detailed in his application for authorization, Mr. Hall has made a prima facie showing that he has presented a claim based on a new constitutional rule that is retroactive.  Per *Davis*, § 924(c)(3)(B)'s residual clause is unconstitutional.   And because *Johnson* is fully retroactive, it follows that *Dimaya* and *Davis* are, too. *See Welch v. United States*, 136 S. Ct. 1257, 65 (2016); *In re Hammoud*, No. 19-12458-G, 2019 WL 3296800, at *4 (11th Cir. July 23, 2019) (published opinion holding *Davis* is retroactively applicable) (attached as Exhibit A); *In re Sparks*, 657 F.3d 258, 261-62 (5th Cir. 2011).  Mr. Hall's application thus relies on a "new rule of constitutional law, made retroactive to cases on collateral review," which was "previously unavailable." *See* 28 U.S.C. §§ 2244(b)(2)(A), 2255(h)(2).   Mr. Hall is entitled to file a successive § 2255 motion.[1]

Furthermore, there is no alternative basis to uphold Mr. Hall's § 924(c) conviction following *Davis*.  In the past, the government has argued that § 1201(a) kidnapping is a crime of violence under § 924(c)'s force clause. *See* Gov't Brief in No. 16-10670 at 15-19.  It is unclear whether the government still takes that position, given its very recent concession in another case – albeit in a court outside this circuit – that § 1201(a) kidnapping is not a crime of violence under § 924(c).  Gov't Response at 1, 3-7, *United States v. Martin*, No. 8:02-cr-00178-PJM (D. Md. August 5, 2019), ECF No. 152 (attached as Exhibit B).  In any event, neither the text of the

---

[1] Mr. Hall's petition is also timely.  Mr. Hall first sought to file a successive § 2255 motion in 2016 following *Johnson*. *See* No. 16-10670. This Court denied leave to proceed, reasoning that *Johnson* did not apply to § 924(c). *See id.*  This Court reversed course following *Dimaya*, and applied *Johnson* to § 924(c) in *United States v. Davis*, 903 F.3d 483 (5th Cir. 2018).  Out of an abundance of caution, Mr. Hall filed the instant application on March 28, 2019, within one year of *Dimaya*. Consistent with *In re Wilson*, 442 F.3d 872, 874 n.3 (5th Cir. 2006), Mr. Hall simultaneously filed his proposed motion to vacate in the district court. *See* Case No. 4:19-cv-00258-Y (N.D. Tex.). On July 19, the district court transferred that motion here, pending this Court's authorization decision.   There are thus no procedural impediments to allowing Mr. Hall to proceed with his successive § 2255 motion.

# SIDLEY

*In re: Orlando Cordia Hall, No. 19-10345*
Page 3

federal kidnapping statute, nor this Court's interpretation of the elements of that crime, categorically render kidnapping a crime of violence.

A defendant may be convicted under § 1201(a) if he "unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof" and, as applicable here, proceeds to travel across state lines. 18 U.S.C. § 1201(a), (a)(1).

The plain text of the statute explicitly allows conviction based on mere deceit – that is, by inveigling[2] or decoying.[3] A defendant who inveigles or decoys his victim need not use violent force capable of causing physical pain or injury (or threat thereof). On the contrary, "inveigling" and "decoying" mean manipulating or coercing *without* the use or threat of force.

Moreover, nothing in the statute suggests that "hold[ing] for ransom or reward or otherwise" is subject to different proof. If the government may prove a defendant acted unlawfully by inveigling or decoying the victim, it can prove the defendant held the victim by the same non-forceful means. There is no textual basis to conclude that, in every case, the "holding" clause of 1201(a) requires the government to prove the defendant acted with violent force capable of causing physical pain or injury (or threat thereof). Accordingly, there is no textual basis to classify § 1201(a) kidnapping as a crime of violence under § 924(c).

This Court's cases interpreting § 1201(a) accord with this plain-text reading: "[N]on-physical restraint – for instance, fear or deception – can be sufficient to restrain a person against [his] will." *United States v. Garza-Robles*, 627 F.3d 161, 166 (5th Cir. 2010) (quoting *United States v. Carrion-Caliz*, 944 F.2d 220, 225 (5th

---

[2] "To lure or entice *through deceit or insincerity*; to persuade (someone) *dishonestly*." Inveigle, *Black's Law Dictionary* (11th ed. 2019) (emphasis added).

[3] "To entice (a person) *without force*; to inveigle." Decoy, *Black's Law Dictionary* (11th ed. 2019) (emphasis added).

# SIDLEY

*In re: Orlando Cordia Hall, No. 19-10345*
Page 4

Cir. 1991)).  In other words, "a hostage taker," or kidnapper,[4] "need not use, or even threaten to use, physical force or violence."  *Carrion-Caliz*, 944 F.2d at 225.  Under this Court's precedent, § 1201(a) does not require proof of use or threat of physical force.  Accordingly, the statute does not enumerate a crime of violence.

Moreover, cases which the government has cited in the past do not support the view that a kidnapper can "hold" his victim only through the use or threatened use of physical force.  *See* Gov't Brief in No. 16-10670 at 15-19.  These cases either concern § 1201's interstate elements (not at issue here),[5] summarily call kidnapping a crime of violence under § 924(c) without relying on the force clause (thus raising the prospect they did not survive *Davis*),[6] fail to apply the categorical approach (and

---

[4] Though *Carrion-Caliz* involved the Hostage Taking Act, 18 U.S.C. § 1203(a), the court applied its § 1201(a) kidnapping precedent because those decisions provided "appropriate … guidance" in interpreting the statute at hand.  *Carrion-Caliz*, 944 F.2d at 225; *see also id*. at 226 n.3 (citing cases pertaining to § 1201(a)).

[5] *See United States v. Wills*, 346 F.3d 476, 492-93 (4th Cir. 2003) ("Wills also asserts that the district court erroneously instructed the jury on the unlawful restraint and holding element of § 1201(a)(1) by failing to instruct the jury that the government had the burden of proving beyond a reasonable doubt that [the victim] was unlawfully restrained or held prior to being transported over state lines.").

[6] *See United States v. Rodriguez-Moreno*, 526 U.S. 275, 280 (1999) ("To prove the charged § 924(c)(1) violation in this case, the Government was required to show that respondent used a firearm, that he committed all the acts necessary to be subject to punishment for kidnaping (a crime of violence) in a court of the United States, and that he used the gun 'during and in relation to' the kidnaping."); *United States v. Morgan*, 748 F.3d 1024, 1035 (10th Cir. 2014) ("The United States Sentencing Commission Guidelines Manual also lists kidnapping as a crime of violence) (citing U.S. Sentencing Guidelines Manual § 4B1.2(a) & cmt. n. 1 (2013) (defining "crime of violence" using similar language to § 924(c)(3)).").

# SIDLEY

*In re: Orlando Cordia Hall, No. 19-10345*
Page 5

thus were implicitly overruled by *Johnson*, *Dimaya*, and *Davis*),[7] or explicitly support Mr. Hall's position.[8]

Rather than rely on these outmoded cases, this Court should look to developments since *Davis*, such as the Eleventh Circuit's conclusion in *Hammoud* that *Davis* announced a new rule of constitutional law that is retroactive (making a successive § 2255 motion available), *see* 2019 WL 3296800 at *1-3, and the government's concession in *Martin* that § 1201(a) kidnapping is not a crime of violence under § 924(c), *see* Exhibit B. In short, the courts are now engaged in the orderly reconsideration of cases displaced by *Davis*. This is one of those cases.

*Davis* invalidates Mr. Hall's conviction for violating § 924(c) because it voids that statute's residual clause as unconstitutionally vague, and the conviction cannot be saved by resort to § 924(c)'s force clause because federal kidnapping under § 1201(a) is not categorically a crime of violence. Accordingly, this Court should authorize Mr. Hall to pursue his *Johnson*-based challenge in the district court.

---

[7] *See United States v. Patino*, 962 F.2d 263, 267 (2d Cir. 1992) (calling kidnapping a crime of violence because it unquestionably "involves the threatened use of physical force against a person," but failing to apply the categorical approach to the underlying elements of § 1201).

[8] *See Chatwin v. United States*, 326 U.S. 455, 460 (1946) (finding no proof that petitioners "willfully intended through force, fear *or deception* to confine the girl against her desires" (emphasis added)); *United States. v. Lentz*, 383 F.3d 191, 203 (4th Cir. 2004) (jurors could reasonably have concluded from the evidence that after the victim's arrival at the house, the defendant "*either* physically forced *or lured* her inside or otherwise confined her against her will for an appreciable period of time in order to accomplish the purpose of the seizure" (emphasis added)); *United States v. Boone*, 959 F.2d 1550, 1556 (11th Cir. 1992) ("Where an inveiglement occurs and force is held in reserve only because the kidnapper's deception is operating successfully, an unlawful interference with the actions of another has occurred – whether or not that person is aware of the interference – such that a kidnapping and holding has occurred under the statute;" "A fact finder must ascertain whether the alleged kidnapper had the willingness and intent to use physical *or psychological* force to complete the kidnapping in the event that his deception failed." (emphasis added)).

# SIDLEY

*In re: Orlando Cordia Hall, No. 19-10345*
Page 6

Sincerely,

*/s/ **Robert Hochman***

Robert N. Hochman
Attorney for Petitioner Orlando Hall

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 15, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered CM/ECF participants.

*<u>s/ Benjamin Gillig</u>*

## <u>CERTIFICATE OF COMPLIANCE</u>

This letter complies with the Court's July 9, 2019, directive because the body of the letter contains 1774 words.

I further certify that this letter complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this letter has been prepared in Times New Roman 14 point font, a proportionally spaced typeface, using Microsoft Word 2016. This letter has been scanned for viruses with CB Defense 3.1.0.100 and found free of viruses.

*s/ Benjamin Gillig*

# Exhibit A

In re Hammoud, --- F.3d ---- (2019)
2019 WL 3296800

2019 WL 3296800
Only the Westlaw citation is currently available.
United States Court of Appeals, Eleventh Circuit.

IN RE: Wissam T. HAMMOUD, Petitioner.

No. 19-12458-G
|
Date Filed: 07/23/2019

**Synopsis**

**Background:** Defendant filed application for authorization to file second or successive motion to vacate sentence, alleging in part that he was entitled to relief based on retroactive application of Supreme Court's decision in *U.S. v. Davis*, 139 S.Ct. 2319, that residual clause of definition of crime of violence, in federal statute providing mandatory minimum sentences for using, carrying, or possessing a firearm in connection with a federal crime of violence, was unconstitutionally vague under due process and separation of powers principles.

**Holdings:** The Court of Appeals held that:

*U.S. v. Davis*, 139 S.Ct. 2319, announced a new substantive constitutional rule, as basis for retroactive application;

Supreme Court's holdings in multiple cases necessarily dictated retroactive application of the new rule;

defendant was not presenting the same claim that had been presented in his first motion to vacate sentence; and

defendant made a prima facie showing of possible merits of claim under *U.S. v. Davis*, 139 S.Ct. 2319.

Application granted in part.

**West Codenotes**

**Recognized as Unconstitutional**
18 U.S.C.A. §§ 16(b), 924(c)(3)(B)

**Attorneys and Law Firms**

Wissam Taysir Hammoud, Pro Se.

U.S. Attorney Service - Middle District of Florida, U.S. Attorney's Office, TAMPA, FL, for Successive Habeas Respondent.

Application for Leave to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence, 28 U.S.C. § 2255(h)

Before: WILLIAM PRYOR, JORDAN and HULL, Circuit Judges.

**Opinion**

BY THE PANEL:

**\*1** Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), Wissam T. Hammoud has filed an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence, 28 U.S.C. § 2255. Such authorization may be granted only if this Court certifies that the second or successive motion contains a claim involving one of the following two circumstances:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." *Id.* § 2244(b)(3)(C); *see also Jordan v. Sec'y, Dep't of Corrs.*, 485 F.3d 1351, 1357-58 (11th Cir. 2007) (explaining that this Court's determination that an applicant has made a *prima facie* showing that the statutory criteria have been met is simply a threshold determination).

## I. BACKGROUND

In 2004, Hammoud was charged by a federal grand jury with various crimes in a 13-count superseding indictment. In 2005, pursuant to a written plea agreement, Hammoud pleaded guilty to these four counts: (1) retaliating against a witness, in violation of 18 U.S.C. § 1513 (Count 1); (2)

solicitation to commit murder, in violation of 18 U.S.C. § 373 (Count 3); (3) use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 5); and (4) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Count 13). As to the § 924(c) firearm charge in Count 5, the plea agreement specified that Hammoud possessed a firearm during the solicitation crime charged in Count 3. The district court dismissed the remaining nine counts and sentenced Hammoud to a total imprisonment term of 240 months, consisting of (1) concurrent 180-month sentences as to Counts 1 (retaliation) and 3 (solicitation); (2) a concurrent 120-month sentence as to Count 13 (felon in possession); and (3) a consecutive 60-month sentence as to Count 5 (the § 924(c) offense).

In 2006, Hammoud filed a direct appeal challenging his guilty pleas as to Counts 1 and 13 and his total sentence. *See United States v. Hammoud*, 229 F. App'x 869, 871 (11th Cir. 2007). On appeal, this Court affirmed Hammoud's convictions and dismissed his sentencing claim based on the sentence appeal waiver provision in his plea agreement. *Id.* at 877. In 2008, Hammoud filed his original § 2255 motion to vacate, set aside, or correct his sentence raising a single ineffective assistance of trial counsel claim, which the district court denied on the merits.

In 2018, Hammoud filed an application for leave to file a second or successive § 2255 motion with this Court, arguing, among other things, that § 924(c)(3)(B) was unconstitutional, in light of the new rule of constitutional law announced in *Johnson v. United States*, 576 U.S. ——, 135 S. Ct. 2551, 192 L.Ed.2d 569 (2015), and *Sessions v. Dimaya*, 584 U.S. ——, 138 S. Ct. 1204, 200 L.Ed.2d 549 (2018), which held, respectively, that the residual clauses in the Armed Career Criminal Act ("ACCA") and 18 U.S.C. § 16(b) were unconstitutionally vague. We denied Hammoud's 2018 application on the merits because, under our then-binding precedent in *Ovalles v. United States ("Ovalles II")*, 905 F.3d 1231, 1253 (11th Cir. 2018) (en banc), *abrogated by United States v. Davis*, 588 U.S. ——, 139 S. Ct. 2319, —— L.Ed.2d —— (2019), and *In re Garrett*, 908 F.3d 686, 689 (11th Cir. 2018), *abrogated in part by Davis*, 588 U.S. ——, 139 S. Ct. 2319, neither *Johnson* nor *Dimaya* could support a vagueness-based challenge to § 924(c)(3)(B).

## II. DISCUSSION

**\*2**  In his present application, Hammoud contends that his § 924(c) conviction in Count 5 is no longer constitutionally valid. Specifically, Hammoud asserts that § 924(c)(3)(B)'s residual clause is unconstitutional, in light of the new rule of constitutional law set forth in *Davis*, *Dimaya*, and *Johnson*, and that his companion solicitation conviction in Count 3 could have qualified as a "crime of violence" only under § 924(c)'s now-defunct residual clause.[1]

To determine whether Hammoud's proposed *Davis* claim meets the statutory criteria, we must first address three preliminary issues: (1) whether *Davis* announced a new rule of constitutional law; (2) if so, whether *Davis* has been made retroactively applicable to cases on collateral review by the Supreme Court; and (3) whether Hammoud's *Davis* claim is barred under our precedent in *In re Baptiste*, 828 F.3d 1337 (11th Cir. 2016). Only after addressing these issues may we consider the merits of Hammoud's claim.

### A. New Rule of Constitutional Law

Briefly, in *Davis*, decided on June 24, 2019, the Supreme Court extended its holdings in *Johnson* and *Dimaya* to § 924(c) and held that § 924(c)(3)(B)'s residual clause, like the residual clauses in the ACCA and § 16(b), is unconstitutionally vague. *Davis*, 588 U.S. at ——, 139 S. Ct. at 2336. In doing so, the Supreme Court resolved a circuit split, rejecting the position (advocated for by the government in *Davis* and adopted by this Court and two other federal circuit courts) that § 924(c)(3)(B)'s residual clause could be saved from unconstitutionality if read to encompass a conduct-specific, rather than a categorical, approach. *See id.* at ——, ——, 139 S. Ct. at 2325 & n.2, 2332-33. The *Davis* Court emphasized that there was no "material difference" between the language or scope of § 924(c)(3)(B) and the residual clauses invalidated in *Johnson* and *Dimaya*, and therefore concluded that § 924(c)(3)(B)'s residual clause must suffer the same fate. *See id.* at ——, ——, 139 S. Ct. at 2326, 2336.

The first question we must answer here is whether *Davis* announced a new rule of constitutional law. A "new rule of constitutional law," 28 U.S.C. § 2255(h)(2), applies retroactively to criminal cases that became final before the rule was announced only if that rule falls within one of two narrow exceptions: (1) "[n]ew substantive rules"; or (2) "a small set of watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Schriro v. Summerlin*, 542 U.S. 348,

351-52, 124 S. Ct. 2519, 2522-23, 159 L.Ed.2d 442 (2004) (internal quotations and emphasis omitted); *see also Teague v. Lane*, 489 U.S. 288, 307-10, 109 S. Ct. 1060, 1073-75, 103 L.Ed.2d 334 (1989) (plurality opinion). The first exception, new substantive rules, includes "decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." *Schriro*, 542 U.S. at 351-52, 124 S. Ct. at 2522 (internal citations omitted). The first exception limits the application of new substantive constitutional rules to those that "necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him." *Id.* at 352, 124 S. Ct. at 2522-23 (internal quotations omitted); *see also Teague*, 489 U.S. at 311, 109 S. Ct. at 1075 (explaining that a new substantive rule applies retroactively if it "places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe" (internal quotations and citation omitted)).

**\*3** The Supreme Court has explained that, for purposes of determining retroactivity, "a case announces a new rule when it breaks new ground or imposes a new obligation" on the government. *Teague*, 489 U.S. at 301, 109 S. Ct. at 1070. A rule is "new" if the result of the case announcing the rule "was not dictated by precedent existing at the time the defendant's conviction became final." *Id.* (emphasis omitted). A rule is not dictated by existing precedent where it would not have been "apparent to all reasonable jurists." *Lambrix v. Singletary*, 520 U.S. 518, 527-28, 117 S. Ct. 1517, 1525, 137 L.Ed.2d 771 (1997). The Supreme Court has noted that, even where a court applies an already existing rule, its decision may create a new rule by applying the existing rule in a new setting, thereby extending the rule "in a manner that was not dictated by [prior] precedent." *Stringer v. Black*, 503 U.S. 222, 228, 112 S. Ct. 1130, 1135, 117 L.Ed.2d 367 (1992).

In *In re Rivero*, 797 F.3d 986, 989 (11th Cir. 2015), this Court held that *Johnson* announced a new substantive rule. This Court explained that "[t]he new rule announced in [*Johnson*] is substantive rather than procedural because it narrow[ed] the scope of [section] 924(e) [in the ACCA] by interpreting its terms, specifically, the term violent felony." *Id.* (internal quotations omitted). This Court further stated that the Supreme Court, in *Johnson*, "held that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process," or, in other words, "*Johnson* narrowed the class of people who

are eligible for an increased sentence under the [ACCA]." *Id.* (internal quotations omitted). The Supreme Court later reached the same conclusion in *Welch v. United States*, 578 U.S. ——, ——, 136 S. Ct. 1257, 1264-65, 194 L.Ed.2d 387 (2016), and held that *Johnson* announced a new substantive rule.

We conclude that *Davis*, like *Johnson* before it, announced a new substantive rule. The rule announced in *Davis* is "substantive" because, just as *Johnson* narrowed the scope of the ACCA, *Davis* "narrow[ed] the scope of [§ 924(c)] by interpreting its terms, specifically, the term [crime of violence]." *See In re Rivero*, 797 F.3d at 989. Put another way, in striking down § 924(c)'s residual clause, *Davis* "narrowed the class of people who are eligible" to be convicted under § 924(c). *See id.* And the rule announced in *Davis* is also "new" because it extended *Johnson* and *Dimaya* to a new statute and context. The Supreme Court in *Davis* restricted for the first time the class of persons § 924(c) could punish and, thus, the government's ability to impose punishments on defendants under that statute. Moreover, the Supreme Court's grant of *certiorari* in *Davis* to resolve the circuit split on whether § 924(c)(3)(B) was unconstitutionally vague illustrates that the rule in *Davis* was not necessarily "dictated by precedent," *see Stringer*, 503 U.S. at 228, 112 S. Ct. at 1135, or "apparent to all reasonable jurists," *see Lambrix*, 520 U.S. at 527-28, 117 S. Ct. at 1525.

**B. Retroactivity of *Davis***

The second question we must answer is whether the Supreme Court has made *Davis* retroactive to cases on collateral review. Though our above discussion, concluding that *Davis* announced a new substantive rule, would seem to resolve this retroactivity question, *see Schriro*, 542 U.S. at 352, 124 S. Ct. at 2522-23 (explaining that new substantive rules apply retroactively on collateral review), it does not. In the context of a second or successive motion under § 2255(h)(2), it is not enough for a new decision to fall within one of the two narrow exceptions to the general rule of non-retroactivity. Rather, as § 2255(h)(2) explicitly provides, the new rule must have been "made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h)(2). In *Tyler v. Cain*, the Supreme Court held that this requirement means that, for a new rule to be retroactive within the meaning of § 2255(h)(2), (1) the Supreme Court itself must have expressly held that the new rule is retroactive on collateral review, or (2) the Supreme Court's holdings in "[m]ultiple cases ... [must] necessarily dictate retroactivity of the new rule." 533 U.S. 656, 662-64, 666, 121 S. Ct. 2478, 2483-84, 150 L.Ed.2d 632

(2001) (considering the equivalent statutory requirement for state prisoners under 28 U.S.C. § 2244(b)(2)(A)).

 **\*4** Because the Supreme Court in _Davis_ did not expressly state that its holding in that case applies retroactively to cases on collateral review, we consider whether the retroactivity of _Davis_'s new rule is "necessarily dictate[d]" by the holdings of multiple cases, _see id._ at 666, 121 S. Ct. at 2484, and we conclude that it is. As noted above, the Supreme Court held in _Welch_ that _Johnson_ announced a new substantive rule. _See Welch_, 578 U.S. at ——, ——, 136 S. Ct. at 1264-65, 1268. Specifically, the _Welch_ Court determined that the new constitutional rule announced in _Johnson_ was substantive because, by striking down the ACCA's residual clause, _Johnson_ substantively altered the range of conduct or the class of persons the ACCA could punish. _Id._ As such, the Court determined that _Johnson_'s new rule fell within _Teague_'s first exception and, so, was retroactive. _See id._ at ——, ——, 136 S. Ct. 1264-65, 1268. Since the Supreme Court's decision in _Welch_, this Court has recognized that federal prisoners who can make a _prima facie_ showing that they were previously sentenced in reliance on the ACCA's now-voided residual clause are entitled to file a second or successive § 2255 motion. _In re Thomas_, 823 F.3d 1345, 1348 (11th Cir. 2016).

The same rationale applies here. As we have already explained, by striking down § 924(c)(3)(B)'s residual clause, _Davis_ altered the range of conduct and the class of persons that the § 924(c) statute can punish in the same manner that _Johnson_ affected the ACCA. In other words, _Davis_ announced a new substantive rule, and _Welch_ tells us that a new rule such as the one announced in _Davis_ applies retroactively to criminal cases that became final before the new substantive rule was announced. Consequently, for purposes of § 2255(h)(2), we conclude that, taken together, the Supreme Court's holdings in _Davis_ and _Welch_ "necessarily dictate" that _Davis_ has been "made" retroactively applicable to criminal cases that became final before _Davis_ was announced. _See Tyler_, 533 U.S. at 666, 121 S. Ct. at 2484.

### C. _In re Baptiste_ Bar

Hammoud's conviction became final on July 31, 2007, when the 90-day period for filing a petition for _certiorari_ in the Supreme Court from his direct appeal expired. Having concluded that _Davis_ announced a new substantive rule that applies retroactively to successive § 2255 movants like Hammoud, the third and final preliminary question we must confront, before addressing whether Hammoud has made a _prima facie_ showing of a _Davis_ claim, is whether his _Davis_

claim is barred under our precedent in _In re Baptiste_. As we explain below, it is not.

In _In re Baptiste_, this Court held that 28 U.S.C. § 2244(b)(1), which prohibits state prisoners from presenting repeat claims in a successive § 2254 habeas corpus petition, likewise bars federal prisoners from raising claims in a successive § 2255 motion that were presented in a prior application. 828 F.3d at 1339-40. Later, this Court held that § 2244(b)(1), and by extension _In re Baptiste_, creates a jurisdictional bar to our consideration of claims that were raised and rejected in a prior successive application. _See In re Bradford_, 830 F.3d 1273, 1277-79 (11th Cir. 2016). A claim is the same for purposes of that jurisdictional bar "where the basic gravamen of the argument is the same, even where new supporting evidence or legal arguments are added." _In re Baptiste_, 828 F.3d at 1339.

Although the rationale underlying _Johnson_ and _Dimaya_ (on which Hammoud's prior, 2018 successive application was based) is the same rationale that underlies _Davis_ (on which Hammoud's present application is premised), we conclude that _In re Baptiste_ does not bar Hammoud's present _Davis_-based application. This is so because, as detailed above, _Davis_ announced a new substantive rule of constitutional law in its own right, separate and apart from (albeit primarily based on) _Johnson_ and _Dimaya_. Thus, Hammoud's present claim is a new _Davis_ claim, not a _Johnson_ or _Dimaya_ claim, and is, therefore, not barred by _In re Baptiste_. _See In re Anderson_, 829 F.3d 1290, 1293 (11th Cir. 2016) (explaining, in denying a successive § 2255 movant's _Johnson_-based challenge to the career offender guidelines, that if the Supreme Court were to find the guidelines' residual clause void-for-vagueness in _Beckles v. United States_, 580 U.S. ——, 137 S. Ct. 886, 197 L.Ed.2d 145 (2017), which was then pending, "Anderson will be able to file a new application seeking certification to file a second or successive § 2255 motion based not on _Johnson_ but on _Beckles_"); _see also In re Bradford_, 830 F.3d at 1279 (reiterating that, if the Supreme Court voided the guidelines' residual clause "in _Beckles_, or some other decision," "Bradford will have a new claim under § 2255(h) (2) for which he can then file an application to file a second or successive § 2255 motion," and stating that such a claim "will not be a _Johnson_/_Welch_ claim, but a _Beckles_ claim" (emphasis omitted)).

### D. Merits of Hammoud's _Davis_ Claim

 **\*5** With all of these preliminary issues resolved, we come to the question whether Hammoud has made a _prima facie_ showing as to his present _Davis_ claim, in which he challenges

his § 924(c) conviction for using a firearm during and in relation to the § 373 solicitation offense in Count 3. Hammoud contends that his predicate § 373 solicitation offense could have qualified only under § 924(c)'s now-defunct residual clause, and his § 924(c) conviction in Count 5 is therefore invalid. To be convicted under § 373, a defendant must solicit another person with the intent that the other person "engage in conduct constituting a felony that has as an element the use, attempted use, or threatened use of physical force against property or against the person of another ... and under circumstances strongly corroborative of that intent, solicits, commands, induces, or otherwise endeavors to persuade such other person to engage in such conduct." 18 U.S.C. § 373(a). While the murder conduct Hammoud solicited met the elements clause in § 373 to establish the § 373 conviction in Count 3, Hammoud was charged with a separate § 924(c) firearm offense in Count 5 where the "solicitation" of that murder conduct must also qualify as a crime of violence under § 924(c)'s residual or elements clause.

Neither the Supreme Court nor this Court has addressed whether "solicitation" of another to commit murder, in violation of § 373, qualifies as a crime of violence under only the residual clause or the elements clause or both clauses of § 924(c)(3). So Hammoud has made a *prima facie* showing that his § 924(c) conviction in Count 5 may—not that it does, but it may—implicate § 924(c)'s residual clause and *Davis*. *See* 28 U.S.C. §§ 2244(b)(3)(C), 2255(h)(2); *Jordan*, 485 F.3d at 1357-58.

It is also important to note that our determination that Hammoud has made a *prima facie* showing that his § 924(c) conviction in Count 5 may implicate § 924(c)'s residual clause and *Davis* does not conclusively resolve the merits of that issue. *See In re Moore*, 830 F.3d 1268, 1271 (11th Cir. 2016); *Jordan*, 485 F.3d at 1357-58. The district court in the first instance shall proceed to consider the merits of Hammoud's § 2255 motion, along with any defenses and arguments the respondent may raise. *In re Moss*, 703 F.3d 1301, 1303 (11th Cir. 2013). Further, in the district court, Hammoud will bear the burden of showing that he is actually entitled to relief on his *Davis* claim, meaning he will have to show that his § 924(c) conviction resulted from application of solely the residual clause. *See In re Moore*, 830 F.3d at 1271-73; *see also Beeman v. United States*, 871 F.3d 1215, 1222-25 (11th Cir. 2017). Any determination that the district court makes about the merits of Hammoud's *Davis* claim is subject to review on appeal from a final judgment or order if an appeal is filed. *In re Moss*, 703 F.3d at 1303.

Finally, a "successive motion does not stand in the place of a first § 2255 motion, allowing the movant to raise any claim that would have been cognizable in an original § 2255 proceeding." *Solomon v. United States*, 911 F.3d 1356, 1360 (11th Cir. 2019), *abrogated on other grounds by Davis*, 588 U.S. ——, 139 S. Ct. 2319, *cert. filed*, No. 18-9210 (U.S. May 9, 2019). Rather, Hammoud's application is granted only as to his *Davis* claim challenging his § 924(c) firearm conviction in Count 5.

Accordingly, because Hammoud has made a *prima facie* showing of the existence at least one of the grounds set forth in 28 U.S.C. § 2255, his application for leave to file a second or successive motion is hereby GRANTED as to his *Davis* claim regarding his § 924(c) conviction in Count 5.

**All Citations**

--- F.3d ----, 2019 WL 3296800

---

Footnotes

1    Hammoud's reliance on *Dimaya* and *Johnson* to support his § 924(c) challenge is misplaced, as those cases involved 18 U.S.C. § 16(b) and the ACCA, respectively, not § 924(c). Thus, Hammoud's present claim is best described as a *Davis* claim.

---

**End of Document**                    © 2019 Thomson Reuters. No claim to original U.S. Government Works.

# Exhibit B

Case: 19-10345   Document: 00515078697   Page: 16   Date Filed: 08/15/2019
Case 2:17-cv-00176-JPH-DLP   Document 33-2   Filed 09/06/19   Page 17 of 23 PageID
#: 211
Case 8:02-cr-00178-PJM   Document 152   Filed 08/05/19   Page 1 of 7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PJM-02-178 |
| | * | |
| ALEXANDER MARTIN, | * | CIVIL NO. PJM-16-1669 |
| | * | |
| Petitioner | * | |
| | * | |
| | * | |

**...oOo...**

## GOVERNMENT'S RESPONSE TO EMERGENCY SUPPLEMENTAL MOTION TO VACATE CONVICTION UNDER 28 U.S.C. § 2255

The United States, by undersigned counsel, files this response to Petitioner's Emergency Supplemental Motion to Vacate conviction under 28 U.S.C. § 2255 (ECF No. 150-1). In light of the Supreme Court's recent decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), the Government concedes that kidnapping under 18 U.S.C § 1201 no longer categorically qualifies as a "crime of violence" under the force clause of 18 U.S.C. § 924(c).

## BACKGROUND

On April 17, 2002, Alexander Martin ("Petitioner") was charged in a seven-count Indictment with one count of kidnapping, in violation of 18 U.S.C § 1201 (Count One); three counts of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts Two, Four and Six); two counts of witness tampering, in violation of 18 U.S.C § 1512 (Counts Three and Five); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Count Seven). ECF No. 1 (Indictment).

1

Case: 19-10345     Document: 00515078697     Page: 17     Date Filed: 08/15/2019
Case 2:17-cv-00176-JPH-DLP     Document 33-2     Filed 09/06/19     Page 18 of 23 PageID
Case 8:02-cr-00178-PJM     Document 152     Filed 08/05/19     Page 2 of 7
#: 212

Petitioner pled guilty to Counts One and Two of the Indictment, and the remaining five counts were dismissed on the motion of the government. According to the Indictment, the § 924(c) charge at Count Two was predicated on the kidnapping charge in Count One. ECF No. 1 at 2.

This Court sentenced Petitioner to a total of 374 months' imprisonment, consisting of 290 months' imprisonment as to Count One and 84 months' imprisonment as to Count Two, consecutively. ECF No. 56. Petitioner did not file an appeal. The Court subsequently resentenced Petitioner, pursuant to Federal Rule of Criminal Procedure 35(b), to 210 months' imprisonment as to Count One, which resulted in a total amended judgment of 294 months' imprisonment. ECF 121 (Amended Judgment).

On May 26, 2016, Petitioner filed a Motion to Vacate Judgment under 28 U.S.C. § 2255, pursuant to the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015). ECF No. 144.

On April 1, 2019, Petitioner filed another supplement to his § 2255 Motion, requesting that this Court hold his case in abeyance pending the Supreme Court's decision in *United States v. Davis*, 139 S.Ct. 2319 (2019). ECF No. 148.

On June 24, 2019, the Supreme Court issued its decision in *Davis*, ruling that the residual clause contained in the definition of "violent felony," at 18 U.S.C. § 924(c)(3)(B), was unconstitutionally vague. *Davis*, 139 S.Ct. at 2336. On July 15, 2019, Petitioner filed a Motion to Supplement 28 U.S.C. § 2255 Petition (ECF No. 150), requesting permission to file an Emergency Supplemental Motion to Vacate under 28 U.S.C. § 2255, which was attached as ECF No. 150-1.[1]

---

[1] The Motion to Supplement has not yet been granted. The government does not oppose the

Case: 19-10345    Document: 00515078697    Page: 18    Date Filed: 08/15/2019
Case 2:17-cv-00176-JPH-DLP    Document 33-2    Filed 09/06/19    Page 19 of 23 PageID
#: 223
Case 8:02-cr-00178-PJM    Document 152    Filed 08/05/19    Page 3 of 7

## ANALYSIS

The government submits that Petitioner is entitled to a vacatur of his conviction for using and carrying a firearm during and in relation to a crime of violence (Count Two) following the Supreme Court's decision in *Davis*.

Section 924(c) prohibits using or carrying a firearm "during and in relation to," or possessing a firearm "in furtherance of," any federal "crime of violence or drug trafficking crime." § 924(c)(1)(A).  According to § 924(c)(3), a crime of violence is "an offense that is a felony" and "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." As discussed above, the Supreme Court held in *Davis* that the residual clause portion of the definition of "violent felony" – subsection (B) – is unconstitutionally vague.  *Davis*, 139 S.Ct. at 2336.

Here, Petitioner's Count Two § 924(c) conviction was based on kidnapping as prohibited by 18 U.S.C § 1201.  Section 1201 provides that "[w]hoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds" is guilty of federal kidnapping.  *Id.*  The government concedes that some means of committing this crime, such as inveigling, do not involve the use, attempted use, or threatened use of physical force against the person or property of another that is necessary to qualify as a "crime of violence" under § 924(c)(3)(A).

---

request to supplement (ECF No. 150), and responds herein to the proposed supplemental motion (ECF No. 150-1).

Case: 19-10345    Document: 00515078697    Page: 19    Date Filed: 08/15/2019
Case 2:17-cv-00176-JPH-DLP    Document 33-2    Filed 09/06/19    Page 20 of 23 PageID
Case 8:02-cr-00178-PJM    Document 452    Filed 08/05/19    Page 4 of 7
#: 224

Because Petitioner's § 924(c) conviction constituted a substantial portion of his sentence, the government requests that this Court exercise its authority under 28 U.S.C. § 2255 and order a resentencing on Petitioner's remaining conviction for kidnapping (Count One).

Section 2255 provides, in relevant part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

[. . .]

If the court finds that the judgment was entered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, *the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate*.

28 U.S.C. § 2255 (emphasis added). In the event of vacatur of a previously imposed judgment or conviction, it is well-established, based upon the above-emphasized language of § 2255, that the district court has "broad and flexible" authority "to fashion an appropriate remedy." *United States v. Hillary*, 106 F.3d 1170, 1172 (4th Cir. 1997); *see also United States v. Garcia,* 956 F.2d 41, 45 (4th Cir.1992). As the Fourth Circuit explained in *United States v. Hadden*, 475 F.3d 652 (4th Cir. 2007), "the end result of a successful § 2255 proceeding must be the vacatur of the prisoner's [unlawful sentence or erroneous conviction(s)] and one of the following: (1) the prisoner's release, (2) the grant of a future new trial to the prisoner, *(3) or a new sentence, be it imposed by (a) a resentencing or (b) a corrected sentence*." *Id*. at 661; *see also Hillary*, 106 F.3d at 1171 (noting

4

Case: 19-10345    Document: 00515078697    Page: 20    Date Filed: 08/15/2019
Case 2:17-cv-00176-JPH-DLP    Document 33-2    Filed 09/06/19    Page 21 of 23 PageID
#: 225
Case 8:02-cr-00178-PJM    Document 152    Filed 08/05/19    Page 5 of 7

that district courts, in awarding § 2255 relief, are authorized, but not required to, conduct a full resentencing on the remaining convicted counts).

Here, Petitioner pled guilty to one count of kidnapping (Count One) and one count of using and carrying a firearm during and in relation to a crime of violence (Count Two).  Because Petitioner's conviction for Count One will remain intact following vacatur of his conviction for Count Two, the government urges this Court to resentence Petitioner on the non-vacated count. *See generally United States v. Smith*, 103 F.3d 531, 534 (7th Cir. 1997) (recognizing that "in most cases involving the mandatory consecutive 5-year § 924(c) sentence, vacating that portion of the sentence radically changes the sentencing package"); *Dean v. United States*, 137 S. Ct. 1170, 1172-73 (2017) ("[N]othing in § 924(c) restricts the authority conferred on sentencing courts by § 3553(a) and the related provisions to consider a sentence imposed under § 924(c) when calculating a just sentence for the predicate count.").[2]

Accordingly, the government requests that this Court vacate Petitioner's Count Two conviction in light of *Davis* and order a resentencing on Petitioner's remaining Count One, pursuant to the authority provided under 28 U.S.C. § 2255.

---

[2]  Petitioner's Motion, citing to both the Supreme Court's ruling in *Dean* and the Seventh Circuit's decision in *Smith*, raises no opposition to the remedy requested by the government in this regard. *See* ECF No. 139 at 2 ("The proper remedy as a matter of procedure, if the government requests it, is to vacate Mr. Martin's sentence on all counts under the sentencing package doctrine and conduct a resentencing. *See Dean v. United States*, 137 S. Ct. 1170, 1176 (2017); *United States v. Smith*, 115 F.3d 241, 244 (4th Cir. 1997).  If the government requests this remedy, the Court should expedite the resentencing proceeding because Mr. Martin appears to have already served 210 months in prison – the sentence of imprisonment imposed on the remaining count of conviction (Count One).").

Case: 19-10345    Document: 00515078697    Page: 21    Date Filed: 08/15/2019
Case 2:17-cv-00176-JPH-DLP    Document 33-2    Filed 09/06/19    Page 22 of 23 PageID
#: 226
Case 8:02-cr-00178-PJM    Document 152    Filed 08/05/19    Page 6 of 7

Respectfully submitted,


Robert K. Hur
United States Attorney

By:    _____/s/_____

Ellen Cobb
Special Assistant United States Attorney

_____/s/_____

David I. Salem
Assistant United States Attorney

Case: 19-10345    Document: 00515078697    Page: 22    Date Filed: 08/15/2019
Case 2:17-cv-00176-JPH-DLP    Document 33-2    Filed 09/06/19    Page 23 of 23 PageID
Case 8:02-cr-00178-PJM    Document 152    Filed 08/05/19    Page 7 of 7
#: 227

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 5, 2019, copy of the foregoing Response was delivered via ECF to Paresh Patel, Esquire, counsel for the Petitioner.


By:     _____/s/_____

Ellen Cobb

Special Assistant United States Attorney