UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

|  |  |  |
|---|---|---|
| ORLANDO CORDIA HALL, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 2:17-cv-00176-JPH-MJD |
| CHARLES DANIELS, *Warden, United States Penitentiary, Terra Haute,* | ) ) ) ) ) | |
| Respondent. | ) | |

**PETITIONER'S SUPPLEMENTAL BRIEF RE: *UNITED STATES v. DAVIS*
AND RESPONSE TO GOVERNMENT'S MOTION TO DISMISS**

In response to this Court's order to file supplemental briefing on the effect of

*United States v. Davis*, 139 S. Ct. 2319 (2019), the government moved to dismiss

this case without disclosing its position on *Davis*. *Compare* Dkt. 28, *with* Dkt. 31.

In this Court, the government implies – but never explicitly states – that *Davis* cured

the structural defect that, to date, has made § 2255 relief inadequate or ineffective,

thus mooting Mr. Hall's § 2241 claim. But in the Fifth Circuit, the government is

arguing that *Davis* has no effect on Mr. Hall's case at all – that the status quo ante

remains unchanged. If the Fifth Circuit accepts the government's argument about

*Davis*, the structural defect that has blocked Mr. Hall's efforts to vindicate his rights

will persist, and the present action will remain his only path to relief. If the Fifth

1

Circuit rejects the government's view and concludes that *Davis* may afford Mr. Hall relief, this action may well become moot. But it is not moot yet. For that reason, Mr. Hall joins the government's request for a stay pending decision by the Fifth Circuit. For the same reason, the government's motion to dismiss is premature and should be denied. If the Fifth Circuit authorizes Mr. Hall to pursue a successive § 2255 motion, Mr. Hall will ask this Court to dismiss his § 2241 petition.

## BACKGROUND

At issue in this case is Mr. Hall's conviction under 18 U.S.C. § 924(c) for using or carrying a firearm during and in relation to a crime of violence. Mr. Hall's predicate offense is 18 U.S.C. § 1201(a) kidnapping. Under that statute, a defendant may be convicted if he "unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof" and, as applicable in Mr. Hall's case, proceeds to travel across state lines. 18 U.S.C. § 1201(a), (a)(1).

Section 924(c)'s definition of "crime of violence" is materially indistinguishable from the definition used in other statutes, including the Armed Career Criminal Act, 18 U.S.C. § 924(e). It includes two operative clauses: a force clause (also referred to as an "elements clause"), and a residual clause. *See* 18 U.S.C. § 924(c)(3). The force clause defines a crime of violence as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person

2

or property of another."  18 U.S.C. § 924(c)(3)(A).  And the residual clause defines a crime of violence as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  18 U.S.C. § 924(c)(3)(B).

After the Supreme Court invalidated the Armed Career Criminal Act's residual clause as unconstitutionally vague in *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), and made *Johnson* retroactive on collateral review in *Welch v. United States*, 136 S. Ct. 1257 (2016), Mr. Hall applied to the Fifth Circuit for authorization to file a successive § 2255 motion challenging his § 924(c) conviction. *See* Dkt. 1 at 4-5.  The Fifth Circuit denied authorization, reasoning that *Johnson* applied only to the specific residual clause at issue in that case, and not to § 924(c). Dkt. 1-G.  In so doing, the Fifth Circuit erected a structural barrier that prevented Mr. Hall from obtaining adequate review of his conviction and sentence in the Northern District of Texas.

In response, Mr. Hall initiated this action under 28 U.S.C. § 2241. *See* Dkt. 1. Mr. Hall's petition asserts that, following *Johnson* and *Welch*, his § 924(c) conviction is void. *Id.* at 5-6.  The Fifth Circuit's refusal to permit adjudication of that claim created a structural defect worthy of § 2241 relief, the petition argued, because the elements of kidnapping included non-violent methods of committing the offense, and thus kidnapping could only constitute a crime of violence under

3

§ 924(c)'s residual clause. *See id.* In support, Mr. Hall's petition cited *United States v. Jenkins*, 849 F.3d 390, 393 (7th Cir. 2017), which held that § 924(c)'s force clause was unavailable because one can commit § 924(c) kidnapping by mere deception – that is, by "decoying" or "inveigling" the victim – and without the use or threat of physical force. Thus, Mr. Hall's *Johnson*-based claim is premised on the notion that his § 924(c) conviction cannot be saved from constitutional infirmity by resort to the statute's force clause. The residual clause controls.

Subsequent to the Fifth Circuit's denial of authorization, and while this case remained administratively closed, Mr. Hall filed a second § 2255 motion,[1] this time relying on the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), which held the residual clause of 18 U.S.C. § 16(b) unconstitutionally vague, and the Fifth Circuit's decision in *United States v. Davis*, 903 F.3d 483 (5th Cir. 2018), which invalidated § 924(c)'s residual clause for the same reason. *See* Dkt. 32. Mr. Hall's application for authorization was held in abeyance while the Supreme Court considered the Fifth Circuit's ruling in *Davis*.

---

[1] Mr. Hall's filed his § 2255 motion on the same day he sought authorization from the Fifth Circuit. Simultaneous filing is consistent with Fifth Circuit rules, which measure the limitations period based on the filing of the § 2255 motion in the district court rather than the filing of an application for authorization with the circuit court. *See In re Wilson*, 442 F.3d 872, 874 n.3 (5th Cir. 2006); *see also* Dkt. 32 at 10-12. The district court has since transferred Mr. Hall's successive § 2255 motion to the Fifth Circuit. *See Hall v. United States*, 4:19-cv-00258-Y, Dkt. No. 15 (N.D. Tex. July 19, 2019). All matters pertaining to Mr. Hall's successive § 2255 motion are now pending before the Fifth Circuit.

On June 24, the Supreme Court affirmed the Fifth Circuit's holding that § 924(c)'s residual clause is unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). Both this Court and the Fifth Circuit have directed briefing on the effect of *Davis*. Dkt. 28; Dkt. 32 at 16. Mr. Hall responded that, in light of *Davis*, the Fifth Circuit should authorize him to file a successive § 2255 motion – a ruling that would dismantle the structural barrier that has prevented him from obtaining a reliable judicial determination of the fundamental legality of his conviction and sentence. *See* Dkt. 33-2.

The government responded first to this Court by moving to dismiss the case or, in the alternative, to stay the litigation. Dkt. 31. The government argued that no structural barrier exists in the Fifth Circuit because Mr. Hall has applied for authorization to file a successive § 2255 motion. *Id.* at 5. The government declined to explicitly state its view on the effect of *Davis*. *See* Dkt. 31. It did no more than imply that *Davis* removed the structural defect that has prevented § 2255 from providing an adequate remedy.

Shortly thereafter, the government filed its brief in the Fifth Circuit, asserting that *Davis* has **no** effect on Mr. Hall's case because § 1201(a) kidnapping is a crime of violence under the force (or "elements") clause. *See* Dkt. 33-1. Thus, the government argued, the Fifth Circuit should deny Mr. Hall authorization to file a

successive § 2255 motion – a ruling that would leave intact the structural defect preventing Mr. Hall's claim from being heard.

## ARGUMENT

### I.  *Davis* Invalidated Mr. Hall's Conviction Under § 924(c)

The effect of *Davis* is to invalidate Mr. Hall's conviction under § 924(c). After *Davis*, that statute's residual clause is unconstitutional.  139 S. Ct. at 2336. There is no ambiguity on this point, and the government does not argue here or in the Fifth Circuit that § 924(c)'s residual cause is still valid.  *See* Dkt. 31; Dkt. 33-1.

Furthermore, as laid out in Mr. Hall's petition, after *Davis* no alternative basis exists to uphold his conviction.  *See* Dkt. 1 at 5-6.  *Davis* made it abundantly clear that, under § 924(c), predicate crimes are subject to categorical analysis.  *Davis*, 139 S. Ct. at 2327-32.  Under the categorical rubric, § 1201(a) kidnapping is not a crime of violence because it can be accomplished by deception alone.  *Jenkins*, 849 F.3d at 393.  In fact, the Seventh Circuit has recently held that it is *plain error* to categorize § 1201(a) kidnapping as a crime of violence under the force clause. *United States v. Brazier*, --- F.3d ---, No. 16-4258, 2019 WL 3774126, at *4 (7th Cir. Aug. 12, 2019).

Under these unambiguous authorities, Mr. Hall's § 924(c) conviction and sentence must be vacated.

## II.    The Court Should Stay This Litigation Pending Disposition by the Fifth Circuit

Mr. Hall joins the government's request to stay this case. *See* Dkt. 31 at 6-7. A stay will permit the Fifth Circuit time to decide whether to eliminate the structural defect that has deprived Mr. Hall of access to § 2255 review. Once the Fifth Circuit makes a decision, this Court may lift the stay and expect further action from the parties. Indeed, should the Fifth Circuit authorize Mr. Hall to pursue a successive § 2255 motion, Mr. Hall will move to dismiss this § 2241 action. But as explained below, until the Fifth Circuit makes a decision, the government's motion to dismiss is premature.

## III.   Structural Barriers to § 2255 Relief Persist, Making Dismissal Improper At This Time

### A.    Standard

"As a rule, the remedy afforded by section 2255 functions as an effective substitute for the writ of habeas corpus that it largely replaced. . . . But Congress recognized that there might be occasional cases in which 'the remedy by motion is inadequate or ineffective to test the legality of [the applicant's] detention.'" *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) (en banc) (citations omitted); *see also* 28 U.S.C. § 2241. "[W]hether section 2255 is inadequate or ineffective depends on whether it allows the petitioner 'a reasonable opportunity to obtain a reliable

judicial determination of the fundamental legality of his conviction and sentence.'" *Webster*, 784 F.3d at 1136 (citation omitted).

The requisite "reasonable opportunity" is absent when "some kind of structural problem" – that is, "something more than a lack of success with a section 2255 motion" – prevents a defendant from obtaining review of his conviction and sentence. *Id.* When such a barrier exists, the district court must "proceed to the merits of [the § 2241] petition" rather than "dismiss[ing it] at the threshold." *Id.* at 1124.

### B. If the Government's Position is Adopted by the Fifth Circuit, § 2255 Will Remain Inadequate and Ineffective

If the Fifth Circuit sides with the government, it will preserve the structural defect that makes § 2255 ineffective and inadequate. The government's position in the Fifth Circuit is that § 1201(a) is a crime of violence irrespective of *Davis*, so Mr. Hall should be denied leave to file a successive § 2255 motion. Dkt. 33-1. Yet, at the same time, the government argues in this Court that this case should be dismissed because § 2255 relief is now available. The government cannot have it both ways. Mr. Hall has to be entitled to a merits adjudication of his motion to vacate *somewhere*. And if § 2255 is unavailable in the Fifth Circuit, his § 2241 action may not be dismissed in this Court. *Webster*, 784 F.3d at 1124.

Moreover, the unavailability of § 924(c)'s force clause is a central part of the structural defect that Mr. Hall alleged in his § 2241 petition. Mr. Hall alleged not

8

only that *Johnson*'s residual-clause analysis applied to his sentence, but also that no other analysis was possible under well-established federal law. *See* Dkt. 1 at 5-6. In other words, Mr. Hall's petition argued that his *Johnson*-based claim is both necessary *and* sufficient to vacate his § 924(c) conviction and sentence, and that by denying him a venue to make that dispositive argument, the Fifth Circuit had erected a structural barrier that rendered § 2255 inadequate. *See id.*

The government seems to view Mr. Hall's *Johnson*-based claim as divorced from his claim that the force clause is unavailable. In so doing, the government distorts Mr. Hall's very straightforward point. The government has urged the Fifth Circuit to adopt this myopic construction of the law, and thereby retain the structural barrier that has denied Mr. Hall a reasonable opportunity to obtain a reliable judicial determination on his claim. Under these circumstances, where the government is actively attempting to block review of Mr. Hall's *Johnson* claim in the Fifth Circuit, granting its request to dismiss Mr. Hall's § 2241 petition here is improper.

The government also suggests that Mr. Hall's mere *application* to the Fifth Circuit for authorization is sufficient to moot this case. The law is to the contrary. Section 2241 petitions are to be "dismissed at the threshold" only when the petition makes no allegation of a "structural problem" that forecloses "a reasonable opportunity to obtain a reliable judicial *determination* of the fundamental legality of his conviction and sentence." *Webster*, 784 F.3d at 1124, 1136 (emphasis added).

9

Mr. Hall's petition clearly alleges a structural problem – the Fifth Circuit's failure to apply *Johnson* and possible resort to § 924(c)'s inapplicable force clause – that forecloses his access to § 2255. Dkt. 1 at 5-6, 10-12. Until the Fifth Circuit actually removes that barrier, this case is not moot. The Court should deny the government's motion to dismiss.

## CONCLUSION

For the foregoing reasons, this Court should deny the government's motion to dismiss and instead stay proceedings in this matter pending the Fifth Circuit's disposition of Mr. Hall's application for authorization to file a successive § 2255 motion in the Northern District of Texas.

Dated:   September 6, 2019                                    SIDLEY AUSTIN LLP

                                    By:  s/ Robert Hochman
                                       Robert Hochman (*pro hac vice*)
                                       Benjamin Gillig (*pro hac vice*)
                                       One South Dearborn Street
                                       Chicago, Illinois 60603
                                       Tel.: (312) 853-7000
                                       Fax: (312) 853-7036
                                       rhochman@sidley.com
                                       bgillig@sidley.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 6, 2019, copies of this Supplemental Brief and Response was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system.

/s/ Robert Hochman_____