# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF INDIANA

# TERRE HAUTE DIVISION

|  |  |  |
|---|---|---|
| ORLANDO CORDIA HALL, | ) ) ) | Case No. 2:17-CV-00176-JPH-MJD |
| Petitioner, | ) ) ) |  |
| vs. | ) ) |  |
| T.J. WATSON,[1] | ) ) |  |
| Respondent. | ) ) ) |  |

## ORLANDO HALL'S NOTICE

## REGARDING POTENTIAL NEED TO VACATE STAY OF PROCEEDINGS

This is an action brought under 28 U.S.C. § 2241 seeking relief from an invalid

conviction and sentence on the basis of new Supreme Court decisions. The case is currently

being held in abeyance pending resolution of an application for leave to file a successive petition

under 28 U.S.C. § 2255 in the Fifth Circuit Court of Appeals that raises the same challenge. *See*

Dkt. 36.[2] On September 28, 2020, the government moved to expedite the Fifth Circuit

---

[1] Pursuant to Fed. R. Civ. P. 25(d), current Warden T.J. Watson is substituted for former Warden Charles Daniels.

[2] Mr. Hall sought authorization in the Fifth Circuit to pursue a new § 2255 motion seeking vacatur of his 18 U.S.C. § 924(c) conviction following the Supreme Court's rulings in *Sessions v. Dimaya*, 138 S. Ct. 1204, 1211-16 (2018), *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015), and *United States v. Davis*, 139 S. Ct. 2319 (2019). Although the government agreed that *Davis* is retroactively applicable on collateral review, it maintained that Mr. Hall's kidnapping conviction under 18 U.S.C. § 1201(a) qualifies as a crime of violence under § 924(c)'s force clause—despite the fact that kidnapping can be accomplished by "inveigling" or "decoying" the

proceedings. *See* United States' Motion to Expedite Resolution of Hall's Application for Leave to File a Successive Motion Under 28 U.S.C. § 2255 filed in *In re Orlando Cordia Hall*, No. 19-10345 (5th Cir.). Two days later, the government scheduled Mr. Hall's execution for November 19, 2020, and notified this Court of the scheduled execution date. Dkt. 37.

Although the government has moved the Fifth Circuit to expedite resolution of Mr. Hall's application, it has not offered any reason why Mr. Hall's execution must be scheduled now, while he has two pending court proceedings, both of which present substantial legal issues and both of which have been pending for more than a year. To prevent the government from using its power to schedule his execution as a weapon to moot his constitutionally-protected right to fair access to the courts, Mr. Hall has filed in the Fifth Circuit an opposition to the Government's motion to expedite and an application for stay of execution. He files this notice to advise this Court of the possibility that, in order to safeguard Mr. Hall's constitutional rights, it may need to vacate its stay of proceedings and resume consideration of Mr. Hall's pending § 2241 habeas petition. Though no action by this Court is yet required, Mr. Hall submits this notice to alert the Court of the possibility that this case may require its urgent attention on short notice to vacate the stay of proceedings and move ahead either to resolve the merits of Mr. Hall's petition or stay his execution until it has a fair opportunity to do so.

Date:   October 13, 2020

Respectfully submitted,

By: */s/ Robert N. Hochman*
    Robert N. Hochman
    *Counsel for Petitioner.*

---

victim. The Fifth Circuit ordered additional briefing and appointed an amicus curiae to argue that *Davis* announced a new rule not yet made retroactively applicable to Mr. Hall's case. The Fifth Circuit heard oral argument on July 21, 2020. The parties await decision on Mr. Hall's request for permission. For further background on Mr. Hall's case, *see* Dkt. 1.