IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

ORLANDO CORDIA HALL,

               Petitioner,

v.

T.J. WATSON,

               Respondent.

No.    2:17-CV-00176-JPH-MJD

**APPENDIX TO
NOTICE OF DISPOSITION OF *IN RE HALL* AND GOVERNMENT'S
MOTION TO DISMISS HALL'S 28 U.S.C. § 2241 PETITION**

Respectfully submitted,

Josh J. Minkler
United States Attorney
Southern District of Indiana

*s/ Leigha Simonton*

Leigha Simonton,
Special Assistant United States Attorney
Texas Bar No. 24033193

*s/ Jonathan Bradshaw*

Jonathan Bradshaw
Special Assistant United States Attorney
Colorado Bar No. 43838
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: (214) 659-8600
E-mail: jonathan.bradshaw@usdoj.gov

Attorneys for Respondent

## CERTIFICATE OF SERVICE

I certify that on November 1, 2020, this appendix was filed electronically.  Notice of this filing will be sent to all ECF-registered counsel of record via email generated by the Court's ECF system.

_s/ Jonathan Bradshaw_
Jonathan Bradshaw
Special Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

NOV 22

|  |  |  |  |
|---|---|---|---|
| UNITED STATES OF AMERICA | | * | |
| | | * | |
| v. | | * | No. 4:94-CR-121-Y |
| | | * | [Supersedes Indictment |
| BRUCE CARNEIL WEBSTER, | | * | returned 11/4/94 as to |
| also known as B-Love | (1) | * | MARVIN TERRANCE HOLLOWAY] |
| ORLANDO CORDIA HALL, | | * | |
| also known as Lan | (2) | * | |
| STEVEN CHRISTOPHER BECKLEY | (3) | * | |
| DEMETRIUS KENYON HALL, | | * | |
| also known as Jack Frost | (4) | * | |
| MARVIN TERRANCE HOLLOWAY | (5) | * | |

The Grand Jury charges:

## COUNT 1

On or about September 24, 1994, in the Fort Worth Division of the Northern District of Texas and elsewhere, **BRUCE CARNEIL WEBSTER**, also known as B-Love, **ORLANDO CORDIA HALL**, also known as Lan, **STEVEN CHRISTOPHER BECKLEY**, **DEMETRIUS KENYON HALL**, also known as Jack Frost, and **MARVIN TERRANCE HOLLOWAY**, defendants, aided and abetted by each other and others, did willfully and unlawfully seize, confine, inveigle, kidnap, abduct, and carry away and hold for ransom, reward, and otherwise, Lisa Rene, and did willfully transport said Lisa Rene in interstate commerce from the Northern District of Texas to a location in or near Pine Bluff, Arkansas; and as a result the death of Lisa Rene occurred.

In violation of Title 18, United States Code, Sections 1201(a)(1) and 2.

Appendix Page 1 of 52
Webster v. Lockett 005193

## COUNT 2

From at least on or about September 21, 1994, and continuing thereafter through on or about October 6, 1994, in the Fort Worth Division of the Northern District of Texas and elsewhere, **BRUCE CARNEIL WEBSTER,** also known as B-Love, **ORLANDO CORDIA HALL,** also known as Lan; **STEVEN CHRISTOPHER BECKLEY, DEMETRIUS KENYON HALL,** also known as Jack Frost; and **MARVIN TERRANCE HOLLOWAY,** defendants, willfully and unlawfully did combine, conspire, confederate and agree together and with each other, and with other persons known and unknown to the Grand Jury, to commit the offense of kidnapping, in violation of Title 18, United States Code, Section 1201(a)(1).

In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Northern District of Texas and elsewhere:

Indictment - Page 2

Appendix Page 2 of 52
Webster v. Lockett 005194

## OVERT ACTS

1.    On or about September 21, 1994, **ORLANDO CORDIA HALL** and **MARVIN TERRANCE HOLLOWAY**, defendants, had an interstate telephone conversation with each other regarding the loss of approximately $5,000.00 in cash which had been paid to obtain a quantity of marihuana.

2.    On or about September 23, 1994, **DEMETRIUS KENYON HALL**, defendant, went to the Polo Run Apartments, Arlington, Texas.

3.    On or about September 24, 1994, **MARVIN TERRANCE HOLLOWAY**, defendant transported **BRUCE CARNEIL WEBSTER**, defendant, to Little Rock Regional Airport and purchased an airline ticket in order for **WEBSTER** to travel to the Northern District of Texas.

4.    On or about September 24, 1994, **BRUCE CARNEIL WEBSTER**, defendant, traveled by airplane from Little Rock, Arkansas to the Northern District of Texas.

5.    On or about September 24, 1994, **STEPHEN CHRISTOPHER BECKLEY**, defendant, purchased duct tape and gloves from Payless Cashways, Irving, Texas.

6.    On or about September 24, 1994, **BRUCE CARNEIL WEBSTER, ORLANDO CORDIA HALL, STEVEN CHRISTOPHER BECKLEY, and DEMETRIUS KENYON HALL**, defendants, forcibly abducted Lisa Rene from apartment number 507, Polo Run Apartments, 1526 Chukka, Arlington, Texas, and transported her to Irving, Texas.

7.    On or about September 24, 1994, **BRUCE CARNEIL WEBSTER, DEMETRIUS KENYON HALL**, and **STEVEN CHRISTOPHER BECKLEY**, defendants, transported Lisa Rene from Irving, Texas to a location in or near Pine Bluff, Arkansas.

Indictment - Page 3

8.   On or about September 25, 1994, **ORLANDO CORDIA HALL**, defendant, concealed himself in an attic located in the residence at 3129 Tudor Lane, Irving, Texas.

9.   On or about September 25, 1994, **ORLANDO CORDIA HALL**, defendant, travelled by airplane from the Northern District of Texas to Little Rock, Arkansas.

10.   On or about September 25, 1994, **BRUCE CARNEIL WEBSTER**, defendant, rented Room 513 at the Pine Bluff Motel, Pine Bluff, Arkansas, where Lisa Rene was held captive.

11.   On or about September 26, 1994, **MARVIN TERRANCE HOLLOWAY**, defendant, allowed **ORLANDO CORDIA HALL**, defendant, to use **HOLLOWAY'S** red Nissan 240SX automobile.

12.   On or about September 26, 1994, **STEPHEN CHRISTOPHER BECKLEY**, defendant, rented Room 136 at the Town House Inn, Pine Bluff, Arkansas, where Lisa Rene was held captive.

13.   On or about September 26, 1994, **BRUCE CARNEIL WEBSTER, ORLANDO CORDIA HALL** and **STEVEN CHRISTOPHER BECKLEY**, transported Lisa Rene to Byrd Lake Park, Pine Bluff, Arkansas, where she was killed and buried.

14.   On or about September 26, 1994, **DEMETRIUS KENYON HALL**, defendant, remained at Room 136 at the Town House Inn, Pine Bluff, Arkansas, to clean the room.

15.   On or about September 26, 1994, **BRUCE CARNEIL WEBSTER**, defendant, took the clothing of Lisa Rene and burned it in a vacant field located in Pine Bluff, Arkansas.

In violation of Title 18, United States Code, Section 1201(c).

Indictment - Page 4

## COUNT 3

On or about September 21, 1994, in the Fort Worth Division of the Northern District of Texas and elsewhere, **ORLANDO CORDIA HALL**, also known as Lan, defendant, aided and abetted by **MARVIN TERRANCE HOLLOWAY**, defendant, did knowingly travel in interstate commerce from Pine Bluff, Arkansas, to the Northern District of Texas, with intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, carrying on of an unlawful activity, namely, a business enterprise involving the possession of marihuana, a Schedule I controlled substance, with intent to distribute, in violation of Title 21, United States Code, Section 841(a)(1), and thereafter, **ORLANDO CORDIA HALL** performed and attempted to perform an act in furtherance of this business enterprise, namely, on or about September 21, 1994, in the Northern District of Texas, **ORLANDO CORDIA HALL** met with Neil Rene and Stanfield Vitalis in an effort to purchase marihuana.

In violation of Title 18, United States Code, Sections 1952 and 2.

Indictment - Page 5

Appendix Page 5 of 52
Webster v. Lockett 005197

## COUNT 4

On or about September 22, 1994, in the Fort Worth Division of the Northern District of Texas and elsewhere, **ORLANDO CORDIA HALL**, also known as Lan, and **MARVIN TERRANCE HOLLOWAY**, defendants, aided and abetted by each other, did knowingly use a facility in interstate commerce, namely a telephone, to engage in a long distance telephone conversation between **ORLANDO CORDIA HALL**, in the Northern District of Texas, and **MARVIN TERRANCE HOLLOWAY**, in Pine Bluff, Arkansas, with intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, namely, extortion, in violation of Title 18, United States Code, Section 1951, and thereafter **MARVIN TERRANCE HOLLOWAY**, performed and attempted to perform an act in furtherance of this business enterprise, namely, on or about September 23, 1994, in Pine Bluff, Arkansas, **MARVIN TERRANCE HOLLOWAY**, contacted **BRUCE CARNEIL WEBSTER**, defendant, in order to request that **WEBSTER** travel to Texas.

In violation of Title 18, United States Code, Sections 1952 and 2.

Indictment - Page 6

Appendix Page 6 of 52
Webster v. Lockett 005198

## COUNT 5

On or about September 24, 1994, in the Fort Worth Division of the Northern District of Texas and elsewhere, **BRUCE CARNEIL WEBSTER**, also known as B-Love, defendant, aided and abetted by **MARVIN TERRANCE HOLLOWAY**, defendant, did knowingly travel in interstate commerce from Pine Bluff, Arkansas, to the Northern District of Texas, with intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, namely, extortion, in violation of Title 18, United States Code, Section 1952, and thereafter **BRUCE CARNEIL WEBSTER**, defendant, performed and attempted to perform an act in furtherance of this business enterprise, namely, on or about September 24, 1994, in the Northern District of Texas, **WEBSTER** and others, forcibly abducted Lisa Rene.

In violation of Title 18, United States Code, Sections 1952 and 2.

Indictment - Page 7

Appendix Page 7 of 52
Webster v. Lockett 005199

## COUNT 6

On or about September 24, 1994, in the Fort Worth Division of the Northern District of Texas and elsewhere, **BRUCE CARNEIL WEBSTER**, also known as B-Love, **ORLANDO CORDIA HALL**, also known as Lan, **STEVEN CHRISTOPHER BECKLEY**, and **DEMETRIUS KENYON HALL**, also known as Jack Frost, defendants, aided and abetted by each other, did knowingly use and carry, firearms, during and in relation to a crime of violence, namely, kidnapping, in violation of Title 18, United States Code, Section 1201(a)(1) and conspiracy to commit kidnapping, in violation Title 18, United States Code, Section 1201(c), crimes for which the defendants may be prosecuted in a court of the United States.

In violation of Title 18, United States Code, Sections 924(c)(1) and 2.

A TRUE BILL.

_____
FOREMAN

PAUL E. COGGINS
UNITED STATES ATTORNEY

_____
RICHARD B. ROPER
ASSISTANT UNITED STATES ATTORNEY
State Bar of Texas Number 17233700
801 Cherry Street, Suite 1700
Fort Worth, TX  76102
Telephone Number:  817/334-3291

_____
PAUL D. MACALUSO
ASSISTANT UNITED STATES ATTORNEY
State Bar of Texas Number 12770000
801 Cherry Street, Suite 1700
Fort Worth, TX  76102
Telephone Number:  817/334-3291

_____
DELONIA A. WATSON
ASSISTANT UNITED STATES ATTORNEY
State Bar of Texas Number 20937500
801 Cherry Street, Suite 1700
Fort Worth, TX  76102
Telephone Number:  817/334-3291

Indictment - Page 8

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | | * | |
| | | * | |
| v. | | * | No. 4:94-CR-121-Y |
| | | * | [Supersedes Indictment |
| BRUCE CARNEIL WEBSTER | | * | returned 11/4/94 as to |
| also known as B-Love | (1) | * | MARVIN TERRANCE HOLLOWAY] |
| ORLANDO CORDIA HALL, | | * | |
| also known as Lan | (2) | * | |
| STEVEN CHRISTOPHER BECKLEY | (3) | * | |
| DEMETRIUS KENYON HALL, | | * | |
| also known as Jack Frost | (4) | * | |
| MARVIN TERRANCE HOLLOWAY | (5) | * | |

I, the duly appointed foreman of the grand jury of this court, held at Fort Worth, Texas on the 22nd day of November, 1994, do hereby file with the clerk of the court as required by Rule 6(c), Federal Rules of Criminal Procedure, a record of the number of grand jurors concurring in the finding of indictment in the above case, which record shall not be made public except upon order of the court:

COUNT 1:

_____ grand jurors concurring as to **BRUCE CARNEIL WEBSTER**
_____ grand jurors concurring as to **ORLANDO CORDIA HALL**
_____ grand jurors concurring as to **STEPHEN CHRISTOPHER BECKLEY**
_____ grand jurors concurring as to **DEMETRIUS KENYON HALL**
_____ grand jurors concurring as to **MARVIN TERRANCE HOLLOWAY**

COUNT 2:

_____ grand jurors concurring as to **BRUCE CARNEIL WEBSTER**
_____ grand jurors concurring as to **ORLANDO CORDIA HALL**
_____ grand jurors concurring as to **STEPHEN CHRISTOPHER BECKLEY**
_____ grand jurors concurring as to **DEMETRIUS KENYON HALL**
_____ grand jurors concurring as to **MARVIN TERRANCE HOLLOWAY**

## COUNT 3:

_____ grand jurors concurring as to **ORLANDO CORDIA HALL**
_____ grand jurors concurring as to **MARVIN TERRANCE HOLLOWAY**

## COUNT 4:

_____ grand jurors concurring as to **ORLANDO CORDIA HALL**
_____ grand jurors concurring as to **MARVIN TERRANCE HOLLOWAY**

## COUNT 5:

_____ grand jurors concurring as to **BRUCE CARNEIL WEBSTER**
_____ grand jurors concurring as to **MARVIN TERRANCE HOLLOWAY**

## COUNT 6:

_____ grand jurors concurring as to **BRUCE CARNEIL WEBSTER**
_____ grand jurors concurring as to **ORLANDO CORDIA HALL**
_____ grand jurors concurring as to **STEPHEN CHRISTOPHER BECKLEY**
_____ grand jurors concurring as to **DEMETRIUS KENYON HALL**


_____
FOREMAN

Webster v. Lockett 005236

No.   4:94-CR-᠁1-Y

[Superseding Indictment as to defendant MARVIN TERRANCE HOLLOWAY]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

---

THE UNITED STATES OF AMERICA

VS.

BRUCE CARNEIL WEBSTER, also known as B-Love (1)
ORLANDO CORDIA HALL, also known as Lan (2)
STEVEN CHRISTOPHER BECKLEY (3)
DEMETRIUS KENYON HALL, also known as Jack Frost (4)
MARVIN TERRANCE HOLLOWAY  (5)

---

INDICTMENT

18 U.S.C. §§ 1201(a)(1), 1201(c), 1952, 924(c), and 2

KIDNAPPING,
CONSPIRACY TO COMMIT KIDNAPPING,
INTERSTATE TRAVEL IN AID OF A RACKETEERING ENTERPRISE,
CARRYING A FIREARM DURING AND IN RELATION TO A CRIME OF VIOLENCE,
AID AND ABET.

(6 COUNTS)

---

A True bill,

---

Fort Worth                                                              FOREMAN

Filed in open court this _____ day of _____, A.D. 19__

---

                                                                            CLERK

WARRANT TO ISSUE FOR EACH DEFENDANT

---

UNITED STATES DISTRICT JUDGE

---

Magistrate Complaint number 4-94-153-M as to Defendant HOLLOWAY
Magistrate Complaint number 4-94-165-M as to Defendants WEBSTER,
ORLANDO CORDIA HALL, BECKLEY, and DEMETRIUS KENYON HALL.

Webster v. Lockett 005237

Vol. 20A - 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | . | Criminal No. |
| | . | 4:94-CR-121-Y |
| vs. | . | |
| | . | Fort Worth, Texas |
| ORLANDO CORDIA HALL | . | September 1, 1995 |
| | . | 1:50 a.m. |

. . . . . . . . . . . . . . . .

VOLUME 20-A
TRANSCRIPT OF TRIAL
[Excerpt of Proceedings]
(Punishment Phase Jury Charge and Closing Arguments)
BEFORE THE HONORABLE TERRY R. MEANS,
UNITED STATES DISTRICT JUDGE,
and a jury

APPEARANCES:

For the Government:          Mr. Richard Roper,
                            Mr. Paul Macaluso,
                            Ms. Delonia Watson and
                            Mr. Christopher Curtis
                            Assistant United States Attorneys
                            1700 Burnett Plaza
                            801 Cherry Street
                            Fort Worth, Texas   76102
                            (817) 334-0104

For the Defendant:          Mr. Michael Logan Ware
                            Attorney at Law
                            Law Offices of Michael Logan Ware
                            The Bryce Building
                            909 Throckmorton Street
                            Fort Worth, Texas   76102
                            (817) 338-4100

                            Mr. Jeff Kearney
                            Attorney at Law
                            Jeff Kearney & Associates
                            Sundance Square
                            120 W. Third Street, Suite 300
                            Fort Worth, Texas   76102
                            (817) 336-5600

FOR APPELLATE PURPOSES

U.S. District Court

Webster v. Lockett 022819

Official Court Reporter:      Deborah M. Roberts, CSR
                              523 United States Courthouse
                              501 West 10th Street
                              Fort Worth, Texas   76102-3637
                              (817) 239-2037


Proceedings recorded by mechanical stenography, transcript
produced by computer-aided transcription.

U.S. District Court

Webster v. Lockett 022820

INDEX

Charge of the Court . . . . . . . . 5

Argument by Mr. Macaluso  . . . . . 28

Argument by Mr. Ware  . . . . . . . 51

Argument by Mr. Kearney . . . . . . 58

Rebuttal by Mr. Roper . . . . . . . 84

U.S. District Court

Webster v. Lockett 022821

Wednesday, November 3, 1996 - 1:50 p.m.

P R O C E E D I N G S

(Morning proceedings transcribed in Volume 20-B.)

THE COURT:  First of all, I apologize to you for the long delay.  We never know how long it will take to do a charge, and I sincerely thought that by letting you go yesterday afternoon and not having to sit around, we would certainly be ready by 9:00 this morning.  Unfortunately, or perhaps fortunately, we do take a lot of time with the charge.  It's the most important thing that we do.  The law has to be given to you in as close to correct form as we are humanly capable of giving it to you.  It has to be understandable, it has to be something that is useful to you to reach your verdict.  We work very hard on this, and part of the difficulty for us is that this is a brand new statute, as I told you at the beginning.  We have very few guideposts, so we're using our own idea of what the statute means and how it's to be construed.  This charge is the product of that. You each have a copy of the punishment phase charge of the Court and the special findings form.  I'm going to read each of those to you at this time.

As before, you may just listen if that's the way you better comprehend things, or if reading along with me is better for you, of course you may do that.  Those are your own personal copies, and you may mark them up, indicate portions

U.S. District Court

you want to be sure and review, make notes, whatever you want to do.   They're yours.

Members of the jury, as reflected by your verdict, you have unanimously found the defendant, Orlando Cordia Hall, guilty of the offense with which he was charged in Count 1 of the indictment.   The law of the United States provides that the punishment for the offense in Count 1 may be death or life imprisonment without the possibility of release.

As members of the jury, it is now your responsibility to determine whether the defendant should be sentenced to death or to life imprisonment without the possibility of release on Count 1.   In making this determination, you will be called upon to decide whether certain aggravating factor or factors exist, and if so, whether those aggravating factor or factors sufficiently outweigh any mitigating factor or factors found to exist to justify a sentence of death, or in the absence of any mitigating factors, whether the aggravating factor or factors alone are sufficient to justify a sentence of death.

An aggravating factor is a specified fact or circumstance which might indicate or tend to indicate that the defendant should be sentenced to death.   A mitigating factor is any aspect of a defendant's character or background, any circumstance of the offense, or any other fact or circumstance which might indicate or tend to indicate that the defendant should not be sentenced to death.

U.S. District Court

Webster v. Lockett 022823

In deciding whether aggravating or mitigating factors exist, you may consider any evidence that is presented during either the guilt or punishment phases of the trial.  You may also make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established from the testimony and other evidence in the case. You should also consider both direct and circumstantial evidence.

While you must consider all the evidence, you are not required to accept any of the evidence as true or accurate. You alone determine the issues of credibility and how much weight, if any, to give testimony and other evidence.

The testimony of one who provides evidence against a defendant for personal advantage must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses.  You, the jury, must decide whether the witness' testimony has been affected by those circumstances.  You should keep in mind that such testimony is always to be received with caution and weighed with great care.  You should never base your decision upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

The government bears the burden of proving beyond a reasonable doubt the existence of any aggravating factor upon which it seeks to rely.  While this burden is a heavy one, it

Appendix Page 17 of 52
Webster v. Lockett 022824

is not necessary that a particular aggravating factor be proven beyond all possible doubt.  It is only required that the government's proof exclude any reasonable doubt about the particular aggravating factor being considered.

A reasonable doubt is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence.  Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

The defendant does not have the burden of disproving the existence of any aggravating factor.  Indeed, the law does not require the defendant to produce any evidence at all, and no inference whatever may be drawn from the election of a defendant not to testify.

The burden is wholly upon the government to prove the existence of a particular aggravating factor beyond a reasonable doubt.  Under the law of the United States, before you may consider whether the death -- whether the penalty of death rather than life imprisonment without the possibility of release is an appropriate punishment in this case for the defendant, you must as a preliminary matter unanimously agree that the government has proven beyond a reasonable doubt that the defendant, Orlando Cordia Hall, either, one, intentionally killed the victim, Lisa Rene; or, two, intentionally inflicted

Appendix Page 18 of 52
Webster v. Lockett 022825

serious bodily injury that resulted in the death of the victim, Lisa Rene; or, three, intentionally participated in an act contemplating that the life of the victim, Lisa Rene, would be taken or intending that lethal force would be used in connection with the victim, Lisa Rene, and the victim, Lisa Rene, died as a result of the act; or, four, intentionally and specifically engaged in an act of violence knowing that the act created a grave risk of death to the victim, Lisa Rene, such that participation in the act constituted a reckless disregard for human life, and the victim, Lisa Rene, died as a result of the act.

If the government does not satisfy each of you beyond a reasonable doubt based upon the evidence presented during either the guilt or punishment phase that the defendant, Orlando Cordia Hall, intentionally caused the death of Lisa Rene in one or more of the four foregoing ways, you should return a finding to that effect and no further deliberations will be necessary. However, if you unanimously find beyond a reasonable doubt that the defendant intentionally caused the death of Lisa Rene in one or more of the foregoing ways, you will then proceed to determine whether the government has proven beyond a reasonable doubt the existence of any of the alleged statutory aggravating factors.

In this case the government has alleged as statutory aggravating factors that:

Appendix Page 19 of 52
Webster v. Lockett 022826

A, the defendant caused the death or injury resulting in the death of Lisa Rene during the commission of the offense of kidnapping;

B, the defendant committed the offense in an especially heinous, cruel or depraved manner in that it involved torture or serious physical abuse to the -- pardon me, to the victim, Lisa Rene;

C, the defendant committed the offense after substantial planning or premeditation to cause the death of Lisa Rene; and

D, the victim, Lisa Rene, was particularly vulnerable due to her age.

To establish that the defendant killed the victim in an especially heinous, cruel or depraved manner, the government must prove that the killing involved either torture or serious physical abuse to the victim.

The terms "heinous," "cruel" or "depraved" are stated in the disjunctive, and any one of them individually may constitute an aggravating circumstance warranting imposition of the death penalty.

"Heinous" means extremely wicked or shockingly evil where the killing was accompanied by such additional acts of torture or serious physical abuse of the victim as to set it apart from other killings.

"Cruel" means that the defendant intended to inflict pain upon the victim in addition to killing the victim.

Appendix Page 20 of 52
Webster v. Lockett 022827

"Depraved" means that the defendant relished the killing or showed indifference to the suffering of the victim as evidenced by torture or serious physical abuse of the victim.

"Torture" includes mental as well as physical abuse of the victim.  In either case, the victim must have been conscious of the abuse at the time it was inflicted. Furthermore, the defendant must have specifically intended to inflict severe mental or physical pain or suffering upon the victim apart from killing the victim.

"Serious physical abuse" means a significant or considerable amount of injury or damage to the victim's body which involves a substantial risk of death, unconsciousness, extreme physical pain, protracted and obvious disfigurement or protracted loss or impairment of the function of a bodily member, organ or mental faculty.  Serious physical abuse, unlike torture, may be inflicted either before or after death and does not require that the victim be conscious of the abuse at the time it was inflicted.  However, the defendant must have specifically intended the abuse apart from the killing.

Pertinent factors in determining whether a killing was especially heinous, cruel or depraved include, but are not necessarily limited to, the following:

Infliction of gratuitous violence upon the victim above and beyond that necessary to commit the killing, needless mutilation of the victim's body, senselessness of the killing

U.S. District Court

Webster v. Lockett 022828

and helplessness of the victim.

The word "especially" should be given its ordinary everyday meaning of being highly or unusually great, distinctive, peculiar, particular or significant.

To establish the existence of the factor of substantial planning and premeditation, the government must prove that the defendant killed the victim after substantial planning and premeditation.

The words "substantial planning" and "premeditation" should be given their ordinary everyday meaning.

"Planning" means mentally formulating a method for doing something or achieving some end.

"Premeditation" means thinking or deliberating about something and deciding whether to do it beforehand.

"Substantial planning and premeditation" means a considerable or significant amount of planning and premeditation.  The amount of time needed for premeditation of a killing depends on the person and the circumstances.  It must be long enough for the killer, after forming the intent, to be fully conscious of that intent.  However, there is no requirement for the government to prove that the defendant deliberated for any particular period of time before killing the victim.

If the government does not satisfy each of you beyond a reasonable doubt that at least one of the four elements of

U.S. District Court

Appendix Page 22 of 52
Webster v. Lockett 022829

intent listed on page four exists, you should return a finding to that effect and no further deliberations will be necessary.

In the event that you unanimously find that the government has proven beyond a reasonable doubt the existence of at least one of the four elements of intent listed on page four and the existence of at least one of the statutory aggravating factors listed on page five, then you must consider whether the government has proven beyond a reasonable doubt the existence of any nonstatutory aggravating factors. As is the case with statutory aggravating factors, you must unanimously agree on the existence of any of the alleged nonstatutory aggravating factors beyond a reasonable doubt.

The nonstatutory aggravating factors that the government has alleged in this case are, first, the defendant's future dangerousness to the lives and safety of other persons; second, the effect of the instant offense on Lisa Rene's family.

Whether any aggravating factor, statutory or nonstatutory, has been sufficiently established is for you alone to determine, but the only aggravating factors that you may consider are those that I have outlined for you in these instructions.

In the event that the government proves beyond a reasonable doubt the existence of an aggravating factor or factors as outlined above, you must then consider whether the

U.S. District Court

Webster v. Lockett 022830

defendant has proven the existence of any mitigating factors before you may consider whether the penalty of death is an appropriate punishment in this case for the defendant.

The law of the United States provides a list of some mitigating factors that you as jurors must consider. However, this list is not to be viewed as a complete list of the mitigating factors you may consider. Indeed, each of you may consider any factor you as an individual find has been established by a preponderance of the evidence that relates to any aspect of the defendant's character or background, any circumstance of the offense, or any other fact or circumstance which you as an individual conclude indicates or tends to indicate that the defendant should not be sentenced to death and instead should be sentenced to life imprisonment without the possibility of release.

Some mitigating factors raised by the evidence in this case are, first, another defendant or defendants equally culpable in the crime will not be punished by death; and, two, other factors in the defendant's background or character that mitigate against imposition of the death sentence, such as: A, the age of the defendant at the time of the offense; B, the circumstances surrounding the defendant's upbringing; C, the defendant's acceptance of responsibility for his role in the offense; D, the defendant's remorse; E, any aspect of the defendant's character and background which calls for a

Appendix Page 24 of 52
Webster v. Lockett 022831

sentence less than death.

One mitigating factor on which the defendant, Orlando Cordia Hall, relies, that is that another person equally culpable in the crime will not be punished by death, allows you to take into account as a reason not to impose the death penalty the fact, if you find to be so by a preponderance of the evidence, that other participants in the killing will not be sentenced to death even though they are equally or even more responsible than the defendant, Orlando Cordia Hall, for the victim's death. I caution you, however, that this is a mitigating factor only. By that I mean that the penalty which may be imposed on any other person involved in this crime may only be considered by you as a reason to decide against the death penalty. The penalties faced by the other participants in this crime may never be considered as a reason to impose a death penalty on a particular defendant.

As I stated earlier, a mitigating factor does not have to be included in the foregoing list in order for it to be considered by any one of you. Mitigating factors may include any matter related to any aspect of the defendant's character or background and any circumstance of the offense or any other fact or circumstance the defendant offers as a basis for returning a recommendation of life imprisonment without the possibility of release instead of death. You are not confined to only those mitigating factors listed above.

U.S. District Court

Webster v. Lockett 022832

You will also recall that I previously told you that all 12 of you had to unanimously agree that a particular aggravating circumstance was proven beyond a reasonable doubt before you consider it.  Quite the opposite is true with regard to mitigating factors.  A finding with respect to a mitigating factor may be made by any one or more of the members of the jury, and any member who finds the existence of a mitigating factor may consider such factor established for his or her weighing of aggravating and mitigating factors regardless of the number of other jurors who agree that such mitigating factor has been established.

The burden of establishing the existence of any mitigating factor is on the defendant.  However, the defendant need only establish the existence of a mitigating factor by a preponderance of the evidence rather than beyond a reasonable doubt.  A preponderance of the evidence simply means an amount of evidence that is enough to persuade you that a contention is more likely true than not true, or that a mitigating factor is more likely present than not present.

After you have completed your findings as to the existence or absence of any aggravating or mitigating factors, you will then engage in a weighing process.  In determining whether a sentence of death rather than life imprisonment without the possibility of release is appropriate, each of you must weigh in your own mind any aggravating factor or factors

Appendix Page 26 of 52
Webster v. Lockett 022833

that the jury unanimously finds to exist, whether statutory or nonstatutory, against any mitigating factors that you individually find to exist. You shall consider whether the aggravating factor or factors found to exist sufficiently outweigh any mitigating factor or factors found to exist to justify a sentence of death, or in the absence of a mitigating factor, whether the aggravating factor or factors alone are sufficient to justify a sentence of death.

Based upon this consideration, you, the jury, by unanimous vote shall recommend whether the defendant should be sentenced to death, sentenced to life imprisonment without the possibility of release, or sentenced to some other lesser sentence, which in this case would mean life imprisonment without parole.

If you unanimously conclude that the aggravating factor or factors found to exist sufficiently outweigh any mitigating factor or factors found to exist to justify a sentence of death, or in the absence of any mitigating factors that the aggravating factor or factors are themselves sufficient to justify a sentence of death, you may recommend a sentence of death. Keep in mind, however, that regardless of your findings with respect to aggravating and mitigating factors, you are never required to recommend a sentence of death. I should emphasize it this way: You are never required to recommend a sentence of death. Excuse me.

U.S. District Court

If you recommend the imposition of a death sentence, the Court is required to impose that sentence. If you recommend a sentence of life without the possibility of release, the Court is required to impose that sentence. If you recommend that some other lesser sentence be imposed, the Court is required to impose a sentence of life in prison without parole.

In reaching your findings about the aggravating and mitigating factors in this case, instructions I gave you prior to your deliberations at the guilt phase about determinations of credibility issues apply equally here. In other words, you alone determine the credibility of the witnesses and the weight to give to this testimony and the other evidence. Also, in determining whether to recommend the death sentence or life imprisonment without the possibility of release, you must avoid any influence of passion, prejudice or sympathy. Your deliberations should be based upon the evidence you have seen or heard and the law which I have instructed -- and the law on which I have instructed you.

The process of weighing aggravating and mitigating factors against each other, or weighing aggravating factors alone if there are no mitigating factors, in order to determine a proper punishment is not a mechanical process. In other words, you should not simply count the number of aggravating and mitigating factors and reach a decision based on which number is greater. You should consider the weight

Appendix Page 28 of 52
Webster v. Lockett 022835

and value of each factor.  The law contemplates that different factors may be given different weights or values by different jurors.  Thus, you may find that one aggravate -- pardon me. Thus, you may find that one mitigating factor outweighs all aggravating factor or factors combined.  If so, you should not recommend that a sentence of death be imposed.  Similarly, you may find that a particular aggravating factor outweighs all mitigating factors combined.  If so, you may recommend that a sentence of death be imposed.  You and you alone are to decide what weight or value is to be given to a particular factor in your decision-making process.

In order to bring back a verdict recommending the penalty to be imposed upon the defendant in this case, all 12 of you must unanimously vote in favor of that penalty.  It is your duty as jurors to discuss the issue of punishment with one another in an effort to reach agreement, if you can do so. Each of you must decide this remaining question for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing this matter, do not hesitate to reexamine your own opinion and to change your mind if you become convinced that you were -- that you are wrong, but do not give up your honest beliefs as to the weight or the effect of the evidence solely because others think differently or simply to conclude your deliberations.

In your consideration of whether the death sentence is

Appendix Page 29 of 52
Webster v. Lockett 022836

justified, you must not consider the race, color, religious beliefs, national origin or sex of either the defendant or the victim. You are not to recommend the sentence of death unless you have concluded that you would impose a sentence of death for the crime in question no matter what the race, color, religious beliefs, national origin or sex of either the defendant or the victim.

To examine the importance of this -- pardon me. To emphasize the importance of this consideration, when you retire to begin deliberations, you will be given decision forms which contain a certificate that must be signed by each juror. When you have reached a decision, each of you must sign the certificate attesting that consideration of race, color, religious belief, national origin or sex of the defendant or the victim were not involved in reaching your decision, and attesting that you would have imposed a sentence of death for the crime in question no matter what the race, color, religious beliefs, national origin or sex of the defendant or the victim.

As you retire to begin your deliberations, you will be provided with a form entitled "Special Findings" on which you should record your determinations as to intent, the existence of any aggravating factor or factors, and the existence of any mitigating factor or factors. You will also be provided with five forms entitled "Decision Form," A, B, C, D and E

U.S. District Court

Webster v. Lockett 022837

respectively, on which you will record your decision regarding your sentencing recommendation.  The forms are self-explanatory.

Decision Form A should be used if you determine that a sentence of death should not be imposed because the government failed to prove beyond a reasonable doubt the existence of one of the elements of intent.  Decision Form B should be used if you determine that a sentence of death should not be imposed because the government failed to prove beyond a reasonable doubt the existence of any statutory aggravating factor. Decision Form C should be used if you unanimously recommend that a sentence of death should be imposed.  Decision Form D or Decision Form E should be used if you determine that a sentence of death should not be imposed because, one, you do not unanimously find that the aggravating factor or factors found to exist sufficiently outweigh any mitigating factor or factors found to exist; or, two, you do not unanimously find that the aggravating factor or factors found to exist are themselves sufficient to justify a sentence of death where no mitigating factor has been found to exist; or, three, regardless of your findings with respect to aggravating factor and mitigating factors, you are not unanimous in recommending that a sentence of death should be imposed.  Decision Form D should be used if you unanimously recommend that a sentence of imprisonment for life without the possibility of release

U.S. District Court

Webster v. Lockett 022838

should be imposed.  Decision Form E should be used if you unanimously recommend that the sentence of life imprisonment without parole should be imposed.

The first thing you should do is select a presiding juror, who may be the same one that served you during the guilt phase or someone else.  He or she will preside over your deliberations and will speak for you here in court.

If you should desire to communicate with me at any time during your deliberations, please write down your message or question on one of the forms provided in the jury room and pass the note to the marshal, who will bring it to my attention.  I shall respond as promptly as possible either in writing or by having you return to the courtroom so that I may address you orally.  I caution you, however, with any message or question you might send that you should not tell me your numerical division at that time.

It is proper, again, to add a final caution.  Nothing that I have said in these instructions and nothing that I have said or done during the trial has been said or done to suggest to you what I think your decision should be.  What the decision should be is your exclusive duty and responsibility.

Signed November the 3rd, 1995, Terry R. Means, United States District Judge.

Please turn to the special findings form.

(Sotto voce between Court and law clerk.)

U.S. District Court

Appendix Page 32 of 52
Webster v. Lockett 022839

THE COURT:  Part 1, the element of intent.

Instructions.  For each of the following, answer yes if you, the jury, unanimously find that the government established the existence of the listed element of intent in the death of Lisa Rene beyond a reasonable doubt.  Answer no if you do not so find.

1-A, the defendant, Orlando Cordia Hall, intentionally killed Lisa Rene.  Unanimously yes or no.

1-B, the defendant, Orlando Cordia Hall, intentionally inflicted serious bodily injury which resulted in the death of Lisa Rene.  Unanimously yes or no.

1-C, the defendant, Orlando Cordia Hall, intentionally engaged in conduct intending that Lisa Rene would be killed, or that lethal force be employed against Lisa Rene, and the death of Lisa Rene resulted.  Unanimously yes or no.

1-D, the defendant, Orlando Cordia Hall, intentionally engaged in conduct which he knew would create a grave risk of death to Lisa Rene, and such conduct resulted in the death of Lisa Rene.  Unanimously yes or no.

If you answered no with respect to all of the elements of intent listed in part 1 above, then stop your deliberations, fill out Decision Form A, and advise the Court that you have reached a decision.

If you answered yes with respect to one or more of the elements of intent listed in part 1 above, then continue your

U.S. District Court

Webster v. Lockett 022840

deliberations in accordance with the Court's instructions and proceed to part 2.

Part 2 is statutory aggravating factors.

Instructions. For each of the following, answer yes if you, the jury, unanimously find that the defendant has established the existence of that statutory aggravating factor beyond a reasonable doubt. Answer no if you do not so find.

2-A, the defendant, Orlando Cordia Hall, caused the death of Lisa Rene or injury resulting in death of Lisa Rene which occurred during the commission of the offense of kidnapping. Unanimously yes or no.

2-B, the defendant, Orlando Cordia Hall, committed the offense in an especially heinous, cruel or depraved manner in that it involved torture or serious physical abuse to Lisa Rene. Unanimously yes or no.

2-C, the defendant, Orlando Cordia Hall, committed the killing of Lisa Rene after substantial planning and premeditation to cause the death of Lisa Rene. Unanimously yes or no.

2-D, the victim, Lisa Rene, was particularly vulnerable due to her age. Unanimously yes or no.

Instructions. If you answered no with respect to all of the statutory aggravating factors in part 2 above, then stop your deliberations, fill out Decision Form B, and advise the Court that you have reached a decision.

U.S. District Court

If you answered yes with respect to at least one of the statutory aggravating factors in part 2 above, then continue your deliberations in accordance with this Court's instructions and proceed to part 3.

Part 3, nonstatutory aggravating factors.

Instructions. For each of the following, answer yes if you, the jury, unanimously find that the government has established the existence of that nonstatutory aggravating factor beyond a reasonable doubt. Answer no if you do not so find.

3-A, the defendant, Orlando Cordia Hall, constitutes a future danger to the lives and safety of other persons. Unanimously yes or no.

3-B, the effect of the instant offense on Lisa Rene's family. Unanimously yes or no.

Instructions. Regardless of whether you answered yes or no with respect to the nonstatutory aggravating factors in part 3 above, continue your deliberations in accordance with the Court's instructions and proceed to part 4.

Part 4, mitigating factors.

Instructions. For each of the following mitigating factors, indicate the number of jurors who finds the existence of each particular mitigating factor by a preponderance of the evidence. If none of the jurors find by a preponderance of the evidence that a particular mitigating factor exists, write

U.S. District Court

the number 0 in the blank provided.

4-A, another defendant or defendants equally culpable in the crime will not be punished by death.  Number of jurors who so find, if any, and a blank.

4-B, the age of the defendant at the time of the offense.  Number of jurors who so find, if any, and a blank.

4-C, the circumstances surrounding the defendant's upbringing.  Number of jurors who so find, if any, and a blank.

4-D, the defendant's acceptance of responsibility for his role in the offense.  Number of jurors who so find, if any.

4-E, the defendant's remorse.  Number of jurors who so find, if any.

4-F, any other aspect of the defendant's character or background which calls for a sentence less than death.  Number of jurors who so find, if any, and a blank.

Instructions.  Continue your deliberations in accordance with the Court's instructions.  And I have a housekeeping matter there.  Do you see where it says, "by completing"?  Change that to, "and then complete."  Cross out "by completing" and change that to "and then complete."  That was a housekeeping matter we missed.

So it reads now continue your deliberations in accordance with the Court's instructions and then complete either decision form C recommending a sentence of death, decision

U.S. District Court

form D recommending a sentence of life imprisonment without the possibility of release; or decision form E recommending a sentence of life imprisonment without parole. Additionally, complete the certificate attached at the end of the decision forms and advise the Court that you have reached a decision.

Decision Form A. We, the jury, have determined that a sentence of death should not be imposed because the government has failed to prove beyond a reasonable doubt the existence of one of the elements of intent. A signature line for the presiding juror and a date line.

Decision Form B. We, the jury, have determined that a sentence of death should not be imposed because the government has failed to prove beyond a reasonable doubt the existence of any of the statutory aggravating factors, and signature lines and date lines.

Decision Form C. Based upon consideration of whether the aggravating factors found to exist sufficiently outweigh any mitigating factor or factors found to exist, or in the absence of any mitigating factors, whether the aggravating factors are themselves sufficient to justify a sentence of death, we recommend by unanimous vote that a sentence of death be imposed.

Let me make an amendment there. That should read -- look at the third line from the bottom. That should read, "whether the aggravating factor or factors." "Whether the aggravating

Appendix Page 37 of 52
Webster v. Lockett 022844

factor or factors are themselves sufficient," et cetera. Anyone who doesn't follow that?

Then there follows a signature line for the presiding juror and a date line.

Decision Form D. We, the jury, recommend by unanimous verdict a sentence of life imprisonment without the possibility of release and the usual lines.

Decision Form E. We, the jury, recommend a sentence of life imprisonment without parole and signature lines.

Certification. By signing below, each juror certifies that in considering whether a sentence of death is justified, consideration of the race, color, religious beliefs, national origin or sex of the defendant or the victim was not involved in reaching his or her individual decisions, and that the individual juror would have made the same recommendation regarding a sentence for the crime in question no matter what the race, color, religious beliefs, national origin or sex of the defendant or the victim were. And then the signature line for each juror, including the presiding juror, and a date line.

Was there anyone among you who had a page left out? Sometimes the Xerox machine will miss a page.

I have allotted a considerable amount of time for the government and the defendants to -- defendant to argue because of the importance of the decision that you're about to make.

Appendix Page 38 of 52
Webster v. Lockett 022845

The government will have one hour, and the defendant will have one hour. They're not required to take that time, but they may take it.

We will hear first from Mr. Macaluso; is that correct, first?

MR. MACALUSO: Correct, Your Honor.

THE COURT: Who will speak, and then save some time for Mr. Roper.

Mr. Macaluso will go first, then Mr. Ware will speak for the defendant, and then we'll take a brief break. Then Mr. Kearney will conclude for the defendant, and the final rebuttal is given by the government through Mr. Roper.

Mr. Macaluso, you may proceed.

MR. MACALUSO: May it please the Court. Your Honor, Mr. Kearney, Mr. Ware, members of the jury.

As you know at this particular point we're in the final argument stage or the summation stage of this particular trial, and, of course, I'm the first lawyer in this particular phase to address you, and I want to begin simply by expressing my gratitude, my appreciation to you not so much for your service on this case because we all know you had to come down here, but really for the very, very close attention that you've paid during the course of the entire trial in both phases. We all appreciate that very much.

Many years ago somebody referred to a trial, a trial such

Appendix Page 39 of 52
Webster v. Lockett 022846

ORIGINAL

U. S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

NOV – 6 1995

NANCY DOHERTY, CLERK

By _____
              Deputy

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA    §
                       §

VS.                       §     CAUSE NO. <u>4:94-CR-121-Y</u>
                       §

ORLANDO CORDIA HALL (2)    §

## SPECIAL FINDINGS FORM

### I.   PART ONE – THE ELEMENT OF INTENT

**Instructions:** For each of the following, answer "YES" if you, the jury, unanimously find that the government has established the existence of the listed element of intent in the death of Lisa Rene beyond a reasonable doubt; answer "NO" if you do not so find:

I(A). The defendant Orlando Cordia Hall intentionally killed Lisa Rene.

                    Unanimously    YES  _____

                                  NO  ___X___

I(B). The defendant Orlando Cordia Hall intentionally inflicted serious bodily injury which resulted in the death of Lisa Rene.

                    Unanimously    YES  _____

                                  NO  ___X___

Webster v. Lockett 012458

I(C).  The defendant Orlando Cordia Hall intentionally engaged in conduct intending that Lisa Rene would be killed or that lethal force be employed against Lisa Rene, and the death of Lisa Rene resulted.

Unanimously    YES    ____X____

NO    _____

I(D).  The defendant Orlando Cordia Hall intentionally engaged in conduct which he knew would create a grave risk of death to Lisa Rene, and such conduct resulted in the death of Lisa Rene.

Unanimously    YES    ____X____

NO    _____

**Instructions**:  If you answered "NO" with respect to all of the elements of intent listed in Part One, above, then stop your deliberations, fill out Decision Form A, and advise the Court that you have reached a decision.

If you answered "YES" with respect to one or more of the elements of intent listed in Part One, above, then continue your deliberations in accordance with the Court's instructions and proceed to Part Two.

Webster v. Lockett 012459

## II. PART TWO - STATUTORY AGGRAVATING FACTORS

**Instructions**: For each of the following, answer "YES" if you, the jury, unanimously find that the government has established the existence of that statutory aggravating factor beyond a reasonable doubt; answer "NO" if you do not so find:

II(A). The defendant Orlando Cordia Hall caused the death of Lisa Rene, or injury resulting in death of Lisa Rene, which occurred during the commission of the offense of kidnapping.

Unanimously   YES ____X____

NO _____

II(B). The defendant Orlando Cordia Hall committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to Lisa Rene.

Unanimously   YES ____X____

NO _____

II(C). The defendant Orlando Cordia Hall committed the killing of Lisa Rene after substantial planning and premeditation to cause the death of Lisa Rene.

Unanimously   YES _____

NO ____X____

Appendix Page 42 of 52

Webster v. Lockett 012460

II(D).  The victim, Lisa Rene, was particularly vulnerable due to her age.

Unanimously    YES _____

NO _____X_____

**Instructions**:  If you answered "NO" with respect to all of the statutory aggravating factors in Part Two, above, then stop your deliberations, fill out Decision Form B, and advise the Court that you have reached a decision.

If you answered "YES" with respect to at least one of the statutory aggravating factors in Part Two, above, then continue your deliberations in accordance with the Court's instructions and proceed to Part Three.

Webster v. Lockett 012461

## III. PART THREE - NON-STATUTORY AGGRAVATING FACTORS

**Instructions**: For each of the following, answer "YES" if you, the jury, unanimously find that the government has established the existence of that non-statutory aggravating factor beyond a reasonable doubt; answer "NO" if you do not so find:

III(A).   The defendant Orlando Cordia Hall constitutes a future danger to the lives and safety of other persons.

Unanimously    YES _____X_____

NO _____

III(B).   The effect of the instant offense on Lisa Rene's family.

Unanimously    YES _____X_____

NO _____

**Instructions**: Regardless of whether you answered "YES" or "NO" with respect to the Non-Statutory Aggravating Factors in Part Three, above, continue your deliberations in accordance with the Court's instructions and proceed to Part Four.

1381
Appendix Page 44 of 52
Webster v. Lockett 012462

## IV.  PART FOUR - MITIGATING FACTORS

**Instructions**:  For each of the following mitigating factors, indicate the number of jurors who find the existence of each particular mitigating factor by a preponderance of the evidence; if none of the jurors find by a preponderance of the evidence that a particular mitigating factor exists, write the number "0" in the blank provided:

IV(A).    Another defendant or defendants, equally culpable in the crime, will not be punished by death.

Number of jurors who so find, if any    9

IV(B).    The age of the defendant at the time of the offense.

Number of jurors who so find, if any    1

IV(C).    The  circumstances  surrounding  the  defendant's upbringing.

Number of jurors who so find, if any    1

IV(D).    The defendant's acceptance of responsibility for his role in the offense.

Number of jurors who so find, if any    0

IV(E).    The defendant's remorse.

Number of jurors who so find, if any    0

Appendix Page 45 of 52

Webster v. Lockett 012463



IV(F).    Any other aspect of the defendant's character or background which calls for a sentence less than death.

Number of jurors who so find, if any    ____1____

**Instructions:** Continue your deliberations in accordance with the Court's instructions ~~by completing~~ and then complete either Decision Form C recommending a sentence of death, Decision Form D recommending a sentence of life imprisonment without the possibility of release, or Decision Form E recommending a sentence of life imprisonment without parole. Additionally, complete the certificate attached at the end of the decision forms and advise the Court that you have reached a decision.

Webster v. Lockett 012464

## DECISION FORM A

We the jury have determined that a sentence of death should not be imposed because the government has failed to prove beyond a reasonable doubt the existence of one of the elements of intent.

_____
PRESIDING JUROR

Date: _____, 1995

Webster v. Lockett 012465

**DECISION FORM B**

We the jury have determined that a sentence of death should not be imposed because the government has failed to prove beyond a reasonable doubt the existence of any of the statutory aggravating factors.

_____
PRESIDING JUROR


Date: _____, 1995

Webster v. Lockett 012466

## DECISION FORM C

Based upon consideration of whether the aggravating factors found to exist sufficiently outweigh any mitigating factor or factors found to exist, or in the absence of any mitigating factors, whether the aggravating factor or factors are themselves sufficient to justify a sentence of death, we recommend, by unanimous vote, that a sentence of death be imposed.

_____
PRESIDING JUROR

Date: _____11 - 06_____, 1995

Appendix Page 49 of 52
Webster v. Lockett 012467

## <u>DECISION FORM D</u>

We the jury recommend, by unanimous verdict, a sentence of life imprisonment without the possibility of release.

_____
PRESIDING JUROR


Date: _____, 1995

Webster v. Lockett 012468

## DECISION FORM E

We the jury recommend a sentence of life imprisonment without parole.

_____
PRESIDING JUROR


Date:  _____, 1995

Webster v. Lockett 012469

## CERTIFICATION

~~By signing below,~~ each ~~juror certifies that, in considering~~ whether a sentence of death is justified, consideration of the race, color, religious beliefs, national origin, or sex of the defendant or the victim was not involved in reaching his or her individual decisions, and that the individual juror would have made the same recommendation regarding a sentence for the crime in question no matter what the race, color, religious beliefs, national origin, or sex of the defendant, or the victim.

**SIGNATURES OF ALL JURORS:**

*Mary Ann Herring*

*Gary Clarence Killion*

*Patsy Ann Brandon*

*Timothy R Nesbit*

*Benjamin T. McGowen*

*Jacquelyn K. Holmes*

*Linda Harrell*

*Donald R. McCormick*

*Stacey Donaldson*

*Marcia Roberts Graves*

*Cindy M Baker*

*Billy Dean*

**PRESIDING JUROR**

Date: _____11/6_____, 1995

Appendix Page 52 of 52
Webster v. Lockett 012470