C

Case 2:17-cv-00176-JPH-DLP   Document 45-3   Filed 11/06/20   Page 2 of 16 PageID #: 424

No. _____

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

*In Re*
ORLANDO CORDIA HALL,
Movant.

---

CAPITAL CASE

MOTION FOR AUTHORIZATION TO FILE
A SUCCESSIVE MOTION UNDER 28 U.S.C. § 2255

---

Robert C. Owen
Bluhm Legal Clinic
Northwestern Pritzker School
of Law
375 East Chicago Ave.
Chicago, Illinois 60611
Tel.: (312) 503-0135
Fax: (312) 503-8977
robert.owen@law.northwestern
.edu

Marcia A. Widder
303 Elizabeth Street, NE
Atlanta, GA 30307
Tel.: 404-222-9202
marcy.widder@garesource.org

Robert N. Hochman
Benjamin Gillig
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Tel.: 312-853-7000
Fax: (312) 853-7036
rhochman@sidley.com
bgillig@sidley.com

## CERTIFICATE OF INTERESTED PARTIES

Pursuant to Fifth Circuit Rule 28.2.1, the undersigned counsel of record certifies that the following listed persons and entities, as described in the fourth sentence of Rule 28.2.1, have an interest in the outcome of this case.  These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. <u>PETITIONER</u>:  Orlando Cordia Hall

2. <u>PETITIONER'S ATTORNEYS</u>:  Robert C. Owen, Bluhm Legal Clinic, Northwestern Pritzker School of Law, 375 East Chicago Ave., Chicago, Illinois; Marcia A. Widder, 303 Elizabeth Street, NE, Atlanta, GA 30307

3. <u>PETITIONER'S PRO BONO ATTORNEYS</u>:  Robert N. Hochman and Benjamin Gillig, Sidley Austin LLP, One South Dearborn, Chicago IL, 60603

4. <u>RESPONDENT</u>:  United States of America

5. <u>RESPONDENT'S ATTORNEYS</u>:  Wes Hendrix, Assistant United States Attorney; wes.hendrix@usdoj.gov

*/s/ Robert N. Hochman*
Robert N. Hochman

*Counsel for Orlando Cordia Hall,*
*Petitioner*

In 1995, Orlando Cordia Hall was convicted of using or carrying a firearm during and in relation to a "crime of violence"—specifically, kidnapping or conspiracy to commit kidnapping—in violation of 18 U.S.C. § 924(c).  In light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), *Welch v. United States*, 136 S. Ct. 1265 (2016), *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and this Court's subsequent decision in *United States v. Davis*, 903 F.3d 483 (5th Cir. 2018), Mr. Hall's conviction for violating § 924(c) cannot stand.  Accordingly, pursuant to 28 U.S.C. § 2244(b)(3), Mr. Hall seeks authorization to file the attached successive motion under 28 U.S.C. § 2255(h)(2), challenging that count of conviction and his resulting sentence.

## PROCEDURAL HISTORY

### A. Conviction and Sentencing.

In 1995, a jury in the Northern District of Texas convicted Mr. Hall on one count each of kidnapping in which a death occurred (Count 1), conspiracy to commit kidnapping (Count 2), traveling in interstate commerce to promote possession of marijuana with intent to distribute (Count 3), and using and carrying a firearm during and relation to a crime of violence, namely kidnapping and conspiracy to

commit kidnapping, in violation of 18 U.S.C. § 924(c) (Count 6).[1]  *See United States v. Hall*, No. 4:94-cr-00121, at Dkt. 446 (N.D. Tex. Oct. 31, 1995).  He was sentenced to death on Count 1, life imprisonment on Count 2, and 60 months in prison for both Counts 3 and 6.  Dkt. 593 (N.D. Tex. Feb. 21, 1996).

### B. Direct Appeal and Collateral Review.

Mr. Hall timely appealed, and this Court affirmed.  *United States v. Hall*, 152 F. 3d 381 (5th Cir. 1998), *cert. denied*, 526 U.S. 1117 (1999).  Mr. Hall then timely pursued collateral review under 28 U.S.C. § 2255.  The district court denied relief and declined to issue a Certificate of Appealability; this Court also denied a Certificate of Appealability.  *United States v. Hall*, 455 F.3d 508 (5th Cir. 2006), *cert. denied*, 549 U.S. 1343 (2007).

---

[1] The indictment specifically charged Count 6 as the use and carrying of "firearms, during and in relation to a crime of violence, namely kidnapping in violation of Title 18, United States Code, Section 1201(a)(1) and conspiracy to commit kidnapping, in violation [of] Title 18, United States Code, Section 1201(c)." *United States v. Hall*, No. 4:94-cr-00121, Dkt. 15 (N.D. Tex. Nov. 22, 1994).

### C. *Johnson v. United States* **and** *Welch v. United States.*

In June 2015, the Supreme Court held that the definition of "crime of violence" in the "residual clause" of the Armed Career Criminal Act, *see* 18 U.S.C. § 924(e)(2)(B), was too vague to provide adequate notice under the Fifth Amendment's Due Process Clause. *See United States v. Johnson*, 135 S. Ct. 2551, 2557 (2015). A year later, the Court held that *Johnson* applied retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1265 (2016).

### D. Initial Second or Successive § 2255 Motion.

In light of *Johnson* and *Welch*, Mr. Hall moved for leave to file a successive motion under 28 U.S.C. § 2255 to challenge the validity of his § 924(c) conviction under *Johnson.* This Court reasoned that Mr. Hall's claim was not cognizable under § 2255(h)(2) because *Johnson* did not directly address 18 U.S.C. § 924(c)(B), the specific statute under which Mr. Hall had been convicted. *In re Hall,* No. 16-10670, at 2 (5th Cir. June 20, 2016).[2]

---

[2] Following the denial of Mr. Hall's application for leave to file a second petition under *Johnson* and *Welch*, he has been pursuing relief on his *Johnson* claim via a habeas corpus petition under 28 U.S.C. § 2241 in the Southern District of Indiana, where he is confined. That case has been stayed pending resolution of *Davis*. *See*

**E. *Sessions v. Dimaya* and *United States v. Davis.***

In *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), the Supreme Court considered whether 18 U.S.C. § 16(b) was unconstitutionally vague in defining "crime of violence" to include "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." It answered that question in the affirmative, concluding that the provision suffered from the constitutional flaw *Johnson* had identified in the Armed Career Criminal Act. *See Dimaya*, 138 S. Ct. at 1213.

This Court subsequently recognized that, since the language invalidated in *Dimaya* was essentially indistinguishable from the language in § 924(c)(3)(B), the latter provision likewise could not stand. *United States v. Davis*, 903 F.3d 483 (5th Cir. 2018). The United States Supreme Court granted certiorari in *Davis* and will hear oral argument on April 17, 2019. *United States v. Davis*, 139 S. Ct. 782 (2019).

---

*Hall v. Daniels*, Case No. 2:17-cv-00176-WTL-MJD, Dkt. 21 (S.D. Ind. Mar. 20, 2019).

## ARGUMENT

**A. In light of *Davis*, Mr. Hall can make a prima facie showing that he is entitled to proceed on his *Johnson* claim, and that his conviction for violating § 924(c) is void.**

Pursuant to 28 U.S.C. § 2255(h)(2), a federal prisoner must first obtain permission to file a second or successive § 2255 motion from a court of appeals before proceeding in the district court. When appropriate grounds exist for a second or successive petition, leave to proceed should be granted where the prisoner makes a prima facie showing that his claim is entitled to consideration, and that it has "sufficient … possible merit to warrant a fuller exploration by the district court." *Reyes-Requena v. United States*, 243 F.3d 893, 899 (5th Cir. 2001) (citation omitted); *see also In re Hearn*, 418 F.3d 444, 447–48 (5th Cir. 2005) (the motion must show "sufficient, albeit slight, merit" to warrant further proceedings in district court). Mr. Hall's claim meets that test.

A successive § 2255 motion is permissible where a claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously

unavailable." 28 U.S.C. §§ 2244(b)(2)(A), 2255(h)(2). While the Supreme Court did not address retroactivity in *Dimaya*, it characterized the outcome in *Dimaya* as logically compelled by *Johnson*. *See Dimaya*, 138 S. Ct. at 1213 ("*Johnson* is a straightforward decision, with equally straightforward application here"). And *Johnson* itself is fully retroactive. *See Welch,* 136 S. Ct. 1265; *see also Dimaya*, 138 S. Ct. at 1210 (*Johnson* controls the analysis of similarly worded provisions in other statutes besides 18 U.S.C. § 924(e)). That chain of reasoning is sufficient to make Mr. Hall's *Johnson* claim cognizable in a successive motion under § 2255. It would be unreasonable to deny retroactive effect to an outcome that results from a "straightforward" application of a decision that is itself retroactive. It is true that a panel of this Court has stated, in an unpublished disposition, that "*Dimaya* did not address whether its holding might apply retroactively on collateral review of a criminal conviction ...." *Pisciotta v. Harmon*, 748 F. App'x 634, 635 (5th Cir. 2019). But the bare fact that this Court has not yet addressed the question does not undermine the likely merit of the view that *when* this Court does address it, it will determine that the decision is retroactive.

On the merits, Mr. Hall's claim under *Johnson* easily clears the bar of "possible merit" to warrant further consideration; indeed, as set out fully in his accompanying proposed § 2255 application, his claim plainly requires relief.  Mr. Hall was convicted of using and carrying a firearm during and in relation to a crime of violence, namely kidnapping and conspiracy to commit kidnapping.  Because the "residual clause" of 18 U.S.C. § 924(c)(3)(B) is invalid under *Johnson* and *Dimaya*, *see Davis*, Mr. Hall's conviction can survive only if either kidnapping or conspiracy to commit kidnapping qualifies as a categorical "crime of violence" under § 924(c).

Kidnapping under 18 U.S.C. § 1201 fails to satisfy the "force clause" of § 924(c)(3)(A).  A conviction for violating 18 U.S.C. § 1201(a) does not necessarily require any proof that force was used.  Under that statute, for example, a person may commit the offense of kidnapping via "inveigl[ing]" or "decoy[ing] the victim."  *See* 18 U.S.C. § 1201(a).  Thus, a kidnapping under § 1201 does not always involve a use of force.[3]

---

[3] Recently, the Seventh Circuit reached this conclusion in *United States v. Jenkins*, 849 F.3d 390 (7th Cir. 2017).  The decision in *Jenkins* was vacated by the Supreme

Nor is conspiracy to commit kidnapping under § 1201(c) a "crime of violence."  When a conspiracy offense is at issue, the analysis includes "an examination of the elements of the target offense of the conspiracy conviction."  *United States v. Gore*, 636 F.3d 728, 730-31 (5th Cir. 2011) (holding a conviction for conspiracy to commit aggravated robbery under Texas law does not have "as an element the use, attempted use, or threatened use of physical force against the person of another").  Because § 1201(a) fails to qualify as a "crime of violence" under § 924(c)(3)(A), so too does conspiracy to commit kidnapping under § 1201(c), as it similarly does not necessarily require proof that a defendant used, attempted to use, or threatened to use force.

**B. Mr. Hall is filing this motion notwithstanding the Supreme Court's grant of review in *Davis*, to comply with the statute of limitations for seeking relief under 28 U.S.C. § 2255.**

As noted *supra*, the Supreme Court recently agreed to review this

---

Court and remanded for further consideration in light of *Dimaya. United States v. Jenkins*, 138 S. Ct. 1980 (2018).  No decision has yet issued on remand. Nevertheless, the reasoning of *Jenkins* remains sound after *Dimaya* and this Court should reach the same conclusion here.  *See also United States v. Hopper*, 723 F. App'x 645, 646 (10th Cir. 2018) ("The parties concede and we agree that kidnapping under § 1201(a) . . . does not fit within the elements clause because it can be committed by 'inveigling,' which does not involve force.").

Court's judgment in *Davis*. *See United States v. Davis*, 139 S. Ct. 782 (2019) (granting certiorari). Despite the pendency of *Davis*, Mr. Hall, in an abundance of caution, now seeks authorization to file a second § 2255 proceeding from this Court, due to the approaching one-year anniversary of the Supreme Court's decision in *Dimaya*. This Court denied leave to file a second petition on the basis of *Johnson* because, at the time, it did not clearly implicate the validity of § 924(c). But that impediment has now been resolved by the Supreme Court's determination in *Dimaya* that *Johnson*'s holding applies to statutes that employ the same ambiguous language. Mr. Hall thus must seek leave to file a second petition before the first anniversary of *Dimaya*, else risk being barred from seeking that relief by § 2255's one-year statute of limitations.[4]

Accordingly, Mr. Hall is now renewing the request he unsuccessfully made in 2016, for leave to pursue a second § 2255

---

[4] Further, to ensure the timeliness of his claim, Mr. Hall is simultaneously filing his Motion to Vacate Conviction and Resentence Under 28 U.S.C. § 2255 in the district court, with an accompanying motion to hold the case in abeyance pending this Court's authorization or, alternatively, to transfer the motion to this Court. *See In re Wilson*, 442 F.3d 872, 874 n.3 (5th Cir. 2006) (indicating that such a protective filing will avoid any statute of limitations issues).

application in light of *Johnson* and *Welch*, even though the ultimate fate of his claim may turn on the Supreme Court's forthcoming decision in *Davis*.

## CONCLUSION

For all the foregoing reasons, Mr. Hall's conviction for violating § 924(c) cannot stand. Accordingly, the Court should authorize Mr. Hall to pursue his *Johnson*-based challenge to his § 924(c) conviction.

Respectfully submitted,

*/s/ Robert N. Hochman*
Robert N. Hochman

*Counsel for Orlando Cordia Hall,*
*Petitioner*

## Appendix of Exhibits

| Exhibit No. | Description |
| --- | --- |
| 1 | Proposed Motion to Vacate Conviction and Resentence Under 28 U.S.C. § 2255 |
| 2 | Second Amended Motion of Orlando Cordia Hall to Vacate Conviction and Sentence and for New Trial Pursuant to 28 U.S.C. § 2255 and Rule 33 of the Federal Rules of Criminal Procedure (filed September 18, 2002) |
| 3 | District Court Order Denying Amended Motion to Vacate Conviction and Sentence (filed August 24, 2004) |
| 4 | District Court Order Denying Motion to Alter or Amend Judgment (filed September 13, 2004) |
| 5 | Fifth Circuit Order Denying Certificate of Appealability (filed July 5, 2006) |
| 6 | Fifth Circuit Order Denying Rehearing En Banc (filed September 1, 2006) |
| 7 | United States Supreme Court Order Denying Certiorari (filed April 24, 2007) |
| 8 | Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (filed April 19, 2017 in the United States District Court for the Southern District of Indiana) |

# CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of March, 2019, an electronic copy of the foregoing brief was filed with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit using the appellate CM/ECF system. I further certify that on the same date, the foregoing Application was served on the following by electronic mail:

Wes Hendrix
Assistant United States Attorney
Chief, Appellate Division
Wes.Hendrix@usdoj.gov

March 27, 2019                    */s/ Robert N. Hochman*
                                  Robert N. Hochman

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because it contains 1,937 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and Fifth Circuit Rule 32.2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Book Antiqua font.

March 27, 2019    */s/ Robert N. Hochman*
Robert N. Hochman