IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

ORLANDO CORDIA HALL,

        Petitioner,

v.

    No.    2:17-CV-00176-JPH-DLP

CHARLES DANIELS,

        Respondent.

**REPLY IN SUPPORT OF GOVERNMENT'S MOTION TO
DISMISS HALL'S 28 U.S.C. § 2241 PETITION AND RESPONSE
<u>IN OPPOSITION TO HALL'S MOTION FOR STAY</u>**

Respectfully submitted,

Josh J. Minkler
United States Attorney

<u>*s/ Leigha Simonton*</u>
Leigha Simonton
Special Assistant United States Attorney
Texas Bar No. 24033193

<u>*s/ Jonathan Bradshaw*</u>
Jonathan Bradshaw
Special Assistant United States Attorney
Colorado Bar No. 43838
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: (214) 659-8600
E-mail: jonathan.bradshaw@usdoj.gov

Attorneys for Respondent

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES.................................................................................................iii

INTRODUCTION ........................................................................................................... 1

APPLICABLE LEGAL STANDARDS ........................................................................... 2

ARGUMENT.....................................................................................................................5

    1.     Hall's petition must be dismissed for three reasons, each of which independently confirms that he cannot succeed on the merits......................5

    2.     The remaining stay considerations do not weigh in Hall's favor, especially given that he cannot succeed on the merits. ............................................... 14

CONCLUSION ............................................................................................................... 15

CERTIFICATE OF SERVICE........................................................................................ 15

## TABLE OF AUTHORITIES

**Federal Cases**                                                                    **Page(s)**

*Barefoot v. Estelle*, 463 U.S. 880 (1983)...........................................................................5

*Barr v. Lee*, 140 S. Ct. 2590 (2020) ................................................................................4

*Beason v. Marske*, 926 F.3d 932 (7th Cir. 2019) ............................................................6

*Borden v. United States*, 140 S. Ct. 1262 (2020) ..........................................................11

*Bourgeois v. Watson*, 977 F.3d 620 (7th Cir. 2020).................................................7, 8, 10

*Bucklew v. Precythe*, 139 S. Ct. 1112 (2019)............................................................3, 5, 14

*Chazen v. Marske*, 938 F.3d 851 (7th Cir. 2019) ..........................................................10

*In re Davenport*, 147 F.3d 605 (7th Cir. 1998) ................................................................6

*In re Hall*, ___ F.3d ___, 2020 WL 6375718 (5th Cir. Oct. 30, 2020) .....................passim

*In re Salazar*, 443 F.3d 430 (5th Cir. 2006) .....................................................................7

*Knight v. United States*, 936 F.3d 495 (6th Cir. 2019).....................................................11

*Lambert v. Buss*, 498 F.3d 446 (7th Cir. 2007) ..........................................................2, 3, 4

*Lee v. Watson (Lee I)*, No. 19-3399, 2019 WL 6718924 (7th Cir. Dec. 6, 2019)...........3, 4

*Lee v. Watson*, 964 F.3d 663 (7th Cir. 2020) ....................................................................9

*Lonchar v. Thomas*, 517 U.S. 314 (1996) .........................................................................5

*Nelson v. Campbell*, 541 U.S. 637 (2004)......................................................................3, 4

*Nken v. Holder*, 556 U.S. 418 (2009) ..........................................................................2, 3, 13

*Oliver v. United States*, 951 F.3d 841 (7th Cir. 2020) .......................................................6

*Purkey v. United States*, 812 F. App'x 380 (7th Cir. 2020) ................................................3

*Purkey v. United States*, 964 F.3d 603 (7th Cir.) ..........................................................3, 8

*United States v. Binford*, 108 F.3d 723 (7th Cir. 1997) ..................................................13

**Federal Cases, continued**                                          **Page(s)**

*United States v. Carreon*, 803 F. App'x 790 (5th Cir. 2020) ............................................. 11

*United States v. Davis*, 139 S. Ct. 2319 (2019) ................................................................ 1, 6

*United States v. Hall*, 152 F.3d 381 (5th Cir. 1998) ...................................................... 2, 14

*United States v. Holland*, 1 F.3d 454 (7th Cir. 1993) ......................................................... 2

*United States v. Jenkins*, 849 F.3d 390 (7th Cir. 2017) ..................................................... 10

*United States v. Ross*, 969 F.3d 829 (8th Cir. 2020) .................................................... 10, 11

*United States v. White*, 406 F.3d 827 (7th Cir. 2005) ....................................................... 13

*Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015) ................................................... 8, 9, 10

*Williams v. Chrans*, 50 F.3d 1358 (7th Cir. 1995) ...................................................... 2, 3, 14

*Wilson v. Warden*, No. 2:20-cv-00121-JPH-MJD, 2020 WL 4904818
    (S.D. Ind. Aug. 19, 2020) ...................................................................................... 9

**Federal Statutes and Rules**

18 U.S.C. § 1201(a) ............................................................................................................. 10

## INTRODUCTION

On October 30, 2020, the United States Court of Appeals for the Fifth Circuit made clear that Hall's challenge to his 18 U.S.C. § 924(c) conviction is both meritless and unrelated to his execution. *See In re Hall*, ___ F.3d ___, 2020 WL 6375718, at *4, *6 (5th Cir. Oct. 30, 2020). Because his claim lacked even prima facie merit, the Fifth Circuit denied his request to file a successive motion under 28 U.S.C. § 2255 and denied as moot his request to stay his execution, which the Bureau of Prisons (BOP) has scheduled for November 19, 2020.

Shortly thereafter, the United States notified this Court of *In re Hall* and moved to dismiss this Section 2241 proceeding because: (1) Hall cannot invoke the savings clause by relying, as he does, on rules of constitutional law; (2) his claims fail on the merits because capital kidnapping resulting in death remains a crime of violence after *United States v. Davis*, 139 S. Ct. 2319 (2019), as confirmed by the Fifth Circuit in a decision that, as law of the case, forecloses relief; and (3) even if Hall could invoke the rule of *Davis* to proceed under the savings clause, and even if his *Davis* claim could upset his Section 924(c) conviction, there could be no impact on his death sentence, which was imposed for an unchallenged conviction.

In responding to that motion to dismiss, Hall has also sought a stay of his November 19th execution. His (now second) attempt to obtain a stay on this issue, however, should be rejected because he cannot show a likelihood of success on the merits of his Section 2241 petition for the reasons already highlighted in the government's

1

motion to dismiss.   When that central fact is combined with the other stay factors, Hall cannot demonstrate that he should receive a stay.

More than 25 years after Hall's "heinous, cruel, and depraved" crime, *United States v. Hall*, 152 F.3d 381, 406 (5th Cir. 1998), "[i]t is time—indeed, long past time—for these proceedings to end," *In re Hall*, 2020 WL 6375718, at *6.   This Court should dismiss his Section 2241 petition and deny his motion for a stay.

## **APPLICABLE LEGAL STANDARDS**

A stay of execution is a form of equitable relief to which the standards for a preliminary injunction generally apply.   *See Williams v. Chrans*, 50 F.3d 1358, 1360 (7th Cir. 1995); *see Nken v. Holder*, 556 U.S. 418, 434 (2009) (noting the "substantial overlap" between standards for stays and preliminary injunctions).   A capital prisoner seeking a stay of execution pending additional legal proceedings bears the burden of demonstrating (1) he has a significant likelihood of success on the merits in the pending legal proceedings; (2) he will suffer irreparable harm if a stay is not granted; and (3) the balance of equities (the harms to the prisoner and the government, as well as the interests of the public at large) weigh in favor of a stay.   *Lambert v. Buss*, 498 F.3d 446, 447 (7th Cir. 2007); *cf. United States v. Holland*, 1 F.3d 454, 456 (7th Cir. 1993).

The Seventh Circuit has established several guidelines for applying the relevant equitable rules to an application for a stay of execution.   First, the requirement that the movant "make a '*strong* showing' of probable success on the merits" is a demanding one—a court may not grant a stay even if it is based on a "significant possibility" of

2

success or a finding "that evaluating [the defendant]'s arguments will take more time."

*Lee v. Watson* (*Lee I*), No. 19-3399, 2019 WL 6718924, at *1 (7th Cir. Dec. 6, 2019)

(unpublished) (quoting *Nken*, 556 U.S. at 434) (emphasis added).   Indeed, the Supreme

Court recently vacated a stay of execution for a federal prisoner where the Seventh

Circuit had found only that the prisoner's claims were "worthy of further exploration"

and that a stay would permit more "time for consideration and deliberation."   *Purkey v.*

*United States*, 964 F.3d 603, 618 (7th Cir.), *stay vacated*, ___ S. Ct. ___, 2020 WL

3988688 (July 15, 2020); *see also Purkey v. United States*, 812 F. App'x 380, 382 (7th

Cir. 2020) (unpublished) (clarifying that, to issue stay, likelihood of success must be

"strong enough to satisfy *Nken*'s first requirement").

Second, "[t]he prospect of irreparable injury" is "not itself enough" to justify a

stay of execution, *Lee I*, 2019 WL 6718924, at *1, because irreparable injury is generally

taken as a given in capital cases, *Chrans*, 50 F.3d at 1360.

Third, as for the remaining equitable considerations, when a defendant's

conviction and sentence have been upheld on direct appeal and collateral review, a court

must recognize the government's "strong interest in proceeding with its judgment" and

must consider "the extent to which the inmate has delayed unnecessarily in bringing the

claim" on which a stay application is based.   *Lambert*, 498 F.3d at 452 (quoting *Nelson*

*v. Campbell*, 541 U.S. 637, 649-50 (2004)); *see Bucklew v. Precythe*, 139 S. Ct. 1112,

1133-34 (2019) (explaining that "[b]oth the State and the victims of crime have an

important interest in the timely enforcement of a [death] sentence" that has been upheld

on direct appeal and collateral review, and "[c]ourts should police carefully against attempts to use [further] challenges as tools to interpose unjustified delay") (quotation marks omitted).   Because the government has a "significant interest in enforcing its criminal judgments, there is a strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay." *Lambert*, 498 F.3d at 452 (quoting *Nelson*, 541 U.S. at 650).

Given these standards, the Seventh Circuit has identified "two critical factors in evaluating whether a stay of execution should issue"—"whether the inmate shows a significant probability of success on the merits," and "whether the inmate has delayed unnecessarily in bringing the claim." *Id.* at 451.   Absent a strong showing of both likelihood of success and diligence, a capital defendant is not entitled to a stay of execution. *Id.*; *see Barr v. Lee*, 140 S. Ct. 2590, 2591-92 (2020) (per curiam); *Lee I*, 2019 WL 6718924, at *1-2.

Hall quotes to this Court a lower standard announced in *Barefoot*, which addressed stays of execution pending first, not second or successive, habeas petitions.   (CV No. 44 at 12, 19-20.)[1]   That standard is not applicable here.   The Supreme Court has emphasized that *Barefoot* occurred in the context of a *first* federal habeas petition and recognized that "successive federal habeas corpus petitions present a different issue."

---

[1] "CV No. __" refers to the docket number of this Section 2241 action.   Pin cites refer to the page number listed in the ECF banner printed at the top of the page.

*Lonchar v. Thomas*, 517 U.S. 314, 321 (1996).   This, of course, is not Hall's first (or second, or third) collateral attack on his criminal judgment.   *See In re Hall*, 2020 WL 6375718, at *1.   Thus, while this Court should give "non-frivolous claims of constitutional error the careful attention that they deserve," "the administration of justice ought not to be interfered with on mere pretexts," *Barefoot,* 463 U.S. at 888, and this Court should not countenance attempts "to use [further] challenges as tools to interpose unjustified delay," *Bucklew*, 139 S. Ct. at 1133-34.

The Fifth Circuit has already made clear that Hall's attack on his Section 924(c) conviction is both meritless and unrelated to his death sentence.   *In re Hall*, 2020 WL 6375718, at *4, *6.   Because it is long past time for Hall's repeated attack on his Section 924(c) conviction to end, *id.* at *7, and because Hall has no challenge whatsoever to the conviction for which he was sentenced to death, Hall's stay motion should be denied.

<u>**ARGUMENT**</u>

Hall's stay motion must be denied because—for three independent reasons already identified—he cannot demonstrate any likelihood of success on the merits, let alone the "strong" showing the Supreme Court and Seventh Circuit require.   Accordingly, this Court should not permit Hall to use this meritless Section 2241 proceeding as a tactic to delay his execution—especially in light of the Fifth Circuit's recent decision.

> **1.      Hall's petition must be dismissed for three reasons, each of which independently confirms that he cannot succeed on the merits.**

None of Hall's arguments calls into question the correct result here—dismissal of Hall's Section 2241 petition.   And each of the three bases identified by the government

5

demonstrates why Hall cannot make the "strong" likelihood-of-success showing that he needs to obtain a stay.

*First*, Hall cannot proceed under the savings clause because he cannot meet the Seventh Circuit's test outlined in *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), and reaffirmed in recent cases.   Specifically, Hall cannot meet the first prong that his claim "relies on a statutory interpretation case, not a constitutional case, and thus could not have been invoked by a successive § 2255 motion."   *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019) (explaining that under Seventh Circuit precedent, a petitioner "who seeks to satisfy § 2255(e)'s savings clause and thereby pursue relief under § 2241 *must*" make this showing) (emphasis added).

Hall has made clear that his Section 2241 petition depends on the rule of *Davis*. (CV No. 34 at 6 ("The effect of *Davis* is to invalidate Mr. Hall's conviction under § 924(c).").)   As *Davis* is a constitutional case that could be invoked by a successive Section 2255 motion, *see Davis*, 139 S. Ct. at 2336; *Oliver v. United States*, 951 F.3d 841, 844 (7th Cir. 2020), Hall cannot bring his claim under Section 2241.   *See Beason*, 926 F.3d at 935.

Although Hall's latest response barely mentions his now-rejected reliance on *Davis*—reframing his argument in terms of simply applying the categorical approach to 18 U.S.C. § 1201(a), (CV No 44 at 14-15)—his argument necessarily depends on *Davis*, which held that Section 924(c)'s residual clause was unconstitutionally vague.   If the residual clause could still support Hall's Section 924(c) conviction, there would be no

need to apply the categorical approach to the elements clause.   This Court should resist any attempt to uncouple the attack on the Section 924(c) conviction from the constitutional rule that triggered that attack.   *See Bourgeois v. Watson*, 977 F.3d 620, at *12 (7th Cir. 2020) (rejecting defendant's attempt to recast constitutional cases as "statutory interpretation cases" where the Fifth Circuit had denied him permission to file a successive Section 2255 motion based on "essentially the same argument").   The Seventh Circuit has rejected such "end-run[s] around Section 2255(h)."   *Id.*

This Court should also reject Hall's attempt to broaden the scope of relief available under the savings clause.   Hall claims that he can rely on that clause because the Fifth Circuit refused to rule on the merits of his *Davis* claim, instead "turn[ing him] away on (dubious) jurisdictional grounds."   (CV No. 44 at 21.)   Hall's argument misconstrues the Fifth Circuit's gatekeeping role and ignores its holding on the merits of Hall's claim.

In applying its role as a gatekeeper in *In re Hall*, the Fifth Circuit was required to determine whether Hall's *Davis* claim had prima facie *merit*.   *See In re Salazar*, 443 F.3d 430, 431 (5th Cir. 2006).   In accordance with that procedure, the Fifth Circuit denied Hall authorization to file a successive Section 2255 motion precisely *because* Hall's proposed *Davis* claim was meritless.   *See In re Hall*, 2020 WL 6375718, at *4 (rejecting with "no difficulty" Hall's claim that his Section 924(c) conviction must be set aside because it is predicated on an offense that is no longer a crime of violence after *Davis*); *id.* at *2 ("[B]ecause we conclude that kidnapping resulting in death satisfies the

7

elements clause of § 924(c)(3)[,] we deny Hall authorization to proceed on this

successive habeas petition.").   Even Judge Dennis's dissent—on which Hall relies

heavily—recognized that the majority was rejecting Hall's *Davis* claim on its merits.

*See In re Hall*, 2020 WL 6375718, *7 (Dennis, J., dissenting) ("[T]he majority decides

that the 18 U.S.C. § 924(c) conviction that Hall challenges as unconstitutional can be

sustained because, in its view, Hall's predicate crime of violence (COV) for kidnapping

'plainly satisfies' the elements clause of § 924(c).").   Because the Fifth Circuit squarely

rejected Hall's claim on its merits—indeed, the Court made clear that was *the* basis for

denying successive authorization, *In re Hall*, 2020 WL 6375718, at *6—Hall cannot

show that Section 2255 was inadequate or ineffective to test his *Davis* claim.

What really animates Hall's complaint is that he lost his attempted successive

Section 2255 motion in the Fifth Circuit.   But "[t]he savings clause is not simply another

avenue for appeal."   *Bourgeois*, 977 F.3d 620, at *11.   The Seventh Circuit has

repeatedly made clear that a prisoner cannot resort to Section 2241 just because another

Court finds that he cannot succeed under Section 2255.   *Id.* (rejecting Bourgeois's

attempt to raise "essentially the same argument, asking [the Seventh Circuit] in effect to

overrule the Fifth Circuit"); *see also Purkey*, 964 F.3d at 615 ("'[I]nadequate or

ineffective,' taken in context, must mean something more than unsuccessful.").   Hall

points to *Purkey* and *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015) (en banc), but

those cases actually compel the conclusion that Hall cannot resort to the savings clause.

"[U]nder *Webster* and other circuit precedent, a § 2241 petition may not proceed under

8

the Savings Clause absent a compelling showing that it was *impossible* to use § 2244 to cure the defect identified in the § 2241 petition; *it is not enough that proper use of the statute results in a denial of relief.*"   *Lee v. Watson*, 964 F.3d 663, 666 (7th Cir. 2020) (emphasis added) (internal quotation marks omitted); *see also Webster*, 784 F.3d at 1136 ("something more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied").

In sum, Hall cannot resort to Section 2241 to press his *Davis* claim; a claim "for relief based on *Davis* is not cognizable under § 2241 because it does not satisfy the first *Davenport* requirement."   *Wilson v. Warden*, No. 2:20-cv-00121-JPH-MJD, 2020 WL 4904818, at *2 (S.D. Ind. Aug. 19, 2020).

<u>Second</u>, even if Hall could use the savings clause to argue that *Davis* upended his Section 924(c) conviction, he cannot prevail on that argument here given the Fifth Circuit's decision, which held that capital kidnapping resulting in death remains a crime of violence after *Davis.   See In re Hall*, 2020 WL 6375718, at *1.

As explained in the motion to dismiss, the Fifth Circuit's decision is now law of the case.   *See Webster*, 784 F.3d at 1135 n.5 (treating the Fifth Circuit's ruling on Webster's application to file a successive Section 2255 motion as "law of the case, both in recognition of its unreviewability and out of respect for our sister circuit").   The law of Hall's case is that his *Davis* claim cannot succeed.   In an attempt to avoid that conclusion, Hall turns back to his theory that the Fifth Circuit's decision was not a ruling on the merits.   (CV No. 44 at 23.)   But that argument misconstrues *In re Hall* for the

9

reasons already stated.   The Fifth Circuit squarely held that "Hall's § 924(c) conviction falls within the elements clause," *In re Hall*, 2020 WL 6375718, at *6, and this Court should not revisit the exact same question here.   *See Webster*, 784 F.3d at 1135 n.5.

Hall has no answer, moreover, to the fact that *In re Hall* is now the law in the circuit of conviction, which should control here.   *See Chazen v. Marske*, 938 F.3d 851, 865 (7th Cir. 2019) (Barrett, J., concurring) (collecting cases and explaining why there is "force" behind the reasoning of the district court decisions that apply the law of the sentencing circuit, not the circuit where the prisoner resides).   The majority in *In re Hall* had the final word when it held that "Hall's challenge to his § 924(c) conviction [] fails." *In re Hall*, 2020 WL 6375718, at *5; *Bourgeois*, 977 F.3d 620, at *11 ("[I]t is not for us to decide whether the § 2255 court got it right or wrong.").

In any event, for all of the reasons that the Fifth Circuit explained in *In re Hall*, his argument is meritless.   Although kidnapping generally does not qualify as a crime of violence because two of the statutory means, inveigling and decoying, do not require the use of force, *see United States v. Jenkins*, 849 F.3d 390, 394 (7th Cir. 2017), the kidnapping statute also contains an aggravated offense applicable where "the death of any person results," 18 U.S.C. § 1201(a).   This aggravated offense carries an enhanced penalty of mandatory life imprisonment or death, is divisible from typical kidnapping, and qualifies as a crime of violence under the elements clause, Section 924(c)(3)(A). *See United States v. Ross*, 969 F.3d 829, 837-38 (8th Cir. 2020) (holding that "the more

10

serious offense of kidnapping," which required the government to prove that the victim's death resulted from the kidnapping was a crime of violence).

Hall cites a list of cases from this Circuit and others, claiming that they have rejected the government's argument, (CV No. 44 at 24), but those cases are inapposite because they involve kidnapping *simpliciter*, which the government has *conceded* does not satisfy the elements clause.   *See, e.g.*, *Knight v. United States*, 936 F.3d 495, 497 (6th Cir. 2019) ("The government concedes that under *Davis* kidnapping in violation of 18 U.S.C. § 1201(a) is not a 'crime of violence.'").[2]   Hall was not convicted of kidnapping *simpliciter*; he was convicted of capital kidnapping resulting in death, which "is a different offense than generic kidnapping."   *In re Hall*, 2020 WL 6375718, at *3.   And the only two circuit courts that have addressed death-results kidnapping have both concluded that it satisfies the elements clause and so remains a crime of violence after *Davis*.   *Ross*, 969 F.3d at 837-38; *In re Hall*, 2020 WL 6375718, at *5 ("[W]e have no difficulty concluding that capital kidnapping resulting in death is a crime of violence under the elements clause.").   Moreover, for the reasons explained in *In re Hall* and reiterated in the motion to dismiss, (CV No. 39 at 19-21), *capital* kidnapping resulting in death requires the use of force—rendering Hall's substantive arguments meritless.[3]

---

[2] Hall omits from his list *United States v. Carreon*, 803 F. App'x 790, 791 (5th Cir. 2020), in which the Fifth Circuit also accepted the government's concession that kidnapping *simplicter* is categorically overbroad.   But as the Fifth Circuit made clear in *In re Hall*, capital kidnapping resulting in death is a crime distinct from kidnapping *simpliciter*.   2020 WL 6375718, at *3.

[3] Hall cites the Supreme Court's grant of certiorari in *Borden v. United States*, 140 S. Ct. 1262 (2020). (CV No. 44 at 14.)   Even if the Supreme Court holds that the use of force does not include a "reckless" mens rea, that holding would have no impact on the Fifth Circuit's analysis of Hall's claim.   The Fifth Circuit held that Hall's predicate offense—*capital* kidnapping resulting in death—can only be committed

11

*Third*, even if Hall could use the savings clause to argue that *Davis* upended his Section 924(c) conviction, there is no merit to his further attack on his death sentence, which was imposed for a separate conviction that Hall does not challenge.   As the Fifth Circuit made clear, Hall's attack on his Section 924(c) conviction "has *nothing* to with [his] death sentence," and it should not be used to delay his death sentence any longer. *In re Hall*, 2020 WL 6375718, at *6.

There is no dispute that the jury made its death-penalty recommendation after Hall's guilt-phase proceedings were completed.   During that subsequent penalty phase, the jury could consider Hall's use or carrying of a firearm—along with his other heinous conduct, including his raping Lisa Rene and burying her alive—because it had already found that those *facts* were proven beyond a reasonable doubt.   Put another way, while Hall's *conduct* during the brutal kidnapping was highly relevant in the penalty phase, that Hall had a separate *conviction* under Section 924(c) was not.   Hall is attempting to attack his Section 924(c) conviction here, but he has not disputed the conduct underlying the jury's death sentence, which was premised on his unchallenged and separate kidnapping-resulting-in-death conviction.   And nothing in *Davis* or in the Supreme Court's vagueness jurisprudence undermines those factual findings or supports Hall's novel argument that the mere existence of a Section 924(c) count—which was neither a statutory nor a non-statutory aggravating factor for the imposition of the death sentence—might somehow have aggravated his sentence on a separate capital count.

---

by intentional conduct.   *In re Hall*, 2020 WL 6375718, at *4.

Hall's attempts to rely on the "sentencing package" doctrine to suggest that he should be resentenced on all counts fails. As Hall's own cases demonstrate, resentencing can be warranted to *increase* a defendant's overall sentence when an appellate decision has vacated part of it. *See, e.g.*, *United States v. Binford*, 108 F.3d 723, 729 (7th Cir. 1997) (district court was "entitled to effectuate its original sentencing intent by resentencing Binford and adding an enhancement to his offense level" after vacatur of his Section 924(c) conviction); *United States v. White*, 406 F.3d 827, 832-33 (7th Cir. 2005) (explaining that district court properly considered additional sentencing enhancement on remand). But the Seventh Circuit has explained that "vacation of a sentence does not mean 'we must always order, and the district court must always engage in, complete resentencing,'; rather the calculus is a practical one." *Id.* at 832. Hall cites no cases supporting the bizarre proposition that his sentence on remaining counts might be *lowered* if his Section 924(c) conviction were vacated, nor any cases remanding for comprehensive resentencing in similar circumstances. That is unsurprising, as upsetting the Section 924(c) conviction here would have no impact on the death-sentence aspect of Hall's sentence.

For these three, independent reasons, Hall cannot show a likelihood of success on the merits—much less a "strong" likelihood, as is required. *See Nken*, 556 U.S. at 434. He thus is not entitled to a stay.

13

**2.    The remaining stay considerations do not weigh in Hall's favor, especially given that he cannot succeed on the merits.**

As noted, that Hall faces irreparable harm is a given in the analysis but is not dispositive here; if it were otherwise, then no death sentence would ever be enforced. *See Chrans*, 50 F.3d at 1360.   Similarly, while Hall's Section 2241 petition has been pending since 2017, it has been stayed pending *Davis* and then *In re Hall* for most of that time.   And while Hall was not derelict in bringing these proceedings, the Fifth Circuit has rejected the underlying basis for his claim here, rendering any further delay in carrying out Hall's sentence unnecessary.

Finally, there can be no dispute that the public interest favors finality in judgments and the government being able to enforce the sentences imposed on criminal defendants. The public and the victim's family have an overwhelming interest in implementing the capital sentence recommended by the jury a quarter-century ago.   *See, e.g.*, *Bucklew*, 139 S. Ct. at 1133-34.   Hall's victim, 16-year-old Lisa Rene, was an innocent bystander to a dispute over a drug transaction.   *See Hall*, 152 F.3d at 406.   Because Hall believed that he was out a few thousand dollars over a marijuana dispute, he and his coconspirators subjected Lisa Rene to a horrific death, including being kidnapped, repeatedly raped over several days, and ultimately stripped naked, soaked in gasoline, and buried alive.   *See id.* at 389-90.   Her family has waited decades for the sentence to be carried out.   Hall's current claim—in addition to being barred and meritless—has no potential to undermine that sentence.   As the Fifth Circuit rightly noted: "It is time—indeed, long past time—for these proceedings to end."   *In re Hall*, 2020 WL 6375718, at *7.

14

## CONCLUSION

This Court should dismiss Hall's Section 2241 petition and deny his motion for a

stay of execution.

Respectfully submitted,

Josh J. Minkler
United States Attorney

*s/ Leigha Simonton*
Leigha Simonton
Special Assistant United States Attorney
Texas Bar No. 24033193

*s/ Jonathan Bradshaw*
Jonathan Bradshaw
Special Assistant United States Attorney
Colorado Bar No. 43838
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: (214) 659-8600
E-mail: jonathan.bradshaw@usdoj.gov

Attorneys for Respondent

## CERTIFICATE OF SERVICE

I certify that on November 9, 2020, this reply/response was filed electronically.

Notice of this filing will be sent to all ECF-registered counsel of record via email

generated by the Court's ECF system.

*s/ Jonathan Bradshaw*
Jonathan Bradshaw
Special Assistant United States Attorney

15