**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF INDIANA**

**TERRE HAUTE DIVISION**

|  |  |  |
|---|---|---|
| ORLANDO CORDIA HALL, | ) ) ) | Case No. 2:17-cv-00176-JPH-DLP |
| Petitioner, | ) ) | **DEATH PENALTY CASE** |
| vs. | ) ) | Execution Scheduled for 11/19/2020 |
| T.J. WATSON, | ) ) ) | |
| Respondent. | ) ) ) | |

**REPLY IN SUPPORT OF MOTION FOR STAY OF EXECUTION**

Although the government, by scheduling Mr. Hall's execution despite the pendency of colorable challenges to his conviction and sentence, created the circumstances that have required Mr. Hall to move for a stay of execution, it argues against a stay on the ground that "[i]t is time . . . for these proceedings to end." Dkt. 46 at 2. To arbitrarily call time on Mr. Hall's application would be to deny him the process to which he is constitutionally entitled. *See*, *e.g.*, *Purkey v. United States*, 964 F.3d 603, 618 (7th Cir. 2020) ("[T]he public interest is surely served by treating this case with the same time for consideration and deliberation that we would give any case. Just because the death penalty is involved is no reason to take shortcuts—indeed, it is a reason not to do so"). This Court should reject the government's invitation to rush to judgment.

Mr. Hall was convicted of kidnapping under 18 U.S.C. § 1201(a), which the Seventh Circuit has determined is not a crime of violence. *United States v. Jenkins*, 849 F.3d 390, 394 (7th Cir. 2017). The government essentially admits this, citing no Seventh Circuit authority for its assertion that every kidnapping that results in death *categorically* involves the use of physical force against the person of another. Dkt. 46 at 10. Nor could it—the Seventh Circuit has held that it is *plain error* to allow a § 924(c) conviction predicated on § 1201(a) kidnapping to stand, even when the defendants in a particular case shot, blindfolded, duct taped, pistol whipped, and tortured the victim. *United States v. Brazier*, 933 F.3d 796, 798–800 (7th Cir. 2019). That is how categorical analysis works. Even if a particular defendant caused physical *injury* to a victim, his § 924(c) conviction must fall if it is predicated on a crime like kidnapping, which *can be* accomplished by "decoying" or "inveigling" the victim. *Id*. at 800–01.[1] Because Mr. Hall is entitled to have his § 924(c) conviction overturned, he is also entitled to resentencing. *United States v. Jackson*, 932

---

[1] *See also United States v. Hall*, 152 F.3d 381, 416–17 (5th Cir. 1998) (explaining that there is no mens rea attached to the "resulting in death" sentencing qualifier).

1

F.3d 556, 558 (7th Cir. 2019). Mr. Hall has a legitimate, well-founded claim to have his petition under 28 U.S.C. § 2241 heard.

The government attempts to force this Court to adopt the substantive law determination that the Fifth Circuit purported to make regarding § 924(c)'s force clause. But the Fifth Circuit did not opine on the merits of Mr. Hall's request; it merely denied him *permission* to proceed. *See* Dkt. 44 at 4, 8. That determination of no jurisdiction only binds this Court to the extent that it confirms that resort to § 2255 is unavailable to Mr. Hall. *See* Dkt. 44 at 8 n.5 (citing *Webster v. Daniels*, 784 F.3d 1123, 1135 (7th Cir. 2015)). And no one disputes that § 2255 is unavailable to Mr. Hall—indeed, that is the structural defect that opens the door to review under § 2241. In the end, physical violence against the person of another is not an essential element of kidnapping under § 1201(a), even where death results. *See Brazier*, 933 F.3d at 800–01. Given this precedent, it is likely that Mr. Hall's petition will succeed on the merits.

The government denigrates Mr. Hall's claim as "meritless" and a mere stalling tactic to delay his execution. Dkt. 46 at 5. To the contrary, Mr. Hall's petition is both substantively and procedurally valid. Mr. Hall has twice made timely efforts to challenge his conviction under § 2255 and—at the government's urging—has twice been denied the opportunity to have the merits of his case heard. *See* Dkt. 44 at 4–6. Far from abusing his right to petition in order to "interpose unjustified delay," Dkt. 46 at 5, Mr. Hall has not yet had the opportunity to have his petition considered on the merits by *any* court, although he has been seeking that opportunity for more than three years now. The government has obstructed his petitions by creating a structural deficiency in § 2255. *See Webster*, 784 F.3d at 1136; *see also* Dkt. 44 at 14-16. The first time Mr. Hall's § 2255 application was denied was based on an erroneous determination that the Supreme Court's finding in *Johnson v. United States*, 576 U.S. 591 (2015), did not apply to § 924(c); the

2

second, the Fifth Circuit decided—contrary to the guidance of other courts and over a strong dissent—that kidnapping is inherently a crime of violence. *See* Dkt. 44 at 4–6. Mr. Hall has not had the opportunity that due process requires—to have the validity of his § 924(c) conviction and sentence adjudicated on the merits—even though numerous courts, including the Fifth Circuit, have granted that opportunity to other prisoners. *See In re: Sherman Lamont Fields*, No. 20-50351, at 2 (5th Cir. October 23, 2020) (granting in part the petition to file a successive Section 2255 motion in light of *United States v. Davis*); *see also United States v. Dixon*, 799 Fed. App'x 308 (5th Cir. 2020); *In re Matthews*, 934 F.3d 296, 301 (3d Cir. 2019) (prima facie case for authorization); *In re Franklin*, 950 F.3d 909, 910–11 (6th Cir. 2020); *In re Mullins*, 942 F.3d 975, 977–79 (10th Cir. 2019); *In re Hammoud*, 931 F.3d 1032, 1039 (11th Cir. 2019).

Mr. Hall has not delayed in pursuing his legal rights. He has timely filed petitions as they have come due. Nor has he abused the system. Indeed, it is the government that delayed Mr. Hall's date of execution when, after consenting to an injunction against the use of lethal injections, it failed for years to work to resolve the lawsuit that prompted the injunction. *Roane v. Gonzales*, No. 05-2337 (RWR), 2006 WL 6925754, at *1 (D.D.C., Feb. 27, 2006); *see also* Dkt. 45-6, 45-9. And now the government sets an extraordinarily short period of time from announcing its plans to execute Mr. Hall until the scheduled date of execution, a decision that appears all but designed to frustrate the adjudication of his legitimate claims on the merits.

Mr. Hall's diligence and likelihood of success on the merits now entitle him to a stay. The government cannot be allowed to moot a likely meritorious case by killing the opposing party. The need for a stay is further strengthened by the Supreme Court's impending resolution of the outstanding legal question of whether a crime of violence can be founded on an act of recklessness. *Borden v. United States*, 140 S. Ct. 1262 (2020). By needlessly scheduling the execution while

3

substantial legal issues are outstanding and Mr. Hall had a petition pending—not to mention during a lethal global pandemic that continues to grip the nation—the government created the false sense of urgency by which it now attempts to force through this execution.  A stay is necessary to allow this Court to fully and properly consider Mr. Hall's application, as due process and § 2241 require.


Date:   November 11, 2020

Respectfully submitted,

By: _/s/ Robert N. Hochman_____

Robert N. Hochman
*Counsel for Petitioner.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 11, 2020, copies of this Reply ISO Motion for Stay was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system.

/s/ Robert Hochman