UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ORLANDO CORDIA HALL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:17-cv-00176-JPH-DLP |
| | ) |
| CHARLES DANIELS, | ) |
| | ) |
| Respondent. | ) |

**ORDER GRANTING MOTION TO DISMISS
PETITION FOR WRIT OF HABEAS CORPUS**

Orlando Cordia Hall is a federal prisoner scheduled to be executed on November 19, 2020. Following his 1995 convictions for multiple crimes related to the kidnapping and murder of 16-year-old Lisa Rene, a jury recommended imposition of the death penalty for his conviction on the charge of kidnapping resulting in death. The district judge imposed a sentence of death for that conviction and imposed multiple terms of imprisonment for the other counts of conviction. The convictions and sentences imposed were upheld on appeal, and Mr. Hall was denied relief on a motion for postconviction relief under 28 U.S.C. § 2255. After that ruling was affirmed, the Fifth Circuit twice denied Mr. Hall's requests to file a successive § 2255 motion. In this petition for a writ of habeas corpus under 28 U.S.C. § 2241, Mr. Hall contends that his conviction for using and carrying a firearm during a crime of violence was unlawful and, consequently, that he must be resentenced on all counts of conviction. The Court cannot evaluate the merits of these arguments unless section 2255 is

1

structurally inadequate to test the legality of his conviction and sentence. Because Mr. Hall has not shown that is the case, his petition must be dismissed.

## I. Background

Mr. Hall and his confederates kidnapped, raped, and murdered Ms. Rene in September 1994. *United States v. Hall*, 152 F.3d 381, 389–90 (5th Cir. 1998) (describing the details of Mr. Hall's crimes). A jury in the Northern District of Texas convicted him of kidnapping resulting in death, *see* 18 U.S.C. § 1201(a)(1), and using and carrying a firearm during a crime of violence, *see* 18 U.S.C. § 924(c), plus two other offenses. *Hall*, 152 F.3d at 390. The district court sentenced him to death for the offense of kidnapping resulting in death and 60 years in prison for the firearm offense. *Id.* The Fifth Circuit affirmed Mr. Hall's convictions and sentences. *Id.* at 427. His first § 2255 motion yielded no relief, and the Fifth Circuit denied him leave to file a successive § 2255 motion in 2016. *See In re Hall*, --- F.3d ----, ----, 2020 WL 6375718, at *2 (5th Cir. Oct. 30, 2020).

In 2017, Mr. Hall filed this § 2241 petition, arguing that his conviction under 18 U.S.C. § 924(c) for using and carrying a firearm during a crime of violence is void because § 924(c)(3)(B) is unconstitutionally vague. Section 924(c)(3)(B) provides one of the two alternate paths for a felony charged under § 924(c) to qualify as a crime of violence.[1] Mr. Hall's argument relied on *Johnson v. United States*, 576 U.S. 591 (2015), which held that the residual clause of

---

[1] A "crime of violence" for § 924(c) purposes is a felony that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3).

2

the Armed Career Criminal Act, a provision analogous to § 924(c)(3)(B), was unconstitutionally vague. In 2019, the Supreme Court held that 18 U.S.C. § 924(c)(3)(B) is likewise unconstitutionally vague. *Davis v. United States*, 139 S. Ct. 2319, 2336 (2019). After *Davis*, Mr. Hall again sought leave from the Fifth Circuit to file a successive § 2255 motion. *In re Hall*, 2020 WL 2020 WL 6375718, at *2. The Fifth Circuit denied that request, holding that *Davis* did not undermine Mr. Hall's conviction because kidnapping resulting in death is a crime of violence under § 924(c)(3)(A). *Id.* at *5.

Following that denial of leave to file a successive § 2255 motion, the respondent moved to dismiss this case, arguing that (1) Mr. Hall's petition is barred by § 2255(e); (2) Mr. Hall's kidnapping offense is a crime of violence under § 924(c)(3)(A); and (3) even if Mr. Hall's § 924(c) conviction is void, his death sentence should stand. The motion to dismiss is fully briefed.

## II.    28 U.S.C. § 2255(e)

Congress chose to "steer[] almost all [federal] prisoner challenges to their convictions and sentences toward § 2255." *Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018). It did so by requiring federal prisoners to file § 2255 motions in the district of conviction, except for limited access to § 2241 by way of the savings clause. *See In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998) ("The purpose behind the enactment of section 2255 was to change the venue of postconviction proceedings brought by federal prisoners from the district of incarceration to the district in which the prisoner had been sentenced." (citing *United States v. Hayman*, 342 U.S. 205, 212–19 (1952)).

To challenge a federal conviction or sentence under § 2241, a prisoner must show that § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Without that showing, a district court cannot reach the merits of the arguments raised in the petition. *Id.* (petition otherwise "shall not be entertained"); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) (en banc) (petition "must be dismissed at the threshold" if § 2255(e) is not satisfied). Section 2255(e), aptly described by the Seventh Circuit as the "savings clause" and the "safety valve," thus "recognizes a narrow pathway to the general habeas corpus statute, section 2241." *Purkey v. United States*, 964 F.3d 603, 611 (7th Cir. 2020); *see Webster*, 784 F.3d at 1135.

While the Seventh Circuit has not described the "outer limits of what might prove that section 2255 is 'inadequate or ineffective to test the legality' of a person's detention," *Purkey*, 964 F.3d at 611–12, it has described three cases as "central" to those limits. *See Davenport*, 147 F.3d at 611–12 (claim relying on Supreme Court decision of statutory interpretation made retroactive to cases on collateral review); *Garza v. Lappin*, 253 F.3d 918, 921–23 (7th Cir. 2001) (claim relying on decision issued by international tribunal after § 2255 proceedings were completed); *Webster*, 784 F.3d at 1135–44 (claim relying on evidence that existed but was unavailable at the time of trial and showed that defendant was categorically ineligible for the death penalty). Outside the fact patterns presented in these cases, a petitioner must (at least) make "a compelling showing that, as a practical matter, it would be impossible to use section 2255 to cure a fundamental problem" with the challenged conviction or sentence. *Purkey*, 964

4

F.3d at 615; *see Webster,* 784 F.3d at 1136 ("[T]here must be some kind of structural problem with section 2255 before section 2241 becomes available.").

### III. Discussion

The threshold question for this Court is whether Mr. Hall has shown that there was a fundamental problem with his conviction or sentence that he could not have addressed under § 2255. Put another way, has Mr. Hall shown there is a "structural problem" with § 2255 that prevented him from raising the issue he seeks to raise now in this case? The Court cannot reach the merits of Mr. Hall's arguments unless it finds that Mr. Hall has shown that there is a fundamental or structural problem. *See Davenport,* 147 F.3d at 609 ("Nothing in 2255 made the remedy provided by that section inadequate to enable Davenport to test the legality of his imprisonment. He had an unobstructed procedural shot at getting his sentence vacated.").

### A. The Fifth Circuit decided the issue raised by Mr. Hall in this case

Mr. Hall argues that "he was completely foreclosed from obtaining a ruling in a § 2255 proceeding on the merits of his challenge to his § 924(c) conviction." Dkt. 44 at 22; *see id.* at 14 ("[T]he Fifth Circuit's repeated denials of permission [to file a successive § 2255 motion] have rendered § 2255 inadequate and ineffective."). Mr. Hall's argument thus rests on the premise that no court has adjudicated the merits of his § 924(c) claim. *Id.* at 22 ("Mr. Hall has never been denied relief on the merits of his § 924(c) challenge. Instead, he was twice altogether denied access to the § 2255 procedure by the Fifth Circuit."). The respondent argues that "[b]ecause the Fifth Circuit squarely rejected Hall's claim

on its merits . . . Hall cannot show that Section 2255 was inadequate or ineffective to test his *Davis* claim." Dkt. 46 at 12. Indeed, the Fifth Circuit squarely addressed and rejected the merits of Mr. Hall's § 924(c) claim in its order denying Mr. Hall leave to file a successive § 2255 motion. In that order, the court held that Mr. Hall was properly convicted of using and carrying a firearm during a crime of violence because "capital kidnapping resulting in death is a crime of violence under [§ 924(c)(3)(A)]." *In re Hall*, 2020 WL 6375718, at *5.

Any contention that the Fifth Circuit should not have reached the merits of the § 924(c) claim at the leave-to-file stage is not for this Court to resolve. Similarly, whether the Fifth Circuit correctly decided that kidnapping resulting in death is a crime of violence is not the issue presently before the Court. The fact that the Fifth Circuit decided that issue demonstrates that Mr. Hall had "'a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence.'" *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019) (quoting *Davenport*, 147 F.3d at 609). A reasonable opportunity does not include the opportunity to have claims that were asserted, considered and rejected in the Fifth Circuit relitigated in the Seventh Circuit. *See Bourgeois v. Watson*, 977 F.3d 620, 638 (7th Cir. 2020). Applied to the facts of Mr. Hall's case, § 2255 is not inadequate or ineffective.

    **B.**    **Mr. Hall's other arguments**

The parties' arguments have changed since Mr. Hall filed his petition in 2017 due to intervening Supreme Court and Fifth Circuit decisions. Moreover,

6

the Court's conclusion that Mr. Hall cannot proceed through § 2255(e) makes it unnecessary for the Court to resolve other issues presented.

Mr. Hall originally argued that § 2255 is inadequate or ineffective based on *Davenport* because his claim relies on issues of statutory interpretation. Dkt. 1 at 17−19; *see Davenport*, 147 F.3d at 611−12; *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016). He appears to have abandoned this argument in response to the respondent's motion to dismiss, and rightly so. His claim ultimately rests on *Davis* and *Johnson*, which both announce new constitutional rules. *See Montana*, 829 F.3d at 783 (to satisfy the *Davenport* test, a petitioner must rely "not [on] a constitutional case, but [on] a statutory-interpretation case" (internal quotation omitted)).

The Court need not—indeed, cannot—address many of the parties' other arguments because Mr. Hall has not shown a "structural problem" with § 2255 that prevented him from raising the issue he seeks to raise now in his § 2241 habeas corpus petition. *See Webster*, 784 F.3d at 1125 (habeas corpus petition "must be dismissed at the threshold" if § 2255(e) is not satisfied). Specifically, the Court does not address either the merits of Mr. Hall's § 924(c) claim or whether success on that claim would warrant resentencing for Mr. Hall's other convictions. Moreover, the Court need not decide whether, as the respondent argues, the "law of the case" doctrine requires this Court to accept the Fifth Circuit's conclusion that Mr. Hall's kidnapping offense is a crime of violence under § 924(c)(3)(A).

Because the structure of § 2255 allowed Mr. Hall an opportunity to litigate his § 924(c) claim, and because the Fifth Circuit denied leave to file a successive § 2255 motion based on its conclusion that the claim has no merit, Mr. Hall cannot now present the claim in a § 2241 habeas corpus petition.

## IV. Conclusion

The respondent's motion to dismiss, dkt. [39], is **GRANTED**. Mr. Hall's motion for stay of execution, dkt. [44], is **DENIED**. The petition for a writ of habeas corpus is **DISMISSED**. Final judgment shall now enter.

**SO ORDERED.**

Date: 11/14/2020

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Jonathan Glen Bradshaw
DEPARTMENT OF JUSTICE
jonathan.bradshaw@usdoj.gov

Timothy Wayne Funnell
UNITED STATES ATTORNEY'S OFFICE
tim.funnell@usdoj.gov

Benjamin Gillig
SIDLEYAUSTIN LLP
1 South Dearborn
Chicago, IL 60603

Robert N. Hochman
SIDLEY AUSTIN LLP
rhochman@sidley.com

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov