# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA

## TERRE HAUTE DIVISION

File Number 2:17-CV-00176-JPH-DLP

| | |
|---|---|
| ORLANDO CORDIA HALL,<br><br>            Petitioner,<br><br>     vs.<br><br>T.J. WATSON,<br><br>            Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Notice of Appeal

**DEATH PENALTY CASE**

Execution Scheduled for 11/19/2020

Notice is hereby given that Orlando Cordia Hall, petitioner in the above named case, hereby appeals to the United States Court of Appeals for the Seventh Circuit from the final judgment dismissing petition for writ of habeas corpus entered in this action on the 14th day of November, 2020.

/s/ Robert Hochman
Attorney for Orlando Hall
One South Dearborn
Chicago, IL, 60603

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 14, 2020, a copies of this Notice of Appeal was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system.

/s/ Robert Hochman

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

ORLANDO CORDIA HALL,          )
                              )
         Petitioner,          )
                              )
         v.                   )   No. 2:17-cv-00176-JPH-DLP
                              )
CHARLES DANIELS,              )
                              )
         Respondent.          )

**ORDER GRANTING MOTION TO DISMISS
PETITION FOR WRIT OF HABEAS CORPUS**

Orlando Cordia Hall is a federal prisoner scheduled to be executed on November 19, 2020. Following his 1995 convictions for multiple crimes related to the kidnapping and murder of 16-year-old Lisa Rene, a jury recommended imposition of the death penalty for his conviction on the charge of kidnapping resulting in death. The district judge imposed a sentence of death for that conviction and imposed multiple terms of imprisonment for the other counts of conviction. The convictions and sentences imposed were upheld on appeal, and Mr. Hall was denied relief on a motion for postconviction relief under 28 U.S.C. § 2255. After that ruling was affirmed, the Fifth Circuit twice denied Mr. Hall's requests to file a successive § 2255 motion. In this petition for a writ of habeas corpus under 28 U.S.C. § 2241, Mr. Hall contends that his conviction for using and carrying a firearm during a crime of violence was unlawful and, consequently, that he must be resentenced on all counts of conviction. The Court cannot evaluate the merits of these arguments unless section 2255 is

1

structurally inadequate to test the legality of his conviction and sentence. Because Mr. Hall has not shown that is the case, his petition must be dismissed.

## I.    Background

Mr. Hall and his confederates kidnapped, raped, and murdered Ms. Rene in September 1994. *United States v. Hall*, 152 F.3d 381, 389–90 (5th Cir. 1998) (describing the details of Mr. Hall's crimes). A jury in the Northern District of Texas convicted him of kidnapping resulting in death, *see* 18 U.S.C. § 1201(a)(1), and using and carrying a firearm during a crime of violence, *see* 18 U.S.C. § 924(c), plus two other offenses. *Hall*, 152 F.3d at 390. The district court sentenced him to death for the offense of kidnapping resulting in death and 60 years in prison for the firearm offense. *Id.* The Fifth Circuit affirmed Mr. Hall's convictions and sentences. *Id.* at 427. His first § 2255 motion yielded no relief, and the Fifth Circuit denied him leave to file a successive § 2255 motion in 2016. *See In re Hall*, --- F.3d ----, ----, 2020 WL 6375718, at *2 (5th Cir. Oct. 30, 2020).

In 2017, Mr. Hall filed this § 2241 petition, arguing that his conviction under 18 U.S.C. § 924(c) for using and carrying a firearm during a crime of violence is void because § 924(c)(3)(B) is unconstitutionally vague. Section 924(c)(3)(B) provides one of the two alternate paths for a felony charged under § 924(c) to qualify as a crime of violence.[1] Mr. Hall's argument relied on *Johnson v. United States*, 576 U.S. 591 (2015), which held that the residual clause of

---

[1] A "crime of violence" for § 924(c) purposes is a felony that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3).

2

the Armed Career Criminal Act, a provision analogous to § 924(c)(3)(B), was unconstitutionally vague. In 2019, the Supreme Court held that 18 U.S.C. § 924(c)(3)(B) is likewise unconstitutionally vague. *Davis v. United States*, 139 S. Ct. 2319, 2336 (2019). After *Davis*, Mr. Hall again sought leave from the Fifth Circuit to file a successive § 2255 motion. *In re Hall*, 2020 WL 2020 WL 6375718, at *2. The Fifth Circuit denied that request, holding that *Davis* did not undermine Mr. Hall's conviction because kidnapping resulting in death is a crime of violence under § 924(c)(3)(A). *Id.* at *5.

Following that denial of leave to file a successive § 2255 motion, the respondent moved to dismiss this case, arguing that (1) Mr. Hall's petition is barred by § 2255(e); (2) Mr. Hall's kidnapping offense is a crime of violence under § 924(c)(3)(A); and (3) even if Mr. Hall's § 924(c) conviction is void, his death sentence should stand. The motion to dismiss is fully briefed.

## II.    28 U.S.C. § 2255(e)

Congress chose to "steer[] almost all [federal] prisoner challenges to their convictions and sentences toward § 2255." *Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018). It did so by requiring federal prisoners to file § 2255 motions in the district of conviction, except for limited access to § 2241 by way of the savings clause. *See In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998) ("The purpose behind the enactment of section 2255 was to change the venue of postconviction proceedings brought by federal prisoners from the district of incarceration to the district in which the prisoner had been sentenced." (citing *United States v. Hayman*, 342 U.S. 205, 212–19 (1952)).

3

To challenge a federal conviction or sentence under § 2241, a prisoner must show that § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Without that showing, a district court cannot reach the merits of the arguments raised in the petition. *Id.* (petition otherwise "shall not be entertained"); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) (en banc) (petition "must be dismissed at the threshold" if § 2255(e) is not satisfied). Section 2255(e), aptly described by the Seventh Circuit as the "savings clause" and the "safety valve," thus "recognizes a narrow pathway to the general habeas corpus statute, section 2241." *Purkey v. United States*, 964 F.3d 603, 611 (7th Cir. 2020); *see Webster*, 784 F.3d at 1135.

While the Seventh Circuit has not described the "outer limits of what might prove that section 2255 is 'inadequate or ineffective to test the legality' of a person's detention," *Purkey*, 964 F.3d at 611–12, it has described three cases as "central" to those limits. *See Davenport*, 147 F.3d at 611–12 (claim relying on Supreme Court decision of statutory interpretation made retroactive to cases on collateral review); *Garza v. Lappin*, 253 F.3d 918, 921–23 (7th Cir. 2001) (claim relying on decision issued by international tribunal after § 2255 proceedings were completed); *Webster*, 784 F.3d at 1135–44 (claim relying on evidence that existed but was unavailable at the time of trial and showed that defendant was categorically ineligible for the death penalty). Outside the fact patterns presented in these cases, a petitioner must (at least) make "a compelling showing that, as a practical matter, it would be impossible to use section 2255 to cure a fundamental problem" with the challenged conviction or sentence. *Purkey*, 964

4

F.3d at 615; *see Webster,* 784 F.3d at 1136 ("[T]here must be some kind of structural problem with section 2255 before section 2241 becomes available.").

### III.    Discussion

The threshold question for this Court is whether Mr. Hall has shown that there was a fundamental problem with his conviction or sentence that he could not have addressed under § 2255. Put another way, has Mr. Hall shown there is a "structural problem" with § 2255 that prevented him from raising the issue he seeks to raise now in this case? The Court cannot reach the merits of Mr. Hall's arguments unless it finds that Mr. Hall has shown that there is a fundamental or structural problem. *See Davenport,* 147 F.3d at 609 ("Nothing in 2255 made the remedy provided by that section inadequate to enable Davenport to test the legality of his imprisonment. He had an unobstructed procedural shot at getting his sentence vacated.").

### A.    The Fifth Circuit decided the issue raised by Mr. Hall in this case

Mr. Hall argues that "he was completely foreclosed from obtaining a ruling in a § 2255 proceeding on the merits of his challenge to his § 924(c) conviction." Dkt. 44 at 22; *see id.* at 14 ("[T]he Fifth Circuit's repeated denials of permission [to file a successive § 2255 motion] have rendered § 2255 inadequate and ineffective."). Mr. Hall's argument thus rests on the premise that no court has adjudicated the merits of his § 924(c) claim. *Id.* at 22 ("Mr. Hall has never been denied relief on the merits of his § 924(c) challenge. Instead, he was twice altogether denied access to the § 2255 procedure by the Fifth Circuit."). The respondent argues that "[b]ecause the Fifth Circuit squarely rejected Hall's claim

5

on its merits . . . Hall cannot show that Section 2255 was inadequate or ineffective to test his *Davis* claim." Dkt. 46 at 12. Indeed, the Fifth Circuit squarely addressed and rejected the merits of Mr. Hall's § 924(c) claim in its order denying Mr. Hall leave to file a successive § 2255 motion. In that order, the court held that Mr. Hall was properly convicted of using and carrying a firearm during a crime of violence because "capital kidnapping resulting in death is a crime of violence under [§ 924(c)(3)(A)]." *In re Hall*, 2020 WL 6375718, at *5.

Any contention that the Fifth Circuit should not have reached the merits of the § 924(c) claim at the leave-to-file stage is not for this Court to resolve. Similarly, whether the Fifth Circuit correctly decided that kidnapping resulting in death is a crime of violence is not the issue presently before the Court. The fact that the Fifth Circuit decided that issue demonstrates that Mr. Hall had "'a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence.'" *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019) (quoting *Davenport*, 147 F.3d at 609). A reasonable opportunity does not include the opportunity to have claims that were asserted, considered and rejected in the Fifth Circuit relitigated in the Seventh Circuit. *See Bourgeois v. Watson*, 977 F.3d 620, 638 (7th Cir. 2020). Applied to the facts of Mr. Hall's case, § 2255 is not inadequate or ineffective.

### B.   Mr. Hall's other arguments

The parties' arguments have changed since Mr. Hall filed his petition in 2017 due to intervening Supreme Court and Fifth Circuit decisions.  Moreover,

the Court's conclusion that Mr. Hall cannot proceed through § 2255(e) makes it unnecessary for the Court to resolve other issues presented.

Mr. Hall originally argued that § 2255 is inadequate or ineffective based on *Davenport* because his claim relies on issues of statutory interpretation. Dkt. 1 at 17–19; *see Davenport*, 147 F.3d at 611–12; *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016). He appears to have abandoned this argument in response to the respondent's motion to dismiss, and rightly so. His claim ultimately rests on *Davis* and *Johnson*, which both announce new constitutional rules. *See Montana*, 829 F.3d at 783 (to satisfy the *Davenport* test, a petitioner must rely "not [on] a constitutional case, but [on] a statutory-interpretation case" (internal quotation omitted)).

The Court need not—indeed, cannot—address many of the parties' other arguments because Mr. Hall has not shown a "structural problem" with § 2255 that prevented him from raising the issue he seeks to raise now in his § 2241 habeas corpus petition. *See Webster*, 784 F.3d at 1125 (habeas corpus petition "must be dismissed at the threshold" if § 2255(e) is not satisfied). Specifically, the Court does not address either the merits of Mr. Hall's § 924(c) claim or whether success on that claim would warrant resentencing for Mr. Hall's other convictions. Moreover, the Court need not decide whether, as the respondent argues, the "law of the case" doctrine requires this Court to accept the Fifth Circuit's conclusion that Mr. Hall's kidnapping offense is a crime of violence under § 924(c)(3)(A).

Because the structure of § 2255 allowed Mr. Hall an opportunity to litigate his § 924(c) claim, and because the Fifth Circuit denied leave to file a successive § 2255 motion based on its conclusion that the claim has no merit, Mr. Hall cannot now present the claim in a § 2241 habeas corpus petition.

## IV.   Conclusion

The respondent's motion to dismiss, dkt. [39], is **GRANTED**. Mr. Hall's motion for stay of execution, dkt. [44], is **DENIED**. The petition for a writ of habeas corpus is **DISMISSED**. Final judgment shall now enter.

**SO ORDERED.**

Date: 11/14/2020

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Jonathan Glen Bradshaw
DEPARTMENT OF JUSTICE
jonathan.bradshaw@usdoj.gov

Timothy Wayne Funnell
UNITED STATES ATTORNEY'S OFFICE
tim.funnell@usdoj.gov

Benjamin Gillig
SIDLEYAUSTIN LLP
1 South Dearborn
Chicago, IL 60603

Robert N. Hochman
SIDLEY AUSTIN LLP
rhochman@sidley.com

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

ORLANDO CORDIA HALL,       )
                                 )
             Petitioner,     )
                                 )
             v.            )     No. 2:17-cv-00176-JPH-DLP
                                 )
CHARLES DANIELS,        )
                                 )
             Respondent.   )

## FINAL JUDGMENT

The Court now enters final judgment. The petition for a writ of habeas corpus is **DISMISSED**.

Date: 11/14/2020

James Patrick Hanlon
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Roger A.G. Sharpe, Clerk of Court

By: _____
    Deputy Clerk

Distribution:

Jonathan Glen Bradshaw
DEPARTMENT OF JUSTICE
jonathan.bradshaw@usdoj.gov

Timothy Wayne Funnell
UNITED STATES ATTORNEY'S OFFICE
tim.funnell@usdoj.gov

Benjamin Gillig
SIDLEYAUSTIN LLP
1 South Dearborn
Chicago, IL 60603

Robert N. Hochman
SIDLEY AUSTIN LLP
rhochman@sidley.com

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov

# *** PUBLIC DOCKET ***

<span style="color:blue">APPEAL</span>,<span style="color:green">HABEAS</span>,<span style="color:red">CLOSED</span>

## U.S. District Court
## Southern District of Indiana (Terre Haute)
## CIVIL DOCKET FOR CASE #: 2:17-cv-00176-JPH-DLP

HALL v. DANIELS
Assigned to: Judge James Patrick Hanlon
Referred to: Magistrate Judge Doris L. Pryor
Cause: 28:2241 Petition for Writ of Habeas Corpus (federal)

Date Filed: 04/19/2017
Date Terminated: 11/14/2020
Jury Demand: None
Nature of Suit: 535 Death Penalty - Habeas Corpus
Jurisdiction: Federal Question

**Petitioner**

**ORLANDO CORDIA HALL**                 represented by   **Benjamin Gillig**
SIDLEY AUSTIN LLP
1 South Dearborn
Chicago, IL 60603
(312) 853-7000
Fax: (312) 853-7036
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jillian R. Dent**
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
312-853-7000
Fax: 312-853-7036
Email: dent@stuevesiegel.com
*TERMINATED: 03/27/2019*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Livia M. Kiser**
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
(312) 853-7000
Fax: (312) 853-7036
Email: lkiser@kslaw.com
*TERMINATED: 03/27/2019*
*ATTORNEY TO BE NOTICED*

**Robert N. Hochman**
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
312-853-7000
Fax: 312-853-7036
Email: rhochman@sidley.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**CHARLES DANIELS**                  represented by  **James Robert Wood**
*WARDEN, UNITED STATES*                              UNITED STATES ATTORNEY'S
*PENITENTIARY, TERRE HAUTE*                          OFFICE
                                                     10 West Market Street
                                                     Suite 2100
                                                     Indianapolis, IN 46204
                                                     (317) 229-2462
                                                     Fax: (317) 226-6125
                                                     Email: bob.wood@usdoj.gov
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Jonathan Glen Bradshaw**
                                                     DEPARTMENT OF JUSTICE
                                                     1100 Commerce Street
                                                     Suite 300
                                                     Dallas, TX 75242
                                                     214-659-8835
                                                     Email: jonathan.bradshaw@usdoj.gov
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Timothy Wayne Funnell**
                                                     UNITED STATES ATTORNEY'S
                                                     OFFICE
                                                     Burnett Plaza, Suite 1700
                                                     801 Cherry Street, Unit 4
                                                     Fort Worth, TX 76102-6882
                                                     817-252-5252
                                                     Fax: 817-252-5455
                                                     Email: tim.funnell@usdoj.gov
                                                     *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 04/19/2017 | 1 | PETITION for Writ of Habeas Corpus , filed by ORLANDO CORDIA HALL. |

| | | |
|---|---|---|
| | | (Filing fee $5, receipt number 0756-4323000) (Attachments: # 1 Exhibit 1, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Civil Cover Sheet)(Kiser, Livia) (Entered: 04/19/2017) |
| 04/19/2017 | 2 | NOTICE of Appearance by Livia M. Kiser on behalf of Petitioner ORLANDO CORDIA HALL. (Kiser, Livia) (Entered: 04/19/2017) |
| 04/19/2017 | 3 | MOTION for Attorney(s) Robert N. Hochman to Appear pro hac vice (Filing fee $100, receipt number 0756-4323065), filed by Petitioner ORLANDO CORDIA HALL. (Kiser, Livia) (Entered: 04/19/2017) |
| 04/19/2017 | 4 | MOTION for Attorney(s) Jillian R. Dent to Appear pro hac vice (Filing fee $100, receipt number 0756-4323082), filed by Petitioner ORLANDO CORDIA HALL. (Kiser, Livia) (Entered: 04/19/2017) |
| 04/20/2017 | 5 | MAGISTRATE JUDGE's NOTICE of Availability to Exercise Jurisdiction issued. (RSF) (Entered: 04/20/2017) |
| 04/20/2017 | 6 | NOTICE of Change of Attorney Information. Consistent with Local Rule 5-3, Livia M. Kiser hereby notifies the Clerk of the court of changed contact information. (Kiser, Livia) (Entered: 04/20/2017) |
| 05/01/2017 | 7 | Entry and Order to Show Cause - The respondent shall have through June 23, 2017, in which to answer the allegations of the habeas petition, and in doing so shall show cause why the relief sought by the petitioner should not be granted. The petitioner shall have thirty (30) days after service of the answer in which to reply. The motions of attorneys Robert Hochman and Jillian Dent to appear pro hac vice [dkts 3 , 4 ] are granted. (See Entry.) Signed by Judge Larry J. McKinney on 5/1/2017.(APD) (Entered: 05/01/2017) |
| 05/03/2017 | 8 | NOTICE of Appearance by James Robert Wood on behalf of Respondent CHARLES DANIELS. (Wood, James) (Entered: 05/03/2017) |
| 06/06/2017 | 9 | MOTION for Extension of Time to August 22, 2017 *to Respond to Petition for Writ of Habeas Corpus (Dkt.1.)*, filed by Respondent CHARLES DANIELS. (Attachments: # 1 Text of Proposed Order)(Wood, James) (Entered: 06/06/2017) |
| 06/08/2017 | 10 | ORDER granting 9 Motion for Extension of Time. Respondent shall have to and including August 22, 2017, to file his response to the § 2241 petition. Signed by Judge Larry J. McKinney on 6/8/2017. (DW) (Entered: 06/08/2017) |
| 07/13/2017 | 11 | MOTION for Extension of Time to October 23, 2017 *to Respond to the Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241*, filed by Respondent CHARLES DANIELS. (Attachments: # 1 Text of Proposed Order)(Wood, James) (Entered: 07/13/2017) |
| 07/17/2017 | 12 | ORDER granting 11 Motion for Extension of Time. The Respondent shall have to and including October 23, 2017, to file his response to the § 2241 petition. Signed by Judge Larry J. McKinney on 7/17/2017. (DW) (Entered: 07/17/2017) |
| 08/09/2017 | 13 | ***VACATED BY ORDER AT DOCKET 17 ***Pursuant to Local Rule 40-1 |

| | | |
|---|---|---|
| | | (a), this matter will proceed without the assignment of a magistrate judge. Please include the new case number: 2:17-cv-00176-LJM, on all future filings in this matter. Signed by Judge Larry J. McKinney on 8/9/2017. (TEXT-ENTRY: There is no pdf document associated with this entry.) (NLR) Modified on 9/29/2017 (REO). (Entered: 08/09/2017) |
| 09/26/2017 | 14 | NOTICE of Appearance by Timothy Wayne Funnell on behalf of Respondent CHARLES DANIELS. (Funnell, Timothy) (Entered: 09/26/2017) |
| 09/26/2017 | 15 | RESPONSE in Opposition *to 2241 petition*, filed by Respondent CHARLES DANIELS. (Funnell, Timothy) (Entered: 09/26/2017) |
| 09/26/2017 | 16 | APPENDIX re 15 Response in Opposition to Motion *under section 2241* by CHARLES DANIELS. (Funnell, Timothy) (Entered: 09/26/2017) |
| 09/29/2017 | 17 | ORDER VACATING DOCKET AND REASSIGNING CASE - The Court hereby vacates the Entry dated August 9, 2017 at Docket 13. Pursuant to Title 28 U.S.C. §137 and Local Rule 401(f) of the Southern District of Indiana, the above matter is to be reassigned from the docket of Judge Larry J. McKinney to the docket of the newly assigned Judge William T. Lawrence and Magistrate Judge Mark J. Dinsmore. Please note that cause number 2:17-cv-00176-WTL-MJD should be used on all future filings (Copy to Hall via US Mail.)(REO) Modified on 9/29/2017 (REO). Modified on 9/29/2017 (REO). (Entered: 09/29/2017) |
| 10/11/2017 | 18 | MOTION for Extension of Time to 12/11/17 *Unopposed Motion to extend time to file reply brief*, filed by Petitioner ORLANDO CORDIA HALL. (Attachments: # 1 Proposed Order)(Dent, Jillian) (Entered: 10/11/2017) |
| 10/16/2017 | 19 | ORDER granting 18 Motion for Extension of Time to File a Reply Brief in Support of the 2241 Petition to 12/11/17. Signed by Judge William T. Lawrence on 10/16/2017. (JRB) (Entered: 10/16/2017) |
| 12/11/2017 | 20 | Brief *Reply in Support of Petition for Writ of Habeas Corpus* re 1 Petition for Writ of Habeas Corpus by ORLANDO CORDIA HALL. (Dent, Jillian) (Entered: 12/11/2017) |
| 03/20/2019 | 21 | Entry Staying Case - This action is stayed pending the Supreme Court's decision in United States v. Davis, No. 18-431. Petitioner shall have fourteen days from the date the Supreme Court issues a decision in Davis to file a notice with the Court. The clerk is directed to administratively close this action on the docket. Once Petitioner files the ordered notice, the Court will administratively open this action and direct how this action will proceed to resolution. (See Entry.) Signed by Judge William T. Lawrence on 3/20/2019. (DMW) (Entered: 03/20/2019) |
| 03/26/2019 | 22 | MOTION for Attorney(s) Benjamin Gillig to Appear pro hac vice (Filing fee $100, receipt number 0756-5353388), filed by Petitioner ORLANDO CORDIA HALL. (Hochman, Robert) (Entered: 03/26/2019) |
| 03/26/2019 | 23 | MOTION to Withdraw Attorney Appearance *of Livia M. Kiser*, filed by Petitioner ORLANDO CORDIA HALL. (Attachments: # 1 Text of Proposed |

| | | |
|---|---|---|
| | | Order)(Hochman, Robert) (Entered: 03/26/2019) |
| 03/26/2019 | 24 | MOTION to Withdraw Attorney Appearance *of Jillian Dent*, filed by Petitioner ORLANDO CORDIA HALL. (Attachments: # 1 Text of Proposed Order) (Dent, Jillian) (Entered: 03/26/2019) |
| 03/27/2019 | 25 | ORDER GRANTING MOTION TO APPEAR PRO HAC VICE - This cause comes before the Court upon the motion for Benjamin Gillig to appear and participate pro hac vice as counsel for Orlando Cordia Hall in the above-captioned cause only. [Dkt. 22 .] The Court, being duly advised, hereby GRANTS the Motion. (See Order.) Copy to PHV applicant via U.S. Mail. Signed by Magistrate Judge Mark J. Dinsmore on 3/27/2019. (DMW) (Entered: 03/27/2019) |
| 03/27/2019 | 26 | ORDER - Granting 23 Motion to Withdraw Attorney Appearance. The appearance of Livia M. Kiser on behalf of Petitioner is WITHDRAWN and TERMINATED. Signed by Magistrate Judge Mark J. Dinsmore on 3/27/2019. (DMW) (Entered: 03/27/2019) |
| 03/27/2019 | 27 | ORDER - Granting 24 Motion to Withdraw Attorney Appearance. The appearance of Jillian R. Dent on behalf of Petitioner is WITHDRAWN and TERMINATED. Signed by Magistrate Judge Mark J. Dinsmore on 3/27/2019. (DMW) (Entered: 03/27/2019) |
| 06/26/2019 | 28 | Order Lifting Stay and Directing Further Proceedings - The Court stayed this action pending the Supreme Court's resolution of United States v. Davis, No. 18-431. The Supreme Court issued a decision in Davis on June 24, 2019. Accordingly, this action is no longer stayed. Respondent shall have through August 9, 2019, in which to file a supplemental brief addressing how the Supreme Court's decision in Davis impacts the issues in this action. Petitioner shall have through September 6, 2019, to file a responsive supplemental brief. The clerk is directed to re-open this action on the docket. Signed by Judge William T. Lawrence on 6/26/2019. (DMW) (Entered: 06/26/2019) |
| 07/01/2019 | 29 | ORDER REASSIGNING CASE - Pursuant to 28 U.S.C. Section 137 and Local Rule 40-1(f), this matter has been reassigned from Judge William T. Lawrence to newly assigned Judge James Patrick Hanlon. Please included the new case number, 2:17-cv-00176-JPH-MJD on all future filings in this matter. Signed by Judge Jane Magnus-Stinson on 7/1/2019. (RSF) (Entered: 07/01/2019) |
| 08/07/2019 | 30 | NOTICE of Appearance by Jonathan Glen Bradshaw on behalf of Respondent CHARLES DANIELS. (Bradshaw, Jonathan) (Entered: 08/07/2019) |
| 08/09/2019 | 31 | MOTION to Dismiss *or, in the Alternative, Unopposed Motion to Hold This 2241 Petition in Abeyance*, filed by Respondent CHARLES DANIELS. (Bradshaw, Jonathan) (Entered: 08/09/2019) |
| 08/09/2019 | 32 | APPENDIX re 31 MOTION to Dismiss *or, in the Alternative, Unopposed Motion to Hold This 2241 Petition in Abeyance* by CHARLES DANIELS. (Bradshaw, Jonathan) (Entered: 08/09/2019) |
| 09/06/2019 | 33 | Appendix of Exhibits in Support of Response in Opposition to Motion re 31 |

| | | |
|---|---|---|
| | | MOTION to Dismiss *or, in the Alternative, Unopposed Motion to Hold This 2241 Petition in Abeyance* , filed by Petitioner ORLANDO CORDIA HALL. (Attachments: # 1 Exhibit 1 - Respondents Letter Brief in Response to Fifth Circuits July 9 Request, # 2 Exhibit 2 - Petitioners Letter Brief in Response to Fifth Circuits July 9 Request)(Hochman, Robert) (Entered: 09/06/2019) |
| 09/06/2019 | 34 | RESPONSE in Opposition re 31 MOTION to Dismiss *or, in the Alternative, Unopposed Motion to Hold This 2241 Petition in Abeyance* , filed by Petitioner ORLANDO CORDIA HALL. (Hochman, Robert) (Entered: 09/06/2019) |
| 09/10/2019 | 35 | NOTICE *To The Court*, filed by Petitioner ORLANDO CORDIA HALL, re 33 Appendix of Exhibits in Support. (Hochman, Robert) (Entered: 09/10/2019) |
| 03/04/2020 | 36 | ORDER GRANTING MOTION TO HOLD HABEAS PETITION IN ABEYANCE - The Court agrees with the parties that for purposes of judicial economy this action should not proceed until the Fifth Circuit rules on Mr. Hall's request for authorization. Accordingly, Respondents motion, dkt. 31 , is granted to the extent that this action shall not proceed until the Fifth Circuit's ruling on Mr. Hall's request for authorization. Respondent is ordered to file a notice with this Court within fourteen days of the Fifth Circuit's ruling in In re Orlando Hall, No. 19-10345 (5th Cir.). SEE ORDER. Signed by Judge James Patrick Hanlon on 3/4/2020. (KAA) (Entered: 03/04/2020) |
| 09/30/2020 | 37 | NOTICE *regarding Execution Date*, filed by Respondent CHARLES DANIELS (Bradshaw, Jonathan) (Entered: 09/30/2020) |
| 10/13/2020 | 38 | NOTICE *Regarding Potential Need to Vacate Stay of Proceedings*, filed by Petitioner ORLANDO CORDIA HALL (Hochman, Robert) (Entered: 10/13/2020) |
| 11/01/2020 | 39 | NOTICE *of Disposition of In Re Hall and Government's Motion to Dismiss Hall's 28 U.S.C. § 2241 Petition*, filed by Respondent CHARLES DANIELS (Bradshaw, Jonathan) Modified on 11/2/2020 - changed event to motion (RSF). (Entered: 11/01/2020) |
| 11/01/2020 | 40 | ***PLEASE DISREGARD - CORRECTED FILING AT 41 - APPENDIX re 39 Notice (Other) by CHARLES DANIELS. (Bradshaw, Jonathan) Modified on 11/2/2020 (RSF). (Entered: 11/01/2020) |
| 11/01/2020 | 41 | APPENDIX re 39 Notice (Other) by CHARLES DANIELS. (Bradshaw, Jonathan) (Entered: 11/01/2020) |
| 11/02/2020 | 42 | ORDER SETTING BRIEFING SCHEDULE - The respondent has filed a motion to dismiss Orlando Cordia Hall's petition for a writ of habeas corpus. The petitioner shall have through November 6, 2020, to file a response to the motion to dismiss. The respondent shall have through November 9, 2020, to file a reply. Distributed pursuant to distribution list. Signed by Judge James Patrick Hanlon on 11/2/2020.(KAA) Modified on 11/3/2020 (KAA). (Entered: 11/02/2020) |
| 11/02/2020 | 43 | NOTICE of Reassignment of Case to Magistrate Judge Doris L. Pryor. Magistrate Judge Mark J. Dinsmore is no longer assigned to this case. Please |

|  |  |  |
|---|---|---|
|  |  | include the new case number, **2:17-cv-00176-JPH-DLP**, on all future filings in this matter. (RSF) (Entered: 11/02/2020) |
| 11/06/2020 | 44 | RESPONSE in Opposition re 39 MOTION to Dismiss *Petition For Habeas Corpus And Motion For Stay Of Execution*, filed by Petitioner ORLANDO CORDIA HALL. (Hochman, Robert) (Entered: 11/06/2020) |
| 11/06/2020 | 45 | Appendix of Exhibits in Support of Response in Opposition to Motion re 39 MOTION to Dismiss , filed by Petitioner ORLANDO CORDIA HALL. (Attachments: # 1 Exhibit A- 2016 Hall Motion for Permission to File Successive § 2255 Motion, # 2 Exhibit B - 2016 Fifth Circuit Order Denying Permission, # 3 Exhibit C - 2019 Hall Motion for Permission to File Successive § 2255 Motion, # 4 Exhibit D - 2020 Fifth Circuit Order Denying Permission, # 5 Exhibit E - Roane v. Gonzales, No. 05-2337 (D.D.C.), Dkt. 7, # 6 Exhibit F - Roane v. Gonzales, No. 05-2337 (D.D.C.), Dkt. 38, # 7 Exhibit G - Roane v. Gonzales, No. 05-2337 (D.D.C.), Dkt. 59, # 8 Exhibit H - Roane v. Gonzales, No. 05-2337 (D.D.C.), Dkt. 60, # 9 Exhibit I - Roane v. Gonzales, No. 05-2337 (D.D.C.), Dkt. 68)(Hochman, Robert) (Entered: 11/06/2020) |
| 11/09/2020 | 46 | REPLY in Support of Motion re 39 MOTION to Dismiss , filed by Respondent CHARLES DANIELS. (Bradshaw, Jonathan) (Entered: 11/09/2020) |
| 11/11/2020 | 47 | REPLY in Support of Motion re 39 MOTION to Dismiss *(in Support of Motion for Stay of Execution)*, filed by Petitioner ORLANDO CORDIA HALL. (Hochman, Robert) (Entered: 11/11/2020) |
| 11/14/2020 | 48 | ORDER GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS - The respondent's motion to dismiss, dkt. 39 , is GRANTED. Mr. Hall's motion for stay of execution, dkt. 44 , is DENIED. The petition for a writ of habeas corpus is DISMISSED. Final judgment shall now enter. (See Order.) Copies distributed pursuant to distribution list. Signed by Judge James Patrick Hanlon on 11/14/2020. (RSF) (Entered: 11/14/2020) |
| 11/14/2020 | 49 | FINAL JUDGMENT - The Court now enters final judgment. The petition for a writ of habeas corpus is DISMISSED. Copies distributed pursuant to distribution list. Signed by Judge James Patrick Hanlon on 11/14/2020.(RSF) (Entered: 11/14/2020) |
| 11/14/2020 | 50 | NOTICE OF APPEAL as to 49 Closed Judgment, filed by Petitioner ORLANDO CORDIA HALL. (Filing fee $505, receipt number 0756-6275734) (Hochman, Robert) Modified on 11/14/2020 - added link to Order at 48 (RSF). (Entered: 11/14/2020) |
| 11/14/2020 | 51 | PARTIES' SHORT RECORD re 50 Notice of Appeal - **Instructions for Attorneys/Parties attached.** (RSF) (Entered: 11/14/2020) |

**Case #: 2:17-cv-00176-JPH-DLP**