# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 17, 2020
Decided November 18, 2020

**Before**

DIANE S. SYKES, *Chief Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

| | |
|---|---|
| No. 20-3216 | Appeal from the<br>United States District Court for the |
| ORLANDO CORDIA HALL,<br>    *Petitioner-Appellant,* | Southern District of Indiana,<br>Terre Haute Division. |
| *v.* | No. 2:17-cv-00176-JPH-DLP |
| T. J. WATSON, Warden,<br>    *Respondent-Appellee.* | James P. Hanlon,<br>*Judge.* |

## O R D E R

In September 1994, Orlando Hall and three coconspirators armed themselves with handguns and a baseball bat and forcibly kidnapped 16-year-old Lisa Rene from her brother's apartment in Texas and drove her to Arkansas. *United States v. Hall*, 152 F.3d 381, 389 (5th Cir. 1998). Hall was a drug dealer, and he suspected Lisa's brother of reneging on a drug transaction. *Id.* For two days Hall and the others repeatedly raped Lisa. *Id.* Then, because she knew too much, they killed her by bashing her head with a shovel, gagging her, dousing her with gasoline, and burying her alive. *Id.* at 390.

A federal jury in the Northern District of Texas found Hall guilty on a capital count of kidnapping resulting in death in violation of 18 U.S.C. § 1201(a)(1) and recommended a death sentence pursuant to the Federal Death Penalty Act of 1994, 18 U.S.C. §§ 3591–3598. *Hall*, 152 F.3d at 390. Hall was also convicted of three other crimes: conspiracy to commit kidnapping in violation of 18 U.S.C. § 1201(c); traveling in interstate commerce with intent to commit a narcotics offense, *id.* § 1952; and using or carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). *Hall*, 152 F.3d at 390. The § 1201(a)(1) count, kidnapping causing death, was the predicate crime of violence for the § 924(c) count. The judge imposed a death sentence on the capital kidnapping count as recommended by the jury. *Id.* For the three noncapital counts, the judge structured the sentence as follows: a life sentence on the conspiracy count, a 60-month concurrent sentence on the narcotics count, and a 60-month consecutive sentence on the § 924(c) count. *Id.*

The Fifth Circuit affirmed on direct appeal, *id.* at 427, and Hall twice unsuccessfully pursued collateral relief under 28 U.S.C. § 2255, *In re Hall*, No. 19-10345, 2020 WL 6375718, at *2 (5th Cir. Oct. 30, 2020). This case involves his third attempt at collateral relief. Hall asked the Fifth Circuit to authorize a successive § 2255 motion to permit him to challenge his § 924(c) conviction in light of *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), which invalidated § 924(c)(3)(B)—the so-called "residual clause" in the definition of "crime of violence"—as unconstitutionally vague. He argued that the invalidity of the § 924(c) count entitled him to full resentencing on all counts, including the § 1201(a)(1) conviction for kidnapping resulting in death for which he received the death sentence. In a comprehensive opinion, the Fifth Circuit rejected the claim on the merits and on that basis denied authorization. Specifically, the court held that *Davis* has no effect on Hall's § 924(c) conviction because the predicate offense—the capital kidnapping count—is a crime of violence under § 924(c)(3)(A), the so-called "elements clause" of the crime-of-violence definition. *In re Hall*, 2020 WL 6375718, at *5.

Hall next turned to the Southern District of Indiana, where he is confined, seeking relief under 28 U.S.C. § 2241, the general habeas statute, and raising the same *Davis* challenge to his § 924(c) conviction. Under § 2255(e), a § 2241 habeas petition "shall not be entertained" unless the remedy by motion under § 2255 is "inadequate or ineffective to test the legality of" the prisoner's detention. We've explained that this "Savings Clause" opens a "'narrow pathway'" to § 2241, but "to proceed down that path[,] there must be something 'structurally inadequate or ineffective about [§] 2255 as a vehicle' for the arguments raised in the § 2241 petition." *Lee v. Watson*, 964 F.3d 663, 666 (7th Cir. 2020) (quoting *Purkey v. United States*, 964 F.3d 603, 611, 617 (7th Cir. 2020)).

The district court dismissed the § 2241 petition, ruling that § 2255 is not inadequate or ineffective as a vehicle for Hall's *Davis* argument. The judge also denied his request for a stay of execution. Hall appealed and renewed his motion for a stay of execution.

We summarily affirm and deny the stay motion. This appeal is meritless for two independent reasons. First, the death penalty was imposed on the conviction for kidnapping resulting in death; that sentence stands on its own factual and legal foundation and is unaffected by the validity or invalidity of Hall's § 924(c) conviction.

Second, Hall's *Davis* challenge to his § 924(c) conviction is not cognizable under § 2241. To repeat: The Savings Clause is unavailable absent a structural defect in § 2255. There is nothing structurally inadequate or ineffective about § 2255 as a vehicle for Hall's *Davis* challenge. Indeed, the Fifth Circuit thoroughly addressed the claim on the merits and rejected it. *In re Hall*, 2020 WL 6375718, at *3–5. To access § 2241 via the narrow gateway of the Savings Clause requires "'a compelling showing' that it was 'impossible' to use § 2255 to cure the defect identified in the § 2241 petition; '[i]t is not enough that proper use of the statute results in a denial of relief.'" *Lee*, 964 F.3d at 666 (quoting *Purkey*, 964 F.3d at 615). Put slightly differently, "the words 'inadequate or ineffective,' taken in context, must mean something more than unsuccessful." *Purkey*, 964 F.3d at 615. Hall's claim was simply unsuccessful; he challenged his § 924(c) conviction in light of *Davis* and lost. There's nothing *structurally* inadequate or ineffective about § 2255 as a vehicle for this claim.

The district court's judgment is summarily AFFIRMED; the stay motion is DENIED.